Christopher P. Wesierski [Bar No. 086736]
 *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
 *mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>  Plaintiff,<br><br>  vs.<br><br>COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; CAMERON STANLEY and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 5:24-cv-00086<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Trial Date:   None Set |

COMES NOW, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY ("Defendants"), and hereby answers the Complaint for Damages ("Complaint") filed by Plaintiff TODDERICK RANDALL ("Plaintiff") in the above-entitled action as follows:

**JURISDICTION AND VENUE**

1.  In answering paragraphs 1 and 2, Defendants admit that Plaintiffs are ostensibly invoking jurisdiction of this district court under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and venue in the Central District of California. Except as so admitted, these answering Defendants lack information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically

I2098571-1 SBD-0026

1

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

each and every allegation contained therein.

## INTRODUCTION

2. In answering paragraph 3, Defendants admit that this is a civil rights and state tort action seeking compensatory and punitive damages. Defendants deny that they violated Plaintiff's rights under the United States Constitution and state law. Except as expressly admitted, Defendants deny any remaining allegations contained in this paragraph.

## PARTIES

3. In answering paragraph 4, Defendants lack information and belief sufficient to enable it to answer regarding Plaintiff's residency, and on that basis denies. Except as so admitted, these answering Defendants lack information and belief sufficient to enable it to answer any remaining allegations in these paragraphs, and on that basis denies generally and specifically each and every remaining allegation contained therein.

4. In answering paragraph 5, Defendants admit these allegations.

5. In answering paragraphs 6, 7, 8, 9 Defendants admit STANLEY and CASSIDY were employed by the San Bernardino County Sheriff's Department at the time of the incident. Defendants lack sufficient information and belief sufficient to enable them to answer regarding Does 1-10 and on that basis deny.

6. In answering paragraph 10, Defendants admit that STANLEY and CASSIDY were residents of the COUNTY at the time of the incident. Defendants lack sufficient information to admit or deny these allegations in connection with DOES 1-10 and on that basis alone deny these allegations as to DOES 1-10.

7. In answering paragraph 11, Defendants lack information and belief sufficient to enable it to answer regarding the acts, failings, and/or omissions of STANLEY, CASSIDY, the DOE DEPUTIES, DOES 7-10 and the COUNTY and on that basis denies these allegations.

8. In answering paragraph 12, Defendants lack information and belief

sufficient to enable it to answer regarding the acts, failings, and/or omissions of STANLEY, CASSIDY, and DOES 1-10 and on that basis denies these allegations.

9. In answering paragraph 13, Defendants lack sufficient information and belief to answer regarding potential Doe amendments by Plaintiff and on that basis denies these allegations.

10. In answering paragraph 14, Defendants admit that STANLEY and CASSIDY were acting as agents of the COUNTY at the time of the incident. Defendants lack information and belief sufficient to enable it to answer regarding DOES 1-10. Except as so admitted, these answering Defendants lack information and belief sufficient to enable it to answer any remaining allegations in this paragraph, and on that basis denies generally and specifically each and every remaining allegation contained therein.

11. In answering paragraph 15 Defendants lack information and belief sufficient to enable it to answer regarding the acts, failings, and/or omissions of answer regarding the agents, servants, and/or employees of all Defendants, including DOES 1-10 and whether they were acting in the course, purpose, and scope of said agency, service, and/or employment capacity, and on that basis denies. Except as so admitted, these answering Defendants lack information and belief sufficient to enable it to answer any remaining allegations in these paragraphs, and on that basis denies generally and specifically each and every remaining allegation contained therein.

12. In answering paragraphs 16 and 17, Defendants lack sufficient information to admit or deny these allegations and on that basis alone deny these allegations.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13. In answering paragraph 18, Defendants incorporate their responses to paragraphs 1-17 as set forth above.

14. In answering paragraph 19, Defendants admit that CASSIDY and STANLEY responded to a call that an individual was carrying a knife and drinking

I2098571-1 SBD-0026

3

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

alcohol in public at the WinCo Grocery store. Defendants further admit that CASSIDY and STANLEY approached RANDALL and CASSIDY deployed a Taser at RANDALL after RANDALL failed to obey the deputies commands to drop the knife RANDALL was holding. Defendants further admit that RANDALL ran away from the deputies after the taser was deployed and that RANDALL turned the corner and stopped running. Defendants further admit that STANLEY fired seven rounds from his handgun at RANDALL. Defendants further admit CASSIDY deployed her Taser. Defendants further admit that RANDALL was struck multiple times by gunfire. Defendants further admit that after the lethal force incident RANDALL was handcuffed by the deputies. Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis alone deny these allegations.

15. In answering paragraph 20, Defendants lack information and belief sufficient to enable them to answer whether RANDALL was mentally ill or experiencing a mental crisis and on that basis denies this allegation. Defendants expressly deny the remaining allegations in this paragraph.

16. In answering paragraph 21, Defendants lack information and belief sufficient to enable them to answer regarding the allegations in this paragraph and on that basis deny these allegations.

17. In answering paragraph 22, Defendants admit that RANDALL was in need of emergency medical care and treatment after the lethal force encounter. expressly deny these allegations.  Except as so admitted, these answering Defendants lack information and belief sufficient to enable it to answer any remaining allegations in this paragraph, and on that basis denies generally and specifically each and every remaining allegation contained therein.

18. In answering paragraph 23, Defendants admit that RANDALL sustained injures and underwent surgery.  Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer any remaining

I2098571-1 SBD-0026

4

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

allegations in this paragraph, and on that basis denies generally and specifically each and every remaining allegation contained therein.

## FIRST CLAIM FOR RELIEF

19. In answering paragraph 24, Defendants incorporate their responses to paragraphs 1 through 23 above.

20. In answering paragraph 25, Defendants admit that CASSIDY and STANLEY responded to a call that an individual was carrying a knife and drinking alcohol in public at the WinCo Grocery store. Defendants further admit that CASSIDY and STANLEY approached RANDALL and CASSIDY deployed a Taser at RANDALL after RANDALL failed to obey the deputies commands to drop the knife RANDALL was holding. Defendants further admit that RANDALL ran away from the deputies after the taser was deployed and that RANDALL turned the corner and stopped running. Defendants further admit that STANLEY fired seven rounds from his handgun at RANDALL. Defendants further admit CASSIDY simultaneously deployed her Taser. Defendants further admit that RANDALL was struck multiple times by gunfire. Defendants further admit that after the lethal force incident RANDALL was handcuffed by the deputies. Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis alone deny these allegations.

21. In answering paragraph 26, Defendants lack information and belief sufficient to enable them to answer whether RANDALL was mentally ill or experiencing a mental crisis and on that basis denies this allegation. Defendants expressly deny the remaining allegations in this paragraph. .

22. In answering paragraph 27, Defendants lack information and belief sufficient to enable them to answer regarding the allegations in this paragraph and on that basis deny these allegations.

23. In answering paragraph 28, Defendants deny these allegations.

24. In answering paragraph 29, Defendants lack information and belief

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2098571-1 SBD-0026

5

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

sufficient to enable them to answer the allegations in this paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

25. In answering paragraph 30, Defendants deny these allegations.

26. In answering paragraph 31, Defendants admit that Plaintiff seeks damages and attorney's fees in connection with this claim.

## SECOND CLAIM FOR RELIEF

27. In answering paragraph 32, Defendants incorporate their responses to paragraphs 1 through 23 above.

28. In answering paragraph 33, Defendants admit that RANDALL was in need of emergency medical care and treatment after the lethal force encounter and that the Deputies handcuffed RANDALL. Defendants deny that they did not timely summon medical care or permit medical personnel to treat RANDALL. Except as so admitted, these answering Defendants lack information and belief sufficient to enable it to answer any remaining allegations in this paragraph, and on that basis denies generally and specifically each and every remaining allegation contained therein. .

29. In answering paragraph 34, Defendants deny these allegations.

30. In answering paragraph 35, Defendants lack sufficient information to admit or deny these allegations and on that basis alone deny these allegations.

31. In answering paragraphs 36 and 37, Defendants deny these allegations.

32. In answering paragraph 38, Defendants admit that Plaintiff seeks damages and attorney's fees in connection with this claim.

## THIRD CLAIM FOR RELIEF

33. In answering paragraph 39, Defendants incorporate their responses to paragraphs 1 through 38 above.

34. In answering paragraph 40, Defendants admit STANLEY and CASSIDY acted under color of law.

35. In answering paragraph 41, Defendants admit STANLEY and CASSIDY acted pursuant to Department Policy during their interaction with RANDALL. Except

6

I2098571-1 SBD-0026

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

as so admitted, Defendants deny the remaining allegations in this paragraph.

36. In answering paragraph 42, these answering Defendants lack information and belief sufficient to enable it to answer any remaining allegations in this paragraph, and on that basis denies generally and specifically each and every remaining allegation contained therein.

37. In answering paragraph 43, Defendants deny that they knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of: (a) Using excessive force, including excessive use of deadly force and the unnecessary use of less-lethal force; (b) Providing inadequate training regarding the use of force, including failing to train that the use of less-lethal force can escalate a situation involving a mentally-ill individual; (c) Employing and retaining as sheriff's deputies individuals such as CASSIDY and STANLEY, whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force; (d) Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including CASSIDY and STANLEY, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits; (e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies; (f) Failing to adequately discipline COUNTY deputies for the above- referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct; (g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional; (h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved; (i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue

I2098571-1 SBD-0026

7

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

veil," or simply "code of silence," pursuant to which law enforcement officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and (i) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

38. In answering paragraph 44, Defendants lack sufficient information to admit or deny these allegations and on that basis deny these allegations.

39. In answering paragraph 45, Defendants deny that it, and any of Defendant's officials, had actual or constructive knowledge of any deficient policies, practices, or customs. Defendants also deny that they condoned, tolerated and through actions and inactions thereby ratified deficient policies. Defendants also deny that they acted with deliberate indifference to the foreseeable effects and consequences of deficient policies with respect to the constitutional rights of RANDALL or any other individuals. Except as expressly admitted, Defendants deny any remaining allegations contained in this paragraph.

40. In answering paragraph 46, Defendants deny that it perpetrated, sanctioned, tolerated or ratified outrageous conduct and other wrongful acts. Defendants also deny that they acted with an intentional, reckless, and callous disregard for RANDALL's life and constitutional rights. Except as expressly admitted, Defendants deny any remaining allegations contained in this paragraph.

41. In answering paragraph 47, Defendants deny that they ratifies improper behavior by its deputies, fails to train its deputies, and maintains a practice of allowing improper behavior by its deputies. Defendants also deny that the cases cited by Plaintiffs demonstrate that Defendants ratify improper behavior by its deputies, fails to train its deputies, and maintains a practice of allowing improper behavior by its deputies. Except

I2098571-1 SBD-0026

8

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

as expressly admitted, Defendants deny any remaining allegations contained in this paragraph.

42. In answering paragraph 48, Defendants deny these allegations.

43. In answering paragraph 49, Defendants admit that Plaintiff seeks damages and attorney's fees in connection with this claim.

## FOURTH CLAIM FOR RELIEF

44. In answering paragraph 50, Defendants incorporate their responses to paragraphs 1 through 49 above.

45. In answering paragraph 51, Defendants deny that Defendants STANLEY and CASSIDY's acts deprived RANDALL of his rights under the United States Constitution. Except as so admitted, these answering Defendants lack information and belief sufficient to enable it to answer any remaining allegations in this paragraph, and on that basis denies generally and specifically each and every remaining allegation contained therein.

46. In answering paragraph 52, Defendants admit that STANLEY and CASSIDY were acting under color of law.

47. In answering paragraph 53, these answering Defendants lack information and belief sufficient to enable it to answer the allegations in this paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

48. In answering paragraph 54, these answering Defendants lack information and belief sufficient to enable it to answer the allegations in this paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

49. In answering paragraph 55, Defendants admit that Plaintiff seeks damages for alleged financial loss and for alleged pain and suffering, emotional, and mental distress from Plaintiff's injuries. Defendants admit Plaintiff seeks attorney's fees under this claim.

9

I2098571-1 SBD-0026

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

## FIFTH CLAIM FOR RELIEF

50. In answering paragraph 56, Defendants incorporate their responses to paragraphs 1 through 55 above.

51. In answering paragraph 57, Defendants admit that STANLEY and CASSIDY acted under color of law.

52. In answering paragraph 58 Defendants deny that they deprived RANDALL of his particular rights under the United States Constitution. Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis denies generally and specifically each and every remaining allegation contained therein.

53. In answering paragraphs 59, 60, and 61, Defendants deny these allegations.

54. In answering paragraph 62, Defendants deny that it ratifies improper behavior by its deputies, fails to train its deputies, and maintains a practice of allowing improper behavior by its deputies. Defendants also deny that the cases cited by Plaintiffs demonstrate that Defendants ratify improper behavior by its deputies, fails to train its deputies, and maintains a practice of allowing improper behavior by its deputies. Except as expressly admitted, Defendants deny any remaining allegations contained in this paragraph.

55. In answering paragraph 63, Defendants deny these allegations.

56. In answering paragraph 64, Defendants admit that Plaintiff seeks damages for alleged financial loss and for alleged pain and suffering, emotional, and mental distress from Plaintiff's injuries. Defendants admit Plaintiff seeks attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

57. In answering paragraph 65, Defendants incorporate their responses to paragraphs 1 through 64 above.

58. In answering paragraph 66, Defendants admit that CASSIDY and

I2098571-1 SBD-0026

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

STANLEY responded to a call that an individual was carrying a knife and drinking alcohol in public at the WinCo Grocery store. Defendants further admit that CASSIDY and STANLEY approached RANDALL and CASSIDY deployed a Taser at RANDALL after RANDALL failed to obey the deputies commands to drop the knife RANDALL was holding. Defendants further admit that RANDALL ran away from the deputies after the taser was deployed and that RANDALL turned the corner and stopped running. Defendants further admit that STANLEY fired seven rounds from his handgun at RANDALL. Defendants further admit CASSIDY deployed her Taser. Defendants further admit that RANDALL was struck multiple times by gunfire. Defendants further admit that after the lethal force incident RANDALL was handcuffed by the deputies. Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis alone deny these allegations.

59. In answering paragraph 67, Defendants deny that RANDALL posed no immediate threat of death or serious bodily injury to any person. Defendants further deny the Taser deployment and shooting were excessive, unreasonable, unnecessary, inappropriate, and contrary to basic police policy. Except as expressly admitted, Defendants lack sufficient information to admit or deny any remaining allegations contained in this paragraph and on that basis deny these allegations.

60. In answering paragraph 68, Defendants lack sufficient information to admit or deny these allegations and on that basis deny these allegations.

61. In answering paragraph 69, Defendants lack information and belief sufficient to enable them to answer regarding whether Plaintiff suffered damages for his financial loss, loss of earnings, medical expenses, pain and suffering, and emotional and mental distress. Defendants lack information and belief sufficient to enable it to answer any remaining allegations in this paragraph, and on that basis deny generally and specifically each and every remaining allegation contained therein.

62. In answering paragraph 70, Defendants deny that Defendants committed

any wrongful acts and that the COUNTY would be vicariously liable for the alleged wrongful acts.

63. In answering paragraph 71, Defendants deny that Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights of RANDALL. Defendants also deny that exemplary and punitive damages are warranted. Except as expressly admitted, Defendants deny any remaining allegations contained in this paragraph.

64. In answering paragraph 72, Defendants admit that Plaintiff seeks damages for alleged financial loss and for alleged pain and suffering, emotional, and mental distress from Plaintiff's injuries. Defendants admit Plaintiff seeks attorney's fees under this claim.

## SEVENTH CLAIM FOR RELIEF

65. In answering paragraph 73, Defendants incorporate their responses to paragraphs 1 through 72 above.

66. In answering paragraph 74, Defendants admit these allegations.

67. In answering paragraph 75 Defendants deny that STANLEY and CASSIDY breached any duty of care. Defendants further deny that STANLEY and CASSIDY were negligent and reckless. Except as expressly admitted, Defendants deny any remaining allegations contained in this paragraph.

68. In answering paragraph 76, Defendants lack sufficient information to admit or deny these allegations and on that basis deny these allegations.

69. In answering paragraph 77, Defendants deny that Defendants committed any wrongful acts and that the COUNTY would be vicariously liable for the alleged wrongful acts. .

70. In answering paragraph 78, Defendants admit that Plaintiff seeks damages for alleged financial loss and for alleged pain and suffering, emotional, and mental distress from Plaintiff's injuries. Defendants admit Plaintiff seeks attorney's fees under this claim.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

12

I2098571-1 SBD-0026

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

## EIGHTH CLAIM FOR RELIEF

71. In answering paragraph 79, Defendants incorporate their responses to paragraphs 1 through 78 above.

72. In answering paragraph 80, Defendants admit California Civil Code 52.1 prohibits any person from intentionally interferring with a person's constitutional rights. Defendants deny STANLEY and CASSIDY acted with a reckless disregard for RANDALL or with an intent to violate RANDALL's constitutional rights.

73. In answering paragraph 81, Defendants deny that they intentionally committed and attempted to commit acts of violence against RANDALL including deploying the Taser against him and shooting him without justification or excuse and denying him medical care.

Except as expressly admitted, Defendants deny any remaining allegations contained in this paragraph.

77. In answering paragraph 82, Defendants deny that the actions deprived RANDALL of his right to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from actions that shcok the conscience and to life, liberty, and property.

78. In answering paragraph 83, Defendants deny that the actions taken against RANDALL were done to discourage RANDALL from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights. Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis denies generally and specifically each and every remaining allegation contained therein.

79. In answering paragraph 84, Defendants deny that any of Defendant's acts were substantial factors in causing Plaintiff's alleged harms, losses, injuries and damages.

80. In answering paragraph 85, Defendants deny that the COUNTY is

vicariously liable for any alleged wrongful acts by STANLEY and CASSIDY. Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis denies generally and specifically each and every remaining allegation contained therein.

81. In answering paragraph 86, Defendants deny that the acts of STANLEY and CASSIDY was malicious, wanton, oppressive, or accomplished with a conscious disregard for RANDALL's rights justifying an award of punitive damages.

82. In answering paragraph 87, Defendants admit that Plaintiff seeks damages for alleged financial loss and for alleged pain and suffering, emotional, and mental distress from Plaintiff's injuries.

83. In answering paragraph 88, Defendants admit Plaintiff seeks attorney's fees and a multiplier pursuant to Cal. Civ. Code § 52 under this claim

### FIRST AFFIRMATIVE DEFENSE

84. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

85. Because Plaintiff's Complaint is couched in conclusory terms, these answering Defendants cannot fully anticipate all of the affirmative defenses that may be applicable to the action, accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### THIRD AFFIRMATIVE DEFENSE

86. Plaintiff has failed to mitigate their damages, which damages are denied to exist.

### FOURTH AFFIRMATIVE DEFENSE

87. Plaintiff's Complaint is not maintained in good faith and with reasonable cause for purposes of 42 U.S.C. §§ 1983 and 1988.

14

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2098571-1 SBD-0026

DEFENDANTS COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, AND CAMERON STANLEY'S ANSWER TO PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

**FIFTH AFFIRMATIVE DEFENSE**

88. These answering Defendants asserts that any recovery on Plaintiff's Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by Plaintiff's comparative fault.

**SIXTH AFFIRMATIVE DEFENSE**

89. These answering Defendants asserts that any recovery on the Plaintiff's Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by Plaintiff's own conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

90. Pursuant to Government Code section 818, as well as *The City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), these answering Defendants are not liable for exemplary or punitive damages in any sum, or at all.

**EIGHTH AFFIRMATIVE DEFENSE**

91. Plaintiff's Complaint fails to state a cause of action against these answering Defendants pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) in that there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental custom or policy.

**NINTH AFFIRMATIVE DEFENSE**

92. These answering Defendants is immune from liability pursuant to the Federal Civil Rights Act where it reasonably believed that its actions were lawful.

**TENTH AFFIRMATIVE DEFENSE**

93. Plaintiff did not sustain an injury, if at all, sufficient to give rise to a violation of their federal civil rights.

**ELEVENTH AFFIRMATIVE DEFENSE**

94. Each of Plaintiff's claims is barred by the applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

95. That the actions of these answering Defendants in all respects was reasonable, proper, and legal.

### THIRTEENTH AFFIRMATIVE DEFENSE

96. Neither a public entity nor public employees are liable for his or her act or omission exercised in due care, in the execution or enforcement of any law.

### FOURTEENTH AFFIRMATIVE DEFENSE

97. Neither a public entity nor public employees are liable for any injury caused by the act or omission of another person.

### FIFTEENTH AFFIRMATIVE DEFENSE

98. Neither a public entity nor public employees acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for injury caused thereby, except to the extent that he or she would have been liable had the enactment been constitutional, valid and applicable.

### SIXTEENTH AFFIRMATIVE DEFENSE

99. Plaintiffs' suit is barred by the provisions of California Government Code sections 815(a-b), 815.2(b), 818.8, 820.2, 820.4, 820.8, 821.6, and 945.4.

### SEVENTEENTH AFFIRMATIVE DEFENSE

100. These answering Defendants alleges that the damages allegedly suffered by Plaintiffs, which said damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiffs' alleged damages which thereby relieves these answering Defendants from liability.

### EIGHTEENTH AFFIRMATIVE DEFENSE

101. Plaintiff's Complaint contains cause(s) of action and facts not contained in a timely filed claim as required by Gov. Code §900 et seq., including §§901, 905, 910, 911.1, 911.2, 911.4, 911.6, 911.8, 912.4, 945.4, 945.6, 946.6, and 952 and CCP

§§313, 342, 352(b) and therefore, is barred.

## NINTEENTH AFFIRMATIVE DEFENSE

102. Any damages or injury to Plaintiff were proximately caused by the negligence of Plaintiff in that Plaintiff failed to exercise ordinary care under the circumstances. Plaintiff is, therefore, barred from recovery herein or, if any liability is found on the part of Defendant, Plaintiff's recovery shall be reduced by Plaintiff's contributory, comparative negligence.

WHEREFORE, these answering Defendants prays:

1. That Plaintiff take nothing by their Complaint on file herein;
2. For costs of suit incurred herein;
3. For attorneys' fees, and
4. For such additional remedies as the Court may find just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1, these answering Defendants hereby demand a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: April 4, 2024                WESIERSKI & ZUREK LLP

By: _____
MICHELLE R. PRESCOTT
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000