Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

James S. Terrell, Esq. (SBN 170409)
jim@talktoterrell.com
**LAW OFFICE OF JAMES S. TERRELL**
15411 Anacapa Road
Victorville, CA 92392
Tel:   (760) 951-5850
Fax:   (760) 952-1085

Sharon J. Brunner, Esq. (SBN 229931)
sharonjbrunner@yahoo.com
**LAW OFFICE OF SHARON J. BRUNNER**
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel:   (760) 243-9997
Fax:   (760) 843-8155

*Attorneys for Plaintiff*, TODDERICK RANDALL

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; CAMERON STANLEY and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00086-SSS-SP<br><br>*Assigned to*:<br>Hon. District Judge Sunshine S. Sykes<br>Hon. Mag. Judge Sheri Pym<br><br>**RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>Scheduling Conference:<br>Date:   May 24, 2024<br>Time:   1:00 p.m.<br>Ctrm:   2, 2nd Floor<br>           3470 Twelfth St.<br>           Riverside, CA 92501<br>           (Via Zoom) |

Pursuant to Local Rule 26-1, Federal Rule of Civil Procedure Rule 26(f), and this Court's Order, the parties hereby submit the following Joint Report.

Pursuant to Federal Rule of Civil Procedure Rule 26(f) and this Court's Order,

1

Joint FRCP Rule 26 Scheduling Report

an early meeting was held between counsel on May 3, 2024. The early meeting was attended by the following individuals: Renee Masongsong of the Law Offices of Dale K. Galipo, counsel for Plaintiff; and Michelle Prescott, counsel for Defendants County of San Bernardino, Corrin Cassidy, and Cameron Stanley.

## A. STATEMENT OF THE CASE

### i. According to Plaintiff

This is a civil rights action brought pursuant to 42 U.S.C. §1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful Tasing and non-fatal shooting of Todderick Randall. Plaintiff brings state and federal causes of action for: (1) violation of 42 U.S.C. § 1983, including Excessive Force, Denial of Medical Care, and Municipal Liability— Unconstitutional Custom, Practice, or Policy, Ratification, and Failure to Train; (2) Battery; (4) Negligence; and (5) Violation of Cal. Civil Code § 52.1.

On August 19, 2022, at approximately 12:00 p.m. on that date, Deputies Corrin Cassidy and Camron Stanley responded to a call reporting that a person, later identified as Todderick Randall, was carrying a knife inside the WinCo grocery store located at 15350 Roy Rodgers Drive, in Victorville, California. When the deputies arrived at the grocery store, Mr. Randall ran away from them, around the corner of an aisle. Deputy Cassidy deployed a Taser at Mr. Randall, causing him to run away from the deputies. Mr. Randall then turned the corner of an aisle and stopped running. At that time, Cameron Stanely fired seven rounds from his handgun at Mr. Randall. Simultaneous with the shots, Deputy Cassidy deployed a Taser a second time. Mr. Randall was struck multiple times by gunfire and survived his injuries. Plaintiff alleges that the shooting and other uses of force were excessive and unreasonable, particularly because at the time of the shooting and other uses of force against him, Mr. Randall did not pose an immediate threat of death or serious bodily injury to the deputies or to anyone else. The use of deadly force was unnecessary, unlawful,

unjustified, and contrary to basic police training and standards.

   ii. **According to Defendants**

  This matter involves a lethal force encounter between Plaintiff, Todderick Randall on August 19, 2022, at the WinCo Foods market located at 15350 Roy Rogers Drive in the city of Victorville.  A store employee placed a 9-1-1 call for help reporting that an African American male was brandishing a box-cutter knife and drinking the Margarita Mix and acting in a threatening manner.  Deputies Corrin Cassidy and Cameron Stanley responded to the call.

  Upon arriving, Deputy Stanley spoke with a store employee who described the suspect and his current location within the store.  Deputies Stanley and Cassidy found Plaintiff still standing in the middle of aisle 6. Deputy Stanley yelled to Randall to "stop" and "drop the knife" as he and Deputy Cassidy approached. The deputies stood 15'-20' away from Plaintiff and continued instructing him to "drop the knife". Plaintiff refused and ignored the deputies' instructions and began gesturing with the box-cutter clasped in his right hand in a threatening manner.

  Deputy Stanley unholstered his handgun and moved it into a low-ready position with his right hand as Plaintiff gestured with the box-cutter. Deputy Cassidy unholstered and pointed her Taser at Plaintiff as the deputies edged slightly closer to him.

  Deputy Cassidy fired her taser at Plaintiff, hitting him in the chest with its probes. Plaintiff began backing up and cut at the wires with his box-cutter and pulling them off. Plaintiff rushed around the aisle 6 corner towards aisle 5, momentarily leaving the deputies' line-of-sight. Once around the corner, Plaintiff immediately hid by backing up against a high pallet display of soda bottles, laying-in-wait to ambush the pursuing deputies. As the deputies neared the corner he cocked back his box-cutter with his right hand.

  Deputy Stanley raised his weapon from low-ready to aim it with both hands as he took the corner. Deputy Cassidy remained to his right, attempting the corner at an

inside-angle. Upon seeing Plaintiff's right arm raised at his partner, Deputy Stanley discharged seven (7) rounds in his direction. At the very same moment, Plaintiff threw his box-cutter in the direction of the deputies. Simultaneously, Deputy Cassidy discharged her taser a second time. A probe struck a bottle of ginger-ale which burst, spraying onto the ground.

Realizing that Plaintiff may have been struck deputies radioed dispatch for medical aid.  Deputies rolled Plaintiff onto his stomach before handcuffing him, and began a preliminary assessments of his injuries and began to render first aid.

### B. SUBJECT MATTER JURISDICTION

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

### C. LEGAL ISSUES

Based on current information, the key legal and factual issues in this case are:

1) Whether the actions and inactions by the involved deputies were reasonable under the circumstances within the meaning of Fourth Amendment jurisprudence;
2) Whether the shooting and alleged use of excessive force against Mr. Randall resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;

3) Whether Defendants unreasonably denied medical care to Mr. Randall;

4) Whether the County of San Bernardino has unconstitutional policies, that were the cause of Mr. Randall's injuries;

5) Whether the County ratified the shooting;

6) Whether the County failed to properly train its deputies with respect to the use of force, and whether that was a moving force behind Mr. Randall's injuries;

7) Whether Defendants were negligent with respect to their handling of the situation, including using force against Mr. Randall and failing to deliver prompt medical care to him;

8) The nature and extent of the Plaintiff's damages, including punitive damages.

**Defendants also present the following issues:**

9) Whether Defendant Stanley has qualified immunity;

10) Whether Defendant Cassody has qualified immunity;

11) Whether Plaintiff was negligent;

12) Whether Plaintiff failed to mitigate his damages;

13) Whether Defendant Stanley has immunity pursuant to Government Code section 820.4;

14) Whether Defendant Cassidy has immunity pursuant to Government Code section 820.4; and

15) Whether Plaintiff's claims are time barred by the statute of limitations;

16) Whether Plaintiff's claims are barred by the *Heck* doctrine, *Heck v. Humphrey*, 512 U.S. 477 (1994)

**D. PARTIES AND EVIDENCE**

The Plaintiff is Todderick Randall.  The Defendants are the County of San Bernardino, Corrin Cassidy, and Cameron Stanely.

The key evidence includes a surveillance video capturing the shooting incident, as well as photographs of Plaintiff's injuries and certain documents contained in the investigative file into the shooting.

According to Defendants, the key evidence also includes recorded witness interviews, audio files from the recorded interviews, belt recordings, the incident report by San Bernardino County Sheriff Department, photographs of the incident, suspect information including toxicology report, criminal record, medical records for Plaintiff, Fire Department and AMR records and interview records, as well as the box-cutter plaintiff was bradishing.

**E. SERVICE OF COMPLAINT**

All Defendants have been served and have answered.

**F. DAMAGES**

Plaintiff seeks damages in excess of $5,000,000, including compensatory and punitive damages. Plaintiff also seeks attorneys' fees and costs of suit.

Defendant County of San Bernardino denies all liability and wrongdoing for any and all of Plaintiff's claims.

**G. INSURANCE**

The County of San Bernardino is permissibly self-insured per California Government Code § 990.

**H. MOTIONS**

Plaintiff anticipates filing motions *in limine* in this case if the case proceeds to trial.

During the course of litigation of this action, Defendant may file the following potential motions: motions *in limine* if the case proceeds to trial.

**I. DISPOSITIVE MOTIONS**

Defendant anticipates filing a motion for summary judgment.

/ / /

/ / /

### J.  MANUAL FOR COMPLEX LITIGATION

The Parties do not believe that any of the procedures of the Manual for Complex Litigation should be utilized in this case.

### K. STATUS OF DISCOVERY

The parties will exchange initial disclosures pursuant to Rule 26. The parties have not yet exchanged any written discovery or taken any depositions.

The parties anticipate entering into a stipulated protective order prior to conducting any discovery in order to ensure the confidential nature with respect to sensitive documents.

### L. DISCOVERY PLAN

Counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a).  The parties will make initial disclosures on or before May 24, 2024. The parties are not requesting changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules at this time.  There are no anticipated issues about disclosure or discovery of electronically stored information.  Counsel agree that no changes should be made as to discovery as it is governed by law or Local Rules.

     **i.    Plaintiff**

Plaintiff intends to propound written discovery on Defendants, including a request for production seeking the materials pertaining to the investigation into this incident, and interrogatories.  In addition to conducting expert depositions at the appropriate time, Plaintiff intends to depose the deputies who used force against him, additional deputies who responded to this incident, responding paramedics, and physicians who examined Plaintiff's injuries

According to Plaintiff, subjects on which discovery may be needed include: the deputies' training; the deputies' prior uses of force, if any, including any citizens' or internal complaints made against the involved deputies; County of San Bernardino Department policies with regards to use of force complaints; Department policies with

regards to when deadly force may be used; the handling of evidence by County of San Bernardino employees; medical treatment provided to Mr. Randall on the scene of the incident; testimony of witnesses and involved deputies, regarding the facts of the shooting incident and the County's investigation into the incident.

      ii.    **Defendants**

Defendants anticipate serving discovery, including but not limited to interrogatories, requests for admission, and requests for production of documents, on Plaintiff. Defendant also intends to depose Plaintiff and several witnesses. Defendants also plan to retain experts who will opine on, and potentially testify to, issues of liability, causation, damages, proper police policies and procedures regarding the use of deadly force and their opinions on Defendants' use of force during the incident.

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

**M. FACT DISCOVERY CUT-OFF**

The parties propose a fact discovery cut-off date of Decemebr 20, 2024.

**N. EXPERT DISCOVERY**

The parties propose an initial expert disclosure date of December 27, 2024.

The parties propose a rebuttal expert disclosure date of January 10, 2025.

**O. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

No settlement discussions have taken place at this time. Counsel are amenable to using the attorney settlement panel.

**P. TRIAL ESTIMATE**

The parties have requested trial by jury and estimate the length of the trial at approximately 5 court days after jury selection.

/ / /

/ / /

**Q. TRIAL COUNSEL**

Dale K. Galipo will be lead trial counsel for the Plaintiff's case.

Lead trial counsel for Defendants will be Christopher P. Wesierski.

**R. INDEPENDENT EXPERT OR MASTER**

Counsel agree that neither a discovery master nor independent scientific expert are needed for this lawsuit.

**S. SCHEDULE WORKSHEET**

Please see attached.

**T. CLASS ACTIONS**

N/A

**U. OTHER ISSUES**

None at this time.

Dated: May 10, 2024                **WESIERSKI & ZUREK LLP**

By: _____*s/ Michelle R. Prescott*_____
Michelle R. Prescott
Attorney for Defendants,
COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

Dated: May 10, 2024                **LAW OFFICES OF DALE K. GALIPO**

By: _____*s/ Renee V. Masongsong*[1]_____
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff,
TODDERICK RANDALL

---

[1] As the filer of this document, I attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.