1  Christopher P. Wesierski [Bar No. 086736]
     *cwesierski@wzllp.com*
2  Kathryn J. Harvey [Bar No. 241029]
     *kharvey@wzllp.com*
3  WESIERSKI & ZUREK LLP
   29 Orchard Road
4  Lake Forest, California 92630
   Telephone: (949) 975-1000
5  Facsimile: (949) 756-0517

6
7  Attorneys for Defendants, COUNTY OF
   SAN BERNARDINO, CORRIN
   CASSIDY, and CAMERON STANLEY
8

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  TODDERICK RANDALL,              Case No. 5:24-cv-00086-SSS-SP
    individually,                   *Assigned to*:
13                                  Hon. Sunshine S. Sykes
                Plaintiff,
                                    **DEFENDANTS' SEPARATE**
14      vs.                         **STATEMENT OF**
                                    **UNCONTROVERTED FACTS AND**
15  COUNTY OF SAN BERNARDINO;       **EVIDENTIARY SUPPORT FILED**
    CORRIN CASSIDY; CAMERON         **IN SUPPORT OF MOTION FOR**
16  STANLEY and DOES 1-10, inclusive, **SUMMARY JUDGMENT, OR IN**
                                    **THE ALTERNATIVE, PARTIAL**
17           Defendants.            **SUMMARY JUDGMENT**

18                                  *[Filed Concurrently with Motion for*
                                    *Summary Judgment; ; Request for*
19                                  *Judicial Notice; Declarations of*
                                    *Cameron Stanley, Corrin Cassidy, and*
20                                  *Edward Flosi; and Proposed Order]*

21

22                                  **Date:   April 11, 2025**
                                    **Time:  2:00 p.m.**
23                                  **Courtroom:  2**

24                                  Trial Date: July 14, 2025

25

26

27

28

                                    1

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  Defendants COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and

2  CAMERON STANLEY hereby submit their Separate Statement of Uncontroverted

3  Facts and Evidentiary Support in support of their Motion for Summary Judgment, or

4  in the alternative, Partial Summary Judgment.

5  ## STATEMENT OF UNCONTROVERTED FACTS AND

6  ## EVIDENTIARY SUPPORT

7  Pursuant to Rule 56-1, Local Rules of Central District of California, **for**

8  **purposes of this Motion only,** Defendants hereby submit the following Separate

9  Statement of Uncontroverted Facts in support of their Motion for Summary Judgment

10  or, in the Alternative, Partial Summary Judgment.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| Moving Party's Undisputed Facts and Supporting Evidence | Opposing Party's Responses to Cited Fact and Supporting Evidence |
|---|---|
| 1. On August 19, 2022, at approximately 12:02 p.m., Deputy Cameron Stanley ("Deputy Stanley") and Deputy Corrin Cassidy ("Deputy Cassidy") responded to a call for service at WinCo Foods ("WinCo"), a grocery store located at 15350 Roy Rogers Drive, in Victorville, California.<br><br>***Evidence:*** Declaration of Deputy Cameron Stanley "Stanley Decl." ¶ 5; Declaration of Corrin Cassidy "Cassidy Decl." ¶ 4 | |

| | |
|---|---|
| 2.    The reporting party (a WinCo employee) advised dispatch that an African American man, holding an exposed knife in his hand, had taken a bottle of alcohol of the shelf and was drinking it in the alcohol aisle.<br><br>***Evidence:*** Stanley Decl. ¶ 6; Cassidy Decl. ¶ 5 | |
| 3.    The call for service occurred when the store was open to the public and heavily populated with customers.<br><br>***Evidence:*** Stanley Decl. ¶ 8; Cassidy Decl. ¶ 7 | |
| 4.    When Deputies Stanley and Cassidy (the "Deputies") arrive at the scene, they observed numerous customers.<br><br>***Evidence:*** Stanley Decl. ¶ 8; Cassidy Decl. ¶ 7 | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 5.      The parking lot and outside of the store was so heavily populated, the Deputies had to maneuver around people to enter.<br><br>***Evidence:*** Stanley Decl. ¶ 8; Cassidy Decl. ¶ 7 | |
| 6.      Once they entered the store, Deputy Stanley observed at least 75 customers inside.<br><br>***Evidence:*** Stanley Decl. ¶ 8 | |
| 7.      Both Deputies observed numerous customers waiting in lines to check out.<br><br>***Evidence:*** Stanley Decl. ¶ 8; Cassidy Decl. ¶ 7 | |
| 8.      The Deputies were greeted outside by the reporting employee, Frank Calderon.<br><br>***Evidence:*** Stanley Decl. ¶ 10; Cassidy Decl. ¶ 9 | |

4909-9044-7646.1 SBD-00026

4

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED
FACTS AND EVIDENTIARY SUPPORT

| | |
|---|---|
| 9.    Mr. Calderon appeared frightened. Mr. Calderon led the Deputies to the alcohol aisle and pointed out the suspect stating, "that's the guy with the knife."<br><br>***Evidence:*** Stanley Decl. ¶ 10 | |
| 10.    Mr. Calderon confirmed that he wanted the suspect to leave the store.<br><br>***Evidence:***   Stanley Decl. ¶ 10; Cassidy Decl. ¶ 9 | |
| 11.    The suspect was later identified as Plaintiff Roderick Randall ("Mr. Randall.")<br><br>***Evidence:*** Dkt. 8, Complaint | . |
| 12.    When the Deputies first approached Mr. Randall he was standing alone in the alcohol aisle.<br><br>***Evidence:*** Stanley Decl. ¶ 11 | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

| | |
|---|---|
| 13. From approximately fifteen (15) feet away, the Deputies observed that Mr. Randall was holding a half-empty, open bottle of alcohol in his left hand.<br><br>***Evidence:*** Stanley Decl. ¶ 11; Cassidy Decl. ¶ 10 | |
| 14. In his right hand, Mr. Randall was holding a heavy-duty folding box knife (the kind used in construction) in his right hand.<br><br>***Evidence:*** Stanley Decl. ¶ 11; Cassidy Decl. ¶ 10 | |
| 15. The knife handle was approximately 5-6 inches, and the blade was approximately 1 inch.<br><br>***Evidence:*** Stanley Decl. ¶ 11 | |
| 16. Mr. Randall's eyes were glossed over, he was disoriented, and Deputy Stanley observed him "fumble" when he stepped. | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

6

4909-9044-7646.1 SBD-00026

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| ***Evidence:*** Stanley Decl. ¶ 12; Cassidy Decl. ¶ 11 | |
| 17.    The Deputies believed Mr. Randall to be under the influence of alcohol.<br><br>***Evidence:*** Stanley Decl. ¶ 12; Cassidy Decl. ¶ 11 | |
| 18.    The Deputies therefore began attempting to deescalate the situation and prevent harm to the public by securing the knife held by Mr. Randall, and detain Mr. Randall.<br><br>***Evidence:*** Stanley Decl. ¶ 14; Cassidy Decl. ¶ 13 | |
| 19.    At this point in the encounter, the Deputies believed there was probable cause a suspected crime had been committed, because he the manager wanted Mr. Randall removed from the store, constituting trespassing; Mr. Randall appeared to be publicly intoxicated; and Mr. Randall was brandishing a weapon. | |

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

| | |
|---|---|
| ***Evidence:*** Stanley Decl. ¶ 13; Cassidy Decl. ¶ 12 | |
| 20.    The Deputies approached Mr. Randall, and stood approximately 15 feet away from him.<br><br>***Evidence:*** Stanley Decl. ¶ 11; Cassidy Decl. ¶ 15 | |
| 21.    The Deputies stood side by side.<br><br>***Evidence:*** Stanley Decl. ¶ 16; Cassidy Decl. ¶ 16 | |
| 22.    There was no other customers in the aisle.<br><br>***Evidence:*** Stanley Decl. ¶ 16; Cassidy Decl. ¶ 16 | |
| 23.    When Mr. Randall faced the Deputies, Deputy Cassidy stated, "Hey, man, what's going on?"<br><br>***Evidence:*** Cassidy Decl. ¶ 14 | |

*(left margin, vertical)* **WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 24.    Then Deputy Stanley stated, "Hey, man, can you do me a favor and toss the knife to the side?"  *Evidence:*  Stanley Decl. ¶ 15 | |
| 25.    Mr. Randall did not verbally respond to either question.  *Evidence:*  Stanley Decl. ¶ 15; Cassidy Decl. ¶ 14 | |
| 26.    Instead, in response, he took an aggressive, "bladed" stance: Mr. Randall flexed both of his arms in front of his body with his elbows slightly bent.  *Evidence:*  Stanley Decl. ¶ 15; Cassidy Decl. ¶ 10 | |
| 27.    His hands were near his waistband area, balled into fists. In this aggressive, bladed stance, Mr. Randall continued to hold the bottle of alcohol in his left hand and the knife in his right hand. | |

9

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| **Evidence:** Stanley Decl. ¶ 15; Cassidy Decl. ¶ 10 | |
| 28.    Mr. Randall's body language appeared as if he wanted to fight.<br><br>**Evidence:** Stanley Decl. ¶ 15 | |
| 29.    Deputy Stanley then asked Mr. Randall to drop the knife.<br><br>**Evidence:** Stanley Decl. ¶ 17 | |
| 30.    Again, Mr. Randall did not verbally respond.<br><br>**Evidence:** Stanley Decl. ¶ 17 | |
| 31.    In response, he swayed back and forth in an aggressive manner.<br><br>**Evidence:** Stanley Decl. ¶ 17 | |
| 32.    He appeared agitated and the muscles in his face were flexed. | |

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| ***Evidence:*** Stanley Decl. ¶ 17 | |
| 33.     He glared at the Deputies in an aggressive manner. <br><br> ***Evidence:*** Stanley Decl. ¶ 17 | |
| 34.     Deputy Cassidy then ordered Mr. Randall two or three times to, "drop the knife" and "put the knife down." <br><br> ***Evidence:*** Cassidy Decl. ¶ 15 | |
| 35.     When he did not respond verbally, and continued to hold an aggressive stance. <br><br> ***Evidence:*** Cassidy Decl. ¶ 15 | |
| 36.     At this time, Deputy Cassidy unholstered her taser and put both lasers (from the taser) at/near Mr. Randall's chest/upper body. <br><br> ***Evidence:*** Cassidy Decl. ¶ 15 | |

11

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED
FACTS AND EVIDENTIARY SUPPORT

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 37.    While Deputy Cassidy pointed her taser at Mr. Randall, Deputy Stanley continued to give Mr. Randall verbal commands.<br><br>***Evidence:***  Stanley Decl. ¶ 18, 19; Cassidy Decl. ¶ 15 | |
| 38.    Deputy Stanley asked Mr. Randall a third time to drop the knife, and Mr. Randall again refused.<br><br>***Evidence:***  Stanley Decl. ¶ 18 | |
| 39.    Mr. Randall continued to flex his arms with the knife in his hand.<br><br>***Evidence:***  Stanley Decl. ¶ 18 | |
| 40.    Deputy Stanley commanded Mr. Randall to drop the knife at least three more times.<br><br>***Evidence:***  Stanley Decl. ¶ 19 | |

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 41.    Mr. Randall refused all verbal commands, and continued to flex his arms with the knife in his hand and stare at the Deputies in an aggressive manner.<br><br>*Evidence:*  Stanley Decl. ¶ 19; Cassidy Decl. ¶ 14, 15, 17 | |
| 42.    Based on his aggressive stance, the Deputies believed Mr. Randall could advance toward them or other customer in the store.<br><br>*Evidence:*  Stanley Decl. ¶ 20 | |
| 43.    Based upon his failure to comply with the Deputies commands and his aggressive stance, Deputy Cassidy deployed her taser at Mr. Randall.<br><br>*Evidence:*  Stanley Decl. ¶ 22; Cassidy Decl. ¶ 17 | |
| 44.    When she deployed her taser she was approximately 10 feet away from Mr. Randall. | |

13

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| ***Evidence:*** Stanley Decl. ¶ 21; Cassidy Decl. ¶ 18 | |
| 45. Both taser prongs struck Mr. Randall in his upper torso area, toward the right side of his chest.<br><br>***Evidence:*** Stanley Decl. ¶ 22; Cassidy Decl. ¶ 19 | |
| 46. When the taser prongs hit him, Mr. Randall dropped the bottle of alcohol, but continued to hold the knife in his right hand.<br><br>***Evidence:*** Stanley Decl. ¶ 22 | |
| 47. Upon being hit with the prongs, Mr. Randall yelled, "Fuck you," and immediately tried to swipe them and pull them (the prongs/wires) from his chest, using his left hand.<br><br>***Evidence:*** Stanley Decl. ¶ 23; Cassidy Decl. ¶ 19 | |

14

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| | |
| 48.    While the taser prongs where still in his body, Deputy Cassidy ordered Mr. Randall to, "get on the ground."<br><br>**_Evidence:_**  Cassidy Decl. ¶ 19 | |
| 49.    Mr. Randall ignored Deputy Cassidy's demands and continued to try to remove the prongs/wires from his body.<br><br>**_Evidence:_**  Cassidy Decl. ¶ 19 | |
| 50.    While the taser prongs were in his body, Deputy Stanley verbally commanded Mr. Randall, at least two times to, "get on the ground," but he refused to get on the ground.<br><br>**_Evidence:_**  Stanley Decl. ¶ 24 | |

15

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 51.    Despite the less-lethal purpose of a taser, the taser prongs did not physically affect or incapacitate Mr. Randall in manner.<br><br>**_Evidence:_**  Stanley Decl. ¶ 25; Cassidy Decl. ¶ 21 | |
| 52.    Deputy Cassidy was scared for her safety and the safety of others because this was the first time in her career she had ever observed a taser fail to subdue a suspect in any manner.<br><br>**_Evidence:_**  Cassidy Decl. ¶ 21, 22 | |
| 53.    After Mr. Randall successfully removed the taser prongs/wires from his body, he took a few steps backwards, turned and began fleeing from Deputy Stanley and Deputy Cassidy—running toward other area(s) of the store where there were customers.<br><br>**_Evidence:_**  Stanley Decl. ¶ 24, 26; Cassidy Decl. ¶ 20 | |

16

4909-9044-7646.1 SBD-00026

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 54.    The Deputies pursued him on foot—Deputy Cassidy was a few paces ahead of Deputy Stanley, who followed closely behind.<br><br>***Evidence:***  Stanley Decl. ¶ 27; Cassidy Decl. ¶ 23 | |
| 55.    Mr. Randall ran north down the alcohol aisle and began to round east corner of the end of the aisle.<br><br>***Evidence:***  Stanley Decl. ¶ 28; Cassidy Decl. ¶ 23 | |
| 56.    As he rounded the corner, the Deputies lost sight of Mr. Randall for approximately 1 second.<br><br>***Evidence:***  Stanley Decl. ¶ 28; Cassidy Decl. ¶ 23 | |
| 57.    When Deputy Cassidy rounded the east corner of the aisle, Mr. Randall came back into her view.<br><br>***Evidence:***  Cassidy Decl. ¶ 23 | |

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

| | |
|---|---|
| 58.    Mr. Randall had stopped running.<br><br>***Evidence:***  Cassidy Decl. ¶ 23 | |
| 59.    He turned around and was facing Deputy Cassidy.<br><br>***Evidence:***  Cassidy Decl. ¶ 23 | |
| 60.    Mr. Randall held the knife in his right hand, raised his right hand above his head, and swung the knife downward toward Deputy Cassidy in a slashing manner.<br><br>***Evidence:***  Stanley Decl. ¶ 29; Cassidy Decl. ¶ 23 | |
| 61.    Deputy Cassidy was approximately 3 to 5 feet from Mr. Randall while he was swinging the knife in her direction.<br><br>***Evidence:***  Stanley Decl. ¶ 29; Cassidy Decl. ¶ 23 | |

WESIERSKI & ZUREK LLP<br>LAWYERS<br>29 ORCHARD ROAD<br>LAKE FOREST, CALIFORNIA 92630<br>(949) 975-1000

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 62.    While Mr. Randall was swinging the knife at Deputy Cassidy, and in an effort to disarm him, Deputy Cassidy deployed her taser at Mr. Randall a second time.<br><br>***Evidence:***  Cassidy Decl. ¶ 24 | |
| 63.    As she fired the taser the second time, Deputy Cassidy lost her footing and fell backwards.<br><br>***Evidence:***  Cassidy Decl. ¶ 24 | |
| 64.    The second taser shot hit Mr. Randall, however it, again, did not have a physical effect on him.<br><br>***Evidence:***  Cassidy Decl. ¶ 24 | |
| 65.    Deputy Stanley rounded the east corner of the aisle almost simultaneous to the time Deputy Cassidy rounded the east corner of the aisle.<br><br>***Evidence:***  Cassidy Decl. ¶ 23 | |

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 66.    As he rounded the aisle, Mr. Randall came back into Deputy Stanley's sight line, and Deputy Stanley observed Mr. Randall raising his right hand up holding the box knife and swinging the knife in a downward motion, with a forward angle.<br><br>***Evidence:***  Stanley Decl. ¶ 29 | |
| 67.    Deputy Stanley believed Mr. Randall was lunging at Deputy Cassidy.<br><br>***Evidence:***  Stanley Decl. ¶ 29 | |
| 68.    At this moment, Deputy Stanley was approximately 5 to 8 feet from Mr. Randall.<br><br>***Evidence:***  Stanley Decl. ¶ 29 | |
| 69.    When Deputy Stanley observed Mr. Randall raising his right hand up holding the box knife and swinging the knife down at a forward angle toward Deputy Cassidy, he believed Mr. | |

20

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| Randall was attempting to stab or slash Deputy Cassidy.<br><br>***Evidence:*** Stanley Decl. ¶ 30 | |
| 70.    To protect Deputy Cassidy from this threat of great bodily harm, serious injury and/or death, Deputy Stanley fired his firearm to stop Mr. Randall from stabbing or slashing Deputy Cassidy.<br><br>***Evidence:*** Stanley Decl. ¶ 32; Cassidy Decl. ¶ 25 | |
| 71.    Deputy Stanley believed Mr. Randall was going seriously injure or kill him or Deputy Cassidy.<br><br>***Evidence:*** Stanley Decl. ¶ 32 | |
| 72.    Deputy Cassidy's deployed her taser and Deputy Stanley fired his firearm at approximately the same time.<br><br>***Evidence:*** Cassidy Decl. ¶ 25 | |

21

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED
FACTS AND EVIDENTIARY SUPPORT

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 73.    Mr. Randall was struck by the rounds of lethal force, and fell to the ground.<br><br>*Evidence:* Dkt. 8, Complaint; Stanley Decl. ¶ 34; Cassidy Decl. ¶ 25 | |
| 74.    Once Mr. Randall was on the ground, Deputy Stanley holstered his firearm and placed handcuffs on Mr. Randall, assisted by Deputy Cassidy who had just stood up from her fall to the floor.<br><br>*Evidence:* Stanley Decl. ¶ 34; Cassidy Decl. ¶ 25 | |
| 75.    He located gloves and immediately began to administer aid to Mr. Randall.<br><br>*Evidence:* Stanley Decl. ¶ 34 | |
| 76.    Deputy Cassidy radioed for aid. Medical personnel arrived within 5 minutes to assist Mr. Randall. | |

22

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED
FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| ***Evidence:***  Cassidy Decl. ¶ 25 | |
| 77.    At the time of the lethal force encounter, Deputy Stanley believed he fired four to five rounds from his firearm.<br><br>***Evidence:***  Stanley Decl. ¶ 33 | |
| 78.    Deputy Stanley fired only until he observed that Mr. Randall was no longer coming after Deputy Cassidy or myself and that he was no longer a threat.<br><br>***Evidence:***  Stanley Decl. ¶ 33 | |
| 79.    There were no customers near Mr. Randall at this moment, and Deputy Stanley believed there was no possibility a customer would be injured if he deployed lethal force to protect Deputy Cassidy.<br><br>***Evidence:***  Stanley Decl. ¶ 31 | |

23

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 80.    Both times Deputy Cassidy deployed her taser at Mr. Randall, he was still armed with the knife.<br><br>***Evidence:*** Cassidy Decl. ¶ 26 | |
| 81.    The second time Deputy Cassidy deployed his taser, Mr. Randall held the knife in his right hand, raised his right hand above his head, and swung the knife downward toward her in a slashing manner.<br><br>***Evidence:*** Cassidy Decl. ¶ 26 | |
| 82.    Deputy Cassidy was approximately 3 to 5 feet from Mr. Randall while he was swinging the knife in her direction.<br><br>***Evidence:*** Stanley Decl. ¶ 29; Cassidy Decl. ¶ 26 | |
| 83.    The Deputies had a legitimate law enforcement purpose and reasonable suspicion based on current law enforcement training and practices | |

24

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

| | |
|---|---|
| to contact and detain Mr. Randall.<br><br>***Evidence:*** Declaration of Edward Flosi "Flosi Decl." ¶ 17 | |
| 84.    The Deputies had a legitimate law enforcement purpose and probable cause based on current law enforcement training and practices to arrest Mr. Randall once he swung the box-cutter downward several times, refused the Deputies' commands, and ran away from the Deputies.<br><br>***Evidence:*** Flosi Decl. ¶ 20 | |
| 85.    The deputies used verbal persuasion several times to gain Mr. Randall's cooperation to disarm.<br><br>***Evidence:*** Flosi Decl. ¶ 22 | |
| 86.    Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a | |

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

| | |
|---|---|
| subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental illness.<br><br>***Evidence:*** Flosi Decl. ¶ 23 | |
| 87.    Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation.<br><br>***Evidence:*** Flosi Decl. ¶ 23 | |
| 88.    The Deputies used appropriate pre-force tactics that were appropriate and consistent with current law enforcement training and practices.<br><br>***Evidence:*** Flosi Decl. ¶ 27 | Flosi Decl. ¶ 24 |
| 89.    The intermediate non-deadly force responses by Deputy Cassidy were appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death.<br><br>***Evidence:*** Flosi Decl. ¶ 27 | |

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 90.    The intermediate non-deadly force responses were appropriate and consistent with current law enforcement training standards in consideration of the "totality of the circumstances" presented to Deputy Cassidy at the moments non-deadly force was used.<br><br>*Evidence:*  Flosi Decl. ¶ 27 | |
| 91.    The deadly force response by Deputy Stanley was appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death.<br><br>*Evidence:*  Flosi Decl. ¶ 30 | |
| 92.    The deadly force response was appropriate and consistent with current law enforcement training standards in consideration of the "totality of the circumstances" presented to Deputy Stanley at the moments deadly force was used. | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

1

***Evidence:*** Flosi Decl. ¶ 30

2

3

4

5

DATED:  February 21, 2025

WESIERSKI & ZUREK LLP

6

7

8

By: _____

9

CHRISTOPHER P. WESIERSKI

10

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4909-9044-7646.1 SBD-00026

DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENTIARY SUPPORT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000