Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (Bar No. 281819)
rvalentine@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

Sharon J. Brunner, Esq. (Bar No. 229931)
sharonjbrunner@yahoo.com
LAW OFFICE OF SHARON J. BRUNNER
14393 Park Ave., Suite 100
Victorville, CA 92392
Tel: (760) 243-9997 / Fax: (760) 843-8155

James S. Terrell, Esq. (Bar No. 170409)
LAW OFFICE OF JAMES TERRELL
jim@talktoterrell.com
15411 Anacapa Rd.
Victorville, CA 92392
Tel: (760) 951-5850 / Fax: (760) 952-1085

Attorneys for Plaintiff, Todderick Randall

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, et al.<br><br>Defendants. | Case No. 5:24-cv-00086-SSS-SP<br><br>*Assigned to:*<br>Hon. District Judge Sunshine S. Sykes<br>Hon. Magistrate Judge Sheri Pym<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS RE: DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 27)**<br><br>Hearing Date:   4/11/2025<br>Time:           2:00 p.m.<br>Location:       Courtroom 2 |

1

PLAINTIFF'S EVIDENTIARY OBJECTIONS RE: DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 27)

# PLAINTIFF'S EVIDENTIARY OBJECTIONS RE: DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's Standing Order (Dkt. 9), Plaintiff hereby submits his evidentiary objections in response to Defendants' Separate Statement of Uncontroverted Facts and Evidentiary Support of Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (Dkt. 27).

| EVIDENCE CITED BY DEFENDANTS | OBJECTION |
|---|---|
| 1. On August 19, 2022, at approximately 12:02 p.m., Deputy Cameron Stanley ("Deputy Stanley") and Deputy Corrin Cassidy ("Deputy Cassidy") responded to a call for service at WinCo Food ("WinCo"), a grocery store located at 15350 Roy Rogers Drive, in Victorville, California.<br>*Evidence:* Declaration of Deputy Cameron Stanley "Stanley Decl." ¶5; Declaration of Carrin Cassidy 'Cassidy Decl." ¶4 | |
| 2. The reporting party (a WinCo employee) advised dispatch that an African American man, holding an exposed knife in his hand, had taken a bottle of alcohol of the shelf and was drinking it in the alcohol aisle.<br>*Evidence:* Stanley Decl. ¶8; Cassidy Decl. ¶7 | |
| 3. The call for service occurred when the store was open to the | Vague and ambiguous, calls for speculation and lacks foundation, and argumentative as to "heavily populated." |

| | |
|---|---|
| public and heavily populated with consumers. *Evidence:* Stanley Decl. ¶8; Cassidy Decl. ¶7 | |
| 4. When Deputies Stanley and Cassidy (the "Deputies") arrive at the scene, they observed numerous customers. *Evidence:* Stanley Decl. ¶8; Cassidy Decl. ¶7 | Irrelevant (FRE 401, 402). |
| 5. The parking lot and outside of the store was so heavily populated, the Deputies had the maneuver around people to enter. *Evidence:* Stanley Decl. ¶8; Cassidy Decl. ¶7 | Irrelevant (FRE 401, 402); Vague and ambiguous, calls for speculation and lacks foundation, and argumentative as to "heavily populated." |
| 6. Once they entered the store, Deputy Stanley observed at least 75 customers inside. *Evidence:* Stanley Decl. ¶8 | Irrelevant (FRE 401, 402). |
| 7. Both Deputies observed numerous customers waiting in lines to check out. *Evidence:* Stanley Decl. ¶8; Cassidy Decl. ¶7 | Irrelevant (FRE 401, 402). |
| 8. The Deputies were greeted outside by the reporting employee, Frank Calderon. *Evidence:* Stanley Decl. ¶10; Cassidy Decl. ¶9 | |
| 9. Mr. Calderon appeared frightened. Mr. Calderon led the Deputies to the alcohol aisle and pointed out the suspect stating, "that's the guy with the knife." *Evidence:* Stanley Decl. ¶10 | Calls for speculation as to "frightened"; calls for hearsay for which there is no exception as to the truth of Mr. Calderon's statement (FRE 801, 802). |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | 10. Mr. Calderon confirmed that he wanted the suspect to leave the store.<br>*Evidence:* Stanley Decl. ¶10; Cassidy Decl. ¶9 | Calls for hearsay for which there is no exception as to the truth of Mr. Calderon's statement (FRE 801, 802). |
| 5<br>6<br>7 | 11. The suspect was later identified as Plaintiff Roderick Randall ("Mr. Randall.")<br>*Evidence:* Dkt. 8, Complaint | |
| 8<br>9<br>10 | 12. When the Deputies first approached Mr. Randall he was standing alone in the alcohol aisle.<br>*Evidence:* Stanley Decl. ¶11 | |
| 11<br>12<br>13<br>14<br>15 | 13. From approximately fifteen (15) feet away, the Deputies observed that Mr. Randall was holding a half-empty, open bottle of alcohol in his left hand.<br>*Evidence:* Stanley Decl. ¶11; Cassidy Decl. ¶10 | |
| 16<br>17<br>18<br>19 | 14. In his right hand, Mr. Randall was holding heavy-duty folding box knife (the kind used in construction) in his right hand.<br>*Evidence:* Stanley Decl. ¶11; Cassidy Decl. ¶10 | Vague and ambiguous and argumentative as to "heavy-duty." |
| 20<br>21<br>22 | 15. The knife handle was approximately 5-6 inches, and the blade was approximately 1 inch.<br>*Evidence:* Stanley Decl. ¶11 | |
| 23<br>24<br>25<br>26<br>27 | 16. Mr. Randall's eyes were glossed over, he was disoriented, and Deputy Stanley observed him "fumble" when he stepped.<br>*Evidence:* Stanley Decl. ¶12; Cassidy Decl. ¶11 | Compound; Vague and ambiguous. |

28

| | |
|---|---|
| 17. The Deputies believed Mr. Randall to be under the influence of alcohol.<br>*Evidence:* Stanley Decl. ¶12; Cassidy Decl. ¶11 | Calls for speculation. |
| 18. The Deputies therefore began attempting to deescalate the situation and prevent harm to the public by securing the knife held by Mr. Randall, and detain Mr. Randall.<br>*Evidence:* Stanley Decl. ¶8; Cassidy Decl. ¶7 | Compound. |
| 19. At this point in the encounter, the Deputies believed there was probable cause a suspected crime had been committed, because he the manager wanted Mr. Randall removed from the store, constituting trespassing; Mr. Randall appeared to be publicly intoxicated; and Mr. Randall was brandishing a weapon.<br>*Evidence:* Stanley Decl. ¶13; Cassidy Decl. ¶12 | Compound; Irrelevant (FRE 401, 402) to the extent that Plaintiff does not maintain a claim for unreasonable detention and arrest. |
| 20. The Deputies approached Mr. Randall, and stood approximately 15 feet away from him.<br>*Evidence:* Stanley Decl. ¶11; Cassidy Decl. ¶15 | |
| 21. The Deputies stood side by side.<br>*Evidence:* Stanley Decl. ¶16; Cassidy Decl. ¶16 | |
| 22. There was no other customers in the aisle.<br>*Evidence:* Stanley Decl. ¶16; Cassidy Decl. ¶16 | |

| | | |
|---|---|---|
| 1 2 3 | 23. When Mr. Randall faced the Deputies, Deputy Cassidy stated, "Hey, man, what's going on?"<br>***Evidence:*** Stanley Decl. ¶14 | |
| 4 5 6 | 24. Then Deputy Stanley stated, "Hey, man, can you do me a favor and toss the knife to the side?"<br>***Evidence:*** Stanley Decl. ¶15 | |
| 7 8 9 | 25. Mr. Randall did not verbally respond to either question.<br>***Evidence:*** Stanley Decl. ¶15; Cassidy Decl. ¶14 | |
| 10 11 12 13 14 | 26. Instead, in response, he took an aggressive, "bladed" stance: Mr. Randall flexed both of his arms in front of his body with his elbows slightly bent.<br>***Evidence:*** Stanley Decl. ¶15; Cassidy Decl. ¶10 | Argumentative; Vague and ambiguous as to "aggressive," "bladed stance" and "flexed." The video speaks for itself. |
| 15 16 17 18 19 20 | 27. His hands were near his waistband area, balled into fists. In this aggressive, bladed stance, Mr. Randall continued to hold the bottle of alcohol in his left hand and the knife in his right hand.<br>***Evidence:*** Stanley Decl. ¶15; Cassidy Decl. ¶10 | Compound; Argumentative; Vague and ambiguous as to "aggressive" and "bladed stance." The video speaks for itself. |
| 21 22 | 28. Mr. Randall's body language appeared as if he wanted to fight.<br>***Evidence:*** Stanley Decl. ¶15 | Argumentative; Calls for speculation and lacks foundation. |
| 23 24 25 | 29. Deputy Stanley then asked Mr. Randall to drop the knife.<br>***Evidence:*** Stanley Decl. ¶17 | |
| 26 27 | 30. Again, Mr. Randall did not verbally respond.<br>***Evidence:*** Stanley Decl. ¶17 | |

28

| | |
|---|---|
| 31. In response, he swayed back and forth in an aggressive manner.<br>***Evidence:*** Stanley Decl. ¶17 | Argumentative; Calls for speculation and lacks foundation. |
| 32. He appeared agitated and the muscles in his face were flexed.<br>***Evidence:*** Stanley Decl. ¶17 | Argumentative; Calls for speculation and lacks foundation. |
| 33. He glared at the Deputies in an aggressive manner.<br>***Evidence:*** Stanley Decl. ¶17 | Argumentative; Calls for speculation and lacks foundation. |
| 34. Deputy Cassidy then ordered Mr. Randall two or three times to, "drop the knife" and "put the knife down."<br>***Evidence:*** Stanley Decl. ¶15 | |
| 35. When he did not respond verbally, and continued to hold an aggressive stance.<br>***Evidence:*** Stanley Decl. ¶15 | Argumentative; Calls for speculation and lacks foundation; Vague and ambiguous as to "aggressive." |
| 36. At this time, Deputy Cassidy unholstered her taser and put both lasers (from the taser) at/near Mr. Randall's chest/upper body.<br>***Evidence:*** Stanley Decl. ¶15 | |
| 37. While Deputy Cassidy pointed her taser at Mr. Randall, Deputy Stanley continued to give Mr. Randall verbal commands.<br>***Evidence:*** Stanley Decl. ¶18, 19; Cassidy Decl. ¶15 | |
| 38. Deputy Stanley asked Mr. Randall a third time to drop the knife, and Mr. Randall again refused.<br>***Evidence:*** Stanley Decl. ¶18 | |
| 39. Mr. Randall continued to flex his arms with the knife in his hand. | Argumentative; Vague and ambiguous as to "flex." |

| | | |
|---|---|---|
| 1 | *Evidence:* Stanley Decl. ¶18 | |
| 2 | 40. Deputy Stanley commanded Mr. Randall to drop the knife at least three more times. | |
| 3 | | |
| 4 | *Evidence:* Stanley Decl. ¶19 | |
| 5 | 41. Mr. Randall refused all verbal commands, and continued to flex his arms with the knife in his hand and stare at the Deputies in an aggressive manner. | Argumentative; Vague and ambiguous as to "flex" and "aggressive." |
| 6 | | |
| 7 | | |
| 8 | *Evidence:* Stanley Decl. ¶19; Cassidy Decl. ¶14, 15, 17 | |
| 9 | | |
| 10 | 42. Based on his aggressive stance, the Deputies believed Mr. Randall could advance toward them or other customer in the store. | Argumentative; Vague and ambiguous as to "aggressive"; calls for speculation and lacks foundation as to what Mr. Randall "could" do in the future. |
| 11 | | |
| 12 | | |
| 13 | *Evidence:* Stanley Decl. ¶20 | |
| 14 | 43. Based upon his failure to comply with the Deputies commands and his aggressive stance, Deputy Cassidy deployed her taser at Mr. Randall. | Argumentative; Vague and ambiguous as to "aggressive." |
| 15 | | |
| 16 | | |
| 17 | *Evidence:* Stanley Decl. ¶22; Cassidy Decl. ¶17 | |
| 18 | | |
| 19 | 44. When she deployed her taser she was approximately 10 feet away from Mr. Randall. | |
| 20 | | |
| 21 | *Evidence:* Stanley Decl. ¶21; Cassidy Decl. ¶18 | |
| 22 | | |
| 23 | 45. Both taser prongs struck Mr. Randall in his upper torso area, toward the right side of his chest. | |
| 24 | | |
| 25 | *Evidence:* Stanley Decl. ¶22; Cassidy Decl. ¶19 | |
| 26 | 46. When the taser prongs hit him, Mr. Randall dropped the bottle of | |
| 27 | | |

| | |
|---|---|
| alcohol, but continued to hold the knife in his right hand.<br>*Evidence:* Stanley Decl. ¶22 | |
| 47. Upon being hit with the prongs, Mr. Randall yelled, "Fuck you," and immediately tried to swipe them and pull them (the prongs/wires) from his chest, using his left hand.<br>*Evidence:* Stanley Decl. ¶23; Cassidy Decl. ¶19 | Compound. |
| 48. While the taser prongs where still in in his body, Deputy Cassidy ordered Mr. Randall to, "get on the ground."<br>*Evidence:* Stanley Decl. ¶19 | |
| 49. Mr. Randall ignored Deputy Cassidy's demands and continued to try to remove the prongs/wires from his body.<br>*Evidence:* Stanley Decl. ¶19 | |
| 50. While the taser prongs were in his body, Deputy Stanley verbally commanded Mr. Randall, at least two times to, "get on the ground," but he refused to get on the ground.<br>*Evidence:* Stanley Decl. ¶24 | Compound. |
| 51. Despite the less-lethal purpose of a taser, the taser prongs did not physically affect or incapacitate Mr. Randall in manner.<br>*Evidence:* Stanley Decl. ¶25; Cassidy Decl. ¶21 | Calls for speculation and lacks foundation. |
| 52. Deputy Cassidy was scared for her safety and the safety of others because this was the first time in | Calls for speculation as to the potential safety of others. |

9
PLAINTIFF'S EVIDENTIARY OBJECTIONS RE: DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 27)

| | | |
|---|---|---|
| 1 2 3 | her career she had ever observed a taser fail to subdue a suspect in any manner.<br>***Evidence:*** Cassidy Decl. ¶21, 22 | |
| 4 5 6 7 8 9 10 | 53. After Mr. Randall successfully removed the taser prongs/wires from his body, he took a few steps backwards, turned and began fleeing from Deputy Stanley and Deputy Cassidy—running toward other area(s) of the store where there were customers.<br>***Evidence:*** Stanley Decl. ¶24, 26; Cassidy Decl. ¶20 | Compound; Calls for speculation as to where customers were located. |
| 11 12 13 14 | 54. The Deputies pursued him on foot—Deputy Cassidy was a few paces ahead of Deputy Stanley, who followed closely behind.<br>***Evidence:*** Stanley Decl. ¶27; Cassidy Decl. ¶23 | |
| 15 16 17 18 | 55. Mr. Randall ran north down the alcohol aisle and began to round east corner of the end of the aisle.<br>***Evidence:*** Stanley Decl. ¶28; Cassidy Decl. ¶23 | |
| 19 20 21 22 | 56. As he rounded the corner, the Deputies lost sight of Mr. Randall for approximately 1 second.<br>***Evidence:*** Stanley Decl. ¶28; Cassidy Decl. ¶23 | |
| 23 24 25 | 57. When Deputy Cassidy rounded the east corner of the aisle, Mr. Randall came back into her view.<br>***Evidence:*** Cassidy Decl. ¶23 | |
| 26 27 | 58. Mr. Randall had stopped running.<br>***Evidence:*** Cassidy Decl. ¶23 | |

28

| | | |
|---|---|---|
| 1<br>2 | 59. He turned around and was facing Deputy Cassidy.<br>***Evidence:*** Cassidy Decl. ¶23 | |
| 3<br>4<br>5<br>6<br>7 | 60. Mr. Randall held the knife in his right hand, raised his right hand above his head, and swung the knife downward toward Deputy Cassidy in a slashing manner.<br>***Evidence:*** Stanley Decl. ¶29; Cassidy Decl. ¶23 | Compound; Argumentative. |
| 8<br>9<br>10<br>11<br>12 | 61. Deputy Cassidy was approximately 3 to 5 feet from Mr. Randall while he was swinging the knife in her direction.<br>***Evidence:*** Stanley Decl. ¶29; Cassidy Decl. ¶23 | Compound; Argumentative. |
| 13<br>14<br>15<br>16<br>17 | 62. While Mr. Randall was swinging the knife at Deputy Cassidy, and in an effort to disarm him, Deputy Cassidy deployed her taser at Mr. Randall a second time.<br>***Evidence:*** Cassidy Decl. ¶24 | Compound; Arguemntative. |
| 18<br>19<br>20 | 63. As she fired the taser the second time, Deputy Cassidy lost her footing and fell backwards.<br>***Evidence:*** Cassidy Decl. ¶24 | Irrelevant (FRE 401, 402). |
| 21<br>22<br>23 | 64. The second taser shot hit Mr. Randall, however it, again did not have a physical effect on him.<br>***Evidence:*** Cassidy Decl. ¶24 | Calls for speculation and lacks foundation; Argumentative. |
| 24<br>25<br>26<br>27 | 65. Deputy Stanley rounded the east corner of the aisle almost simultaneous to the time Deputy Cassidy rounded the east corner of the aisle. | |

| | |
|---|---|
| *Evidence:* Cassidy Decl. ¶23 | |
| 66. As he rounded the aisle, Mr. Randall came back into Deputy Stanley's sight line, and Deputy Stanley observed Mr. Randall raising his right hand up holding the box knife and swinging the knife in a downward motion, with a forward angle.<br>*Evidence:* Stanley Decl. ¶29 | Compound. |
| 67. Deputy Stanley believed Mr. Randall was lunging at Deputy Cassidy.<br>*Evidence:* Stanley Decl. ¶29 | Calls for speculation. |
| 68. At this moment, Deputy Stanley was approximately 5 to 8 feet from Mr. Randall.<br>*Evidence:* Stanley Decl. ¶29 | Vague as to time. |
| 69. When Deputy Stanley observed Mr. Randall raising his right hand up holding the box knife and swinging the knife down at a forward angle toward Deputy Cassidy, he believed Mr. Randall was attempting to stab or slash Deputy Cassidy.<br>*Evidence:* Stanley Decl. ¶30 | Compound. |
| 70. To protect Deputy Cassidy from this threat of great bodily harm, serious injury and/or death, Deputy Stanley fired his firearm to stop Mr. Randall from stabbing or slashing Deputy Cassidy.<br>*Evidence:* Stanley Decl. ¶32; Cassidy Decl. ¶25 | |

| | | |
|---|---|---|
| 1<br>2<br>3 | 71. Deputy Stanley believed Mr. Randall was going seriously injure or kill him or Deputy Cassidy.<br>***Evidence:*** Stanley Decl. ¶32 | |
| 4<br>5<br>6<br>7 | 72. Deputy Cassidy's [sic] deployed her taser and Deputy Stanley fired his firearm at approximately the same time.<br>***Evidence:*** Cassidy Decl. ¶25 | |
| 8<br>9<br>10 | 73. Mr. Randall was struck by the rounds of lethal force, and fell to the ground.<br>***Evidence:*** Dkt. 8, Complaint; Stanley Decl. ¶34; Cassidy Decl. ¶25 | |
| 11<br>12<br>13<br>14<br>15<br>16 | 74. Once Mr. Randall was on the ground, Deputy Stanley holstered his firearm and placed handcuffs on Mr. Randall, assisted by Deputy Cassidy who had just stood up from her fall to the floor.<br>***Evidence:*** Stanley Decl. ¶34; Cassidy Decl. ¶25 | Irrelevant (FRE 401, 402). |
| 17<br>18<br>19 | 75. He located gloves and immediately began to administer aid to Mr. Randall.<br>***Evidence:*** Stanley Decl. ¶34 | Irrelevant (FRE 401, 402)—Plaintiff has dismissed his denial of medical care claim. |
| 20<br>21<br>22 | 76. Deputy Cassidy radioed for aid. Medical personnel arrived within 5 minutes to assist Mr. Randall.<br>***Evidence:*** Cassidy Decl. ¶25 | Irrelevant (FRE 401, 402)—Plaintiff has dismissed his denial of medical care claim. |
| 23<br>24<br>25<br>26 | 77. At the time of the lethal force encounter, Deputy Stanley believed he fired four to five rounds from his firearm.<br>***Evidence:*** Stanley Decl. ¶33 | |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | 78. Deputy Stanley fired only until he observed that Mr. Randall was no longer coming after Deputy Cassidy or myself and that he was no longer a threat.<br>***Evidence:*** Stanley Decl. ¶33 | Argumentative; Compound. |
| 5<br>6<br>7<br>8<br>9 | 79. There were no customers near Mr. Randall at this moment, and Deputy Stanley believed there was no possibility a customer would be injured if he deployed lethal force to protect Deputy Cassidy.<br>***Evidence:*** Stanley Decl. ¶31 | Vague as to time. |
| 10<br>11<br>12 | 80. Both times Deputy Cassidy deployed her taser at Mr. Randall, he was still armed with the knife.<br>***Evidence:*** Cassidy Decl. ¶26 | |
| 13<br>14<br>15<br>16<br>17<br>18 | 81. The second time Deputy Cassidy deployed his [sic] taser, Mr. Randall held the knife in his right hand, raised his right hand above his head, and swung the knife downward toward her in a slashing manner.<br>***Evidence:*** Cassidy Decl. ¶26 | |
| 19<br>20<br>21<br>22<br>23 | 82. Deputy Cassidy was approximately 3 to 5 feet from Mr. Randall while he was swinging the knife in her direction.<br>***Evidence:*** Stanley Decl. ¶29; Cassidy Decl. ¶26 | Vague and ambiguous as to "swinging"; Vague as to time; Cumulative. |
| 24<br>25<br>26<br>27 | 83. The Deputies had a legitimate law enforcement purpose and reasonable suspicion based on current law enforcement training | Irrelevant (FRE 401, 402)—Plaintiff does not maintain a claim for unreasonable detention and arrest; Argumentative; Calss for a legal conclusion. |
| 28 | | |

| | | |
|---|---|---|
| | and practices to contact and detain Mr. Randall.<br>*Evidence:* Declaration of Edward Flosi "Flosi Decl." Stanley Decl. ¶17 | |
| | 84. The Deputies had a legitimate law enforcement purpose and probable cause based on current law enforcement training and practices to arrest Mr. Randall once he swung the box-cutter downward several times, refused the Deputies' commands, and ran away from the Deputies.<br>*Evidence:* Flosi Decl. ¶20 | Calls for a legal conclusion; Argumentative; Compound; Vague as to at what time Mr. Randall allegedly "swung the box-cutter downward several times." |
| | 85. The deputies used verbal persuasion several times to gain Mr. Randall's cooperation to disarm.<br>*Evidence:* Flosi Decl. ¶22 | |
| | 86. Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental illness.<br>*Evidence:* Flosi Decl. ¶23 | Vague and ambiguous as to "deal with." |
| | 87. Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation.<br>*Evidence:* Flosi Decl. ¶23 | |
| | 88. The Deputies used appropriate pre-force tactics that were appropriate and consistent with | Calls for a legal conclusion. |

| | |
|---|---|
| current law enforcement training and practices.<br>***Evidence:*** Flosi Decl. ¶27 | |
| 89. The intermediate non-deadly force responses by Deputy Cassidy were appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death.<br>***Evidence:*** Flosi Decl. ¶27 | Calls for a legal conclusion. |
| 90. The intermediate non-deadly forces responses were appropriate and consistent with current law enforcement training standards in consideration of the "totality of the circumstances" presented to Deputy Cassidy at the moments non-deadly force was used.<br>***Evidence:*** Flosi Decl. ¶27 | Calls for a legal conclusion. |
| 91. The deadly force response by Deputy Stanley was appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death.<br>***Evidence:*** Flosi Decl. ¶30 | Calls for a legal conclusion. |
| 92. The deadly force response was appropriate and consistent with current law enforcement training standards in consideration of the "totality of the circumstances" presented to Deputy Stanley at the moments deadly force was used.<br>***Evidence:*** Flosi Decl. ¶30 | Calls for a legal conclusion. |

//

| | | |
|---|---|---|
| DATED: March 7, 2025 | | LAW OFFICES OF DALE K. GALIPO |
| | By: | *s/ Renee V. Masongsong* |
| | | Dale K. Galipo |
| | | Renee V. Masongsong |
| | | Attorneys for Plaintiff Todderick Randall |