1  Christopher P. Wesierski [Bar No. 086736]
       *cwesierski@wzllp.com*
2  Kathryn J. Harvey [Bar No. 241029]
       *kharvey@wzllp.com*
3  WESIERSKI & ZUREK LLP
   29 Orchard Road
4  Lake Forest, California 92630
   Telephone: (949) 975-1000
5  Facsimile: (949) 756-0517

6

7  Attorneys for Defendants, COUNTY OF
   SAN BERNARDINO, CORRIN
   CASSIDY, and CAMERON STANLEY
8

9              UNITED STATES DISTRICT COURT

       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10

11

12 TODDERICK RANDALL,                 Case No. 5:24-cv-00086-SSS-SP
   individually,                      *Assigned to*:
                                       Hon. Sunshine S. Sykes
13              Plaintiff,
                                       **DEFENDANTS' REPLY TO**
14      vs.                            **PLAINTIFF'S RESPONSIVE**
                                       **SEPARATE STATEMENT OF**
15 COUNTY OF SAN BERNARDINO;           **FACTS**
   CORRIN CASSIDY; CAMERON
16 STANLEY and DOES 1-10, inclusive,   *[Filed Concurrently with Reply to*
                                       *Opposition to Motion for Summary*
17              Defendants.            *Judgment; and Evidentiary Objections]*

18

19                                     **Date:   April 11, 2025**
                                       **Time:  2:00 p.m.**
20                                     **Courtroom:  2**

21

22                                     Trial Date: July 14, 2025

23

24

25

26

27

28

1    Defendants COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and

2  CAMERON STANLEY hereby submit this Reply to Plaintiff's Responsive Separate

3  Statement of Facts.

4  ### <u>DEFENDANTS' REPLY TO PLAINTIFF'S</u>

5  ### <u>RESPONSIVE SEPARATE STATEMENT OF FACTS</u>

6    Pursuant to Rule 56-1, Local Rules of Central District of California, **for**

7  **purposes of this Motion only,** Defendants hereby submit this Reply to Plaintiff's

8  Responsive Separate Statement of Facts.

| Moving Party's Undisputed Facts and Supporting Evidence | Opposing Party's Response to Cited Facts and Supporting Evidence | Moving Party's Response |
|---|---|---|
| 1.    On August 19, 2022, at approximately 12:02 p.m., Deputy Cameron Stanley ("Deputy Stanley") and Deputy Corrin Cassidy ("Deputy Cassidy") responded to a call for service at WinCo Foods ("WinCo"), a grocery store located at 15350 Roy Rogers Drive, in Victorville, California.<br><br>***Evidence:*** Declaration of | Undisputed. | Undisputed. |

WESIERSKI & ZUREK LLP<br>LAWYERS<br>29 ORCHARD ROAD<br>LAKE FOREST, CALIFORNIA 92630<br>(949) 975-1000

4926-7839-1847.2 SBD-00026

**WESIERSKI & ZUREK LLP**

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| Deputy Cameron Stanley "Stanley Decl." ¶ 5; Declaration of Corrin Cassidy "Cassidy Decl." ¶ 4 | | |
| 2.    The reporting party (a WinCo employee) advised dispatch that an African American man, holding an exposed knife in his hand, had taken a bottle of alcohol of the shelf and was drinking it in the alcohol aisle.<br><br>***Evidence:***  Stanley Decl. ¶ 6; Cassidy Decl. ¶ 5 | Disputed to the extent that Mr. Randall had a box cutter as opposed to a knife. | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The type of knife carried by Mr. Randall is irrelevant. |
| 3.    The call for service occurred when the store was open to the public and heavily populated with customers.<br><br>***Evidence:***  Stanley Decl. ¶ 8; Cassidy Decl. ¶ 7 | Disputed to the extent that no customer was in the immediate vicinity of Mr. Randall at the time of the deputies' uses of force.<br>***Evidence:*** "Ex. A" (Stanley Depo.) at 66:11-14; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; | **Mischaracterizes evidence.**<br><br>Numerous customers are seen near Mr. Randall prior to the Deputies arrival at the scene—There are customers one aisle over, at the North |

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | "Ex. D" (Initial Contact Video) at 10:10 – 10:20; Stanley Decl. ¶16; Cassidy Decl. ¶16. | end of the aisle he is standing in, and one customer walks directly next to him.

There is a customer directly behind Mr. Randall at the end of the aisle where he is standing when Deputy Cassidy deploys her taser the first time.

When Mr. Randall begins to run after the first taser, he runs towards two customers at the North end of the aisle.

Customers are also seen near Mr. Randall immediately preceding the second taser deployment, |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | and deployment of lethal force. (Initial Contact Video; Lethal Force Video). |
|---|---|---|
| 4.     When Deputies Stanley and Cassidy (the "Deputies") arrive at the scene, they observed numerous customers.<br><br>***Evidence:*** Stanley Decl. ¶ 8; Cassidy Decl. ¶ 7 | Disputed to the extent that no customer was in the immediate vicinity of Mr. Randall at the time of the deputies' uses of force; Stanley Decl. ¶16; Cassidy Decl. ¶16. ***Evidence***: "Ex. A" (Stanley Depo.) at 66:11-14; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; "Ex. D" (Initial Contact Video) at 10:10 – 10:20. | **Mischaracterizes evidence.**<br><br>Numerous customers are seen near Mr. Randall prior to the Deputies arrival at the scene—There are customers one aisle over, at the North end of the aisle he is standing in, and one customer walks directly next to him.<br><br>There is a customer directly behind Mr. Randall at the end of the aisle where he is standing when Deputy Cassidy |

5

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | | deploys her taser the first time. |
| | | When Mr. Randall begins to run after the first taser, he runs towards two customers at the North end of the aisle. |
| | | Customers are also seen near Mr. Randall immediately preceding the second taser deployment, and deployment of lethal force. (Initial Contact Video; Lethal Force Video). |
| 5.      The parking lot and outside of the store was so heavily populated, the Deputies had to maneuver around people to enter. | Disputed to the extent that no customer was in the immediate vicinity of Mr. Randall at the time of the deputies' uses of | **Mischaracterizes evidence.**<br><br>Numerous customers are seen near Mr. |

6

4926-7839-1847.2 SBD-00026

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975·1000

| | | |
|---|---|---|
| **Evidence:** Stanley Decl. ¶ 8; Cassidy Decl. ¶ 7 | force; Stanley Decl. ¶16; Cassidy Decl. ¶16. **Evidence:** "Ex. A" (Stanley Depo.) at 66:11-14; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; "Ex. D" (Initial Contact Video) at 10:10 – 10:20. | Randall prior to the Deputies arrival at the scene—There are customers one aisle over, at the North end of the aisle he is standing in, and one customer walks directly next to him.<br><br>There is a customer directly behind Mr. Randall at the end of the aisle where he is standing when Deputy Cassidy deploys her taser the first time.<br><br>When Mr. Randall begins to run after the first taser, he runs towards two customers at the North end of the aisle. |

7

| | | Customers are also seen near Mr. Randall immediately preceding the second taser deployment, and deployment of lethal force. (Initial Contact Video; Lethal Force Video). |
|---|---|---|
| 6.      Once they entered the store, Deputy Stanley observed at least 75 customers inside.<br><br>***Evidence:*** Stanley Decl. ¶ 8 | Disputed to the extent that no customer was in the immediate vicinity of Mr. Randall at the time of the deputies' uses of force.<br>***Evidence:*** "Ex. A" (Stanley Depo.) at 66:11-14; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; "Ex. D" (Initial Contact Video) at 10:10 – 10:20; Stanley Decl. ¶16; Cassidy Decl. ¶16. | **Mischaracterizes evidence.**<br><br>Numerous customers are seen near Mr. Randall prior to the Deputies arrival at the scene—There are customers one aisle over, at the North end of the aisle he is standing in, and one customer walks directly next to him.<br><br>There is a customer directly behind Mr. |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

| | | |
|---|---|---|
| | | Randall at the end of the aisle where he is standing when Deputy Cassidy deploys her taser the first time. |
| | | When Mr. Randall begins to run after the first taser, he runs towards two customers at the North end of the aisle. |
| | | Customers are also seen near Mr. Randall immediately preceding the second taser deployment, and deployment of lethal force. (Initial Contact Video; Lethal Force Video). |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 7.    Both Deputies observed numerous customers waiting in lines to check out.<br><br>*Evidence:*  Stanley Decl. ¶ 8; Cassidy Decl. ¶ 7 | Disputed to the extent that no customer was in the immediate vicinity of Mr. Randall at the time of the deputies' uses of force.<br>*Evidence:* "Ex. A" (Stanley Depo.) at 66:11-14; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; "Ex. D" (Initial Contact Video) at 10:10 – 10:20; Stanley Decl. ¶16; Cassidy Decl. ¶16. | **Mischaracterizes evidence.**<br><br>Numerous customers are seen near Mr. Randall prior to the Deputies arrival at the scene—There are customers one aisle over, at the North end of the aisle he is standing in, and one customer walks directly next to him.<br><br>There is a customer directly behind Mr. Randall at the end of the aisle where he is standing when Deputy Cassidy deploys her taser the first time.<br><br>When Mr. Randall begins to run after the first taser, he |

WESIERSKI & ZUREK LLP<br>LAWYERS<br>29 ORCHARD ROAD<br>LAKE FOREST, CALIFORNIA 92630<br>(949) 975-1000

| | | runs towards two customers at the North end of the aisle.<br><br>Customers are also seen near Mr. Randall immediately preceding the second taser deployment, and deployment of lethal force. (Initial Contact Video; Lethal Force Video). |
|---|---|---|
| 8.    The Deputies were greeted outside by the reporting employee, Frank Calderon.<br><br>***Evidence:***  Stanley Decl. ¶ 10; Cassidy Decl. ¶ 9 | Undisputed. | Undisputed. |
| 9.    Mr. Calderon appeared frightened. Mr. Calderon led the Deputies to the alcohol aisle and pointed | Disputed to the extent that Mr. Randall had a box cutter as opposed to a knife. | **Plaintiff fails to provide evidence of a disputed fact.** |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

11

| | | |
|---|---|---|
| out the suspect stating, "that's the guy with the knife." **Evidence:** Stanley Decl. ¶ 10 | Undisputed that Deputy Stanley described in his declaration that Mr. Calderon appeared frightened to him. | The type of knife carried by Mr. Randall is irrelevant. |
| 10.   Mr. Calderon confirmed that he wanted the suspect to leave the store. **Evidence:**  Stanley Decl. ¶ 10; Cassidy Decl. ¶ 9 | Undisputed. | Undisputed. |
| 11.   The suspect was later identified as Plaintiff Roderick Randall ("Mr. Randall.") **Evidence:**  Dkt. 8, Complaint | Undisputed. | Undisputed. |
| 12.   When the Deputies first approached Mr. Randall he was standing alone in the alcohol aisle. **Evidence:**  Stanley Decl. ¶ | Undisputed. | Undisputed. |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

12

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 11 | | |
| 13.   From approximately fifteen (15) feet away, the Deputies observed that Mr. Randall was holding a half-empty, open bottle of alcohol in his left hand.<br><br>***Evidence:*** Stanley Decl. ¶ 11; Cassidy Decl. ¶ 10 | Undisputed. | Undisputed. |
| 14.   In his right hand, Mr. Randall was holding a heavy-duty folding box knife (the kind used in construction) in his right hand.<br><br>***Evidence:*** Stanley Decl. ¶ 11; Cassidy Decl. ¶ 10 | Undisputed. | Undisputed. |
| 15.   The knife handle was approximately 5-6 inches, and the blade was approximately 1 inch. | Disputed to the extent that the blade was never located after the shooting. ***Evidence:*** Clark Decl. at ¶ 13(n); "Ex. B" (Cassidy | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The location of knife |

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| *Evidence:*  Stanley Decl. ¶ 11 | Depo.) at 33:3-7; "Ex. C" (Flosi Depo.) at 40:4-15. | following the incident is irrelevant. |
| 16.    Mr. Randall's eyes were glossed over, he was disoriented, and Deputy Stanley observed him "fumble" when he stepped.<br><br>*Evidence:*  Stanley Decl. ¶ 12; Cassidy Decl. ¶ 11 | Undisputed. | Undisputed. |
| 17.    The Deputies believed Mr. Randall to be under the influence of alcohol.<br><br>*Evidence:*  Stanley Decl. ¶ 12; Cassidy Decl. ¶ 11 | Undisputed. | Undisputed. |
| 18.    The Deputies therefore began attempting to deescalate the situation and prevent harm to the public by securing the knife held by Mr. Randall, and detain Mr. Randall.<br><br>*Evidence:*  Stanley Decl. ¶ | Disputed that the deputies attempted to deescalate the situation. Officers are trained to deescalate a situation. In violation of basic police  training, Deputy Cassidy escalated the situation when she Tased Mr. Randall. | **Improper argument.**<br><br>**Fails to provide evidence of a disputed fact.**<br><br>Plaintiff provides no evidence that Deputy |

14

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 14; Cassidy Decl. ¶ 13 | *Evidence:* "Ex. C" (Flosi Depo.) at 12:4-6; Clark Decl. at ¶¶ 14(c), 15(b). <br><br> Further disputed to the extent that Mr. Randall had box cutter as opposed to a knife. | Cassidy escalated the situation when she tased Mr. Randall— the referenced portions of the Clark Decl. do not support this conclusion. |
| 19.     At this point in the encounter, the Deputies believed there was probable cause a suspected crime had been committed, because he the manager wanted Mr. Randall removed from the store, constituting trespassing; Mr. Randall appeared to be publicly intoxicated; and Mr. Randall was brandishing a weapon. *Evidence:*  Stanley Decl. ¶ 13; Cassidy Decl. ¶ 12 | Undisputed. | Undisputed. |
| 20.     The Deputies approached Mr. Randall, and stood approximately 15 feet | Undisputed. | Undisputed. |

15

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| away from him.<br><br>*Evidence:* Stanley Decl. ¶ 11; Cassidy Decl. ¶ 15 | | |
| 21.     The Deputies stood side by side.<br><br>*Evidence:* Stanley Decl. ¶ 16; Cassidy Decl. ¶ 16 | Undisputed. | Undisputed. |
| 22.     There was no other customers in the aisle.<br><br>*Evidence:* Stanley Decl. ¶ 16; Cassidy Decl. ¶ 16 | Undisputed. | Undisputed. |
| 23.     When Mr. Randall faced the Deputies, Deputy Cassidy stated, "Hey, man, what's going on?"<br><br>*Evidence:* Cassidy Decl. ¶ 14 | Undisputed. | Undisputed. |

16

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 24.    Then Deputy Stanley stated, "Hey, man, can you do me a favor and toss the knife to the side?"<br><br>*Evidence:*  Stanley Decl. ¶ 15 | Undisputed. | Undisputed. |
| 25.    Mr. Randall did not verbally respond to either question.<br><br>*Evidence:*  Stanley Decl. ¶ 15; Cassidy Decl. ¶ 14 | Disputed to the extent that the deputies had no information about Mr. Randall's ability to understand and comply with commands and did not assess that ability. *Evidence:* Clark Decl. at ¶ 13(r). | **Fails to provide evidence of a disputed fact.**<br><br>The entire encounter with Mr. Randall lasted approximately one (1) minute or less.<br>(Initial Contact Video; Lethal Force Video.)<br><br>Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to |

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

17

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | | stabilize the situation prior to making any effort to evaluate if a subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental illness. In this incident, Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation. (Flosi Decl. ¶ 23.)<br><br>Mr. Randall had the capacity to verbally communicate with the Officers. (See Defendants' Undisputed Fact No. 47.) |

18

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 26.    Instead, in response, he took an aggressive, "bladed" stance: Mr. Randall flexed both of his arms in front of his body with his elbows slightly bent.<br><br>***Evidence:***  Stanley Decl. ¶ 15; Cassidy Decl. ¶ 10 | Disputed that Mr. Randall took an "aggressive, bladed stance" and flexed his arms.<br>***Evidence:*** "Ex. D" (Initial Contact Video) at 9:50 – 10:20.<br><br>Further disputed to the extent that Mr. Randall had box cutter as opposed to a knife. | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The type of knife carried by Mr. Randall is irrelevant.<br><br>Mr. Randall's stance is visible in the Initial Contact Video. |
| 27.    His hands were near his waistband area, balled into fists. In this aggressive, bladed stance, Mr. Randall continued to hold the bottle of alcohol in his left hand and the knife in his right hand.<br>***Evidence:***  Stanley Decl. ¶ 15; Cassidy Decl. ¶ 10 | Disputed that Mr. Randall took an "aggressive, bladed stance" and balled his hands into fists.  His hands were gripping the bottle and box cutter.<br>***Evidence:*** "Ex. D" (Initial Contact Video) at 9:50 – 10:20.<br><br>Further disputed to the extent that Mr. Randall had box cutter as opposed to a knife. | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The type of knife carried by Mr. Randall is irrelevant.<br><br>Mr. Randall's stance is visible in the Initial Contact Video. |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 28.    Mr. Randall's body language appeared as if he wanted to fight.<br><br>*Evidence:*  Stanley Decl. ¶ 15 | Disputed that Mr. Randall appeared as if he wanted to fight.<br>*Evidence:* "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>Mr. Randall's stance is visible in the Initial Contact Video. |
| 29.    Deputy Stanley then asked Mr. Randall to drop the knife.<br><br>*Evidence:*  Stanley Decl. ¶ 17 | Undisputed. | Undisputed. |
| 30.    Again, Mr. Randall did not verbally respond.<br><br>*Evidence:*  Stanley Decl. ¶ 17 | Disputed to the extent that the deputies had no information about Mr. Randall's ability to understand and comply with commands and did not assess that ability.<br>*Evidence:* Clark Decl. at ¶ 13(r). | **Plaintiff Fails to provide evidence of a disputed fact.**<br><br>The entire encounter with Mr. Randall lasted approximately one (1) minute or less.<br>(Initial Contact Video; Lethal Force Video.) |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

20

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | | Officers are trained |
| 2 | | that they must first |
| 3 | | deal with any |
| 4 | | dangerous actions |
| 5 | | and behaviors of a |
| 6 | | subject in order to |
| 7 | | stabilize the situation |
| 8 | | prior to making any |
| 9 | | effort to evaluate if a |
| 10 | | subject; (1) is |
| 11 | | possibly suffering |
| 12 | | from mental |
| 13 | | psychosis, or (2) has |
| 14 | | a pre-existing mental |
| 15 | | illness. In this |
| 16 | | incident, Mr. Randall |
| 17 | | did not allow the |
| 18 | | opportunity for the |
| 19 | | officers to conduct |
| 20 | | any such evaluation. |
| 21 | | (Flosi Decl. ¶ 23.) |
| 22 | | |
| 23 | | Mr. Randall had the |
| 24 | | capacity to verbally |
| 25 | | communicate with |
| 26 | | the Officers. |
| 27 | | (See Defendants' |

28

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | Undisputed Fact No. 47.) |
|---|---|---|
| 31.    In response, he swayed back and forth in an aggressive manner.<br><br>*Evidence:*  Stanley Decl. ¶ 17 | Disputed that Mr. Randall was "aggressive."<br>*Evidence:* "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>Mr. Randall's movements are visible in the Initial Contact Video. |
| 32.    He appeared agitated and the muscles in his face were flexed.<br><br>*Evidence:*  Stanley Decl. ¶ 17 | Disputed.<br>*Evidence:* "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | |
| 33.    He glared at the Deputies in an aggressive manner.<br><br>*Evidence:*  Stanley Decl. ¶ 17 | Disputed.<br>*Evidence:* "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | **Plaintiff Fails to provide evidence of a disputed fact.** |
| 34.    Deputy Cassidy then ordered Mr. Randall two or three times to, "drop the knife" and "put the knife | Undisputed. | Undisputed. |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

22

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| down." **Evidence:** Cassidy Decl. ¶ 15 | | |
| 35.    When he did not respond verbally, and continued to hold an aggressive stance. **Evidence:** Cassidy Decl. ¶ 15 | Disputed that Mr. Randall was in an "aggressive" stance. **Evidence:** "Ex. D" (Initial Contact Video) at 9:50 – 10:20. Disputed to the extent that the deputies had no information about Mr. Randall's ability to understand and comply with commands and did not assess that ability. **Evidence:** Clark Decl. at ¶ 13(r). | **Fails to provide evidence of a disputed fact.** The entire encounter with Mr. Randall lasted approximately one (1) minute or less. (Initial Contact Video; Lethal Force Video.) Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a subject; (1) is |

23

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | | possibly suffering from mental psychosis, or (2) has a pre-existing mental illness. In this incident, Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation. (Flosi Decl. ¶ 23.)<br><br>Mr. Randall had the capacity to verbally communicate with the Officers. (See Defendants' Undisputed Fact No. 47.) |
| 36.    At this time, Deputy Cassidy unholstered her taser and put both lasers (from the taser) at/near Mr. Randall's chest/upper body.<br><br>*Evidence:*  Cassidy Decl. ¶ 15 | Undisputed. | Undisputed. |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 37.   While Deputy Cassidy pointed her taser at Mr. Randall, Deputy Stanley continued to give Mr. Randall verbal commands.<br><br>***Evidence:***  Stanley Decl. ¶ 18, 19; Cassidy Decl. ¶ 15 | Undisputed. | Undisputed. |
| 38.   Deputy Stanley asked Mr. Randall a third time to drop the knife, and Mr. Randall again refused.<br><br>***Evidence:***  Stanley Decl. ¶ 18 | Disputed to the extent that the deputies had no information about Mr. Randall's ability to understand and comply with commands and did not assess that ability. ***Evidence:*** Clark Decl. at ¶ 13(r). | **Plaintiff Fails to provide evidence of a disputed fact.**<br><br>The entire encounter with Mr. Randall lasted approximately one (1) minute or less.<br>(Initial Contact Video; Lethal Force Video.)<br><br>Officers are trained that they must first deal with any dangerous actions and behaviors of a |

WESIERSKI & ZUREK LLP<br>LAWYERS<br>29 ORCHARD ROAD<br>LAKE FOREST, CALIFORNIA 92630<br>(949) 975-1000

25

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | | subject in order to stabilize the situation prior to making any effort to evaluate if a subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental illness. In this incident, Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation. (Flosi Decl. ¶ 23.) |
| | | Mr. Randall had the capacity to verbally communicate with the Officers. (See Defendants' Undisputed Fact No. 47.) |
| 39.    Mr. Randall continued to flex his arms with the knife in his hand. | Disputed that Mr. Randall was flexing his arms. ***Evidence:*** "Ex. D" | **Fails to provide evidence of a disputed fact.** |

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| *Evidence:* Stanley Decl. ¶ 18 | (Initial Contact Video) at 9:50 – 10:20. | Mr. Randall's stance and movements are visible in the Initial Contact Video. |
| 40.    Deputy Stanley commanded Mr. Randall to drop the knife at least three more times.<br><br>*Evidence:* Stanley Decl. ¶ 19 | Undisputed. | Undisputed. |
| 41.    Mr. Randall refused all verbal commands, and continued to flex his arms with the knife in his hand and stare at the Deputies in an aggressive manner.<br><br>*Evidence:* Stanley Decl. ¶ 19; Cassidy Decl. ¶ 14, 15, 17 | Disputed that Mr. Randall was "aggressive."<br><br>*Evidence:* "Ex. D" (Initial Contact Video) at 9:50 – 10:20.<br><br>Disputed to the extent that the deputies had no information about Mr. Randall's ability to understand and comply with commands and did not assess that ability.<br>*Evidence:* Clark Decl. at | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>Mr. Randall's stance and demeanor is visible in the Initial Contact Video.<br><br>The entire encounter with Mr. Randall lasted approximately one (1) minute or less.<br>(Initial Contact |

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | ¶ 13(r). | Video; Lethal Force Video.)
Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental illness. In this incident, Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation. (Flosi Decl. ¶ 23.)
Mr. Randall had the capacity to verbally |
|---|---|---|

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | communicate with the Officers. (See Defendants' Undisputed Fact No. 47.) |
|---|---|---|
| 42.    Based on his aggressive stance, the Deputies believed Mr. Randall could advance toward them or other customer in the store.<br><br>***Evidence:***  Stanley Decl. ¶ 20 | ***Evidence:*** "Ex. D" (Initial Contact Video) at 9:50 – 10:20.<br><br>Further disputed as to the deputies' speculation on what Mr. Randall "could" do.<br><br>At the time of this incident, Deputies Stanley and Cassidy had never seen Mr. Randall before and did not know anything about him.<br><br>An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>**Improper argument.** |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

29

| | | |
|---|---|---|
| | but is one that from appearances, must be instantly confronted and addressed.<br>***Evidence:*** "Ex. C" (Flosi Depo.) at 20:9-25; Clark Decl. at ¶ 11(d).<br><br>Police standards instruct that subjective fear alone does not justify the use of deadly force.<br>***Evidence:*** Clark Decl. at ¶ 14(i). | |
| 43.    Based upon his failure to comply with the Deputies commands and his aggressive stance, Deputy Cassidy deployed her taser at Mr. Randall.<br><br>***Evidence:***  Stanley Decl. ¶ 22; Cassidy Decl. ¶ 17 | Disputed that Mr. Randall was "aggressive."<br><br>***Evidence:*** "Ex. D" (Initial Contact Video) at 9:50 – 10:20.<br><br>Disputed to the extent that the deputies had no information about Mr. Randall's ability to understand and comply with commands and did | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>**See Undisputed Fact no. 47.** |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | not assess that ability. ***Evidence:*** Clark Decl. at ¶ 13(r).<br><br>Deputy Cassidy has been trained that police officers cannot Tase someone for seeing a weapon in their hand, for that fact alone.<br><br>***Evidence:*** "Ex. B" (Cassidy Depo.) at 9:5-7. | |
| 44.    When she deployed her taser she was approximately 10 feet away from Mr. Randall. ***Evidence:*** Stanley Decl. ¶ 21; Cassidy Decl. ¶ 18 | Disputed.<br><br>Deputy Cassidy was approximately 10- 15 feet from Mr. Randall when she deployed her Taser the first time. ***Evidence:*** "Ex. B" (Cassidy Depo.) at 12:24-13:7, 13:23-25. | **Plaintiff fails to provide evidence of a disputed fact.** |
| 45.    Both taser prongs struck Mr. Randall in his upper torso area, toward the right side of his chest. | Undisputed. | Undisputed. |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| *Evidence:* Stanley Decl. ¶ 22; Cassidy Decl. ¶ 19 | | |
| 46.    When the taser prongs hit him, Mr. Randall dropped the bottle of alcohol, but continued to hold the knife in his right hand.<br><br>*Evidence:* Stanley Decl. ¶ 22 | Disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the shooting. *Evidence:* Clark Decl. at ¶ 13(n). | **Plaintiff fails to provide evidence of a disputed fact.** |
| 47.    Upon being hit with the prongs, Mr. Randall yelled, "Fuck you," and immediately tried to swipe them and pull them (the prongs/wires) from his chest, using his left hand.<br><br>*Evidence:* Stanley Decl. ¶ | Disputed to the extent that police officers are trained that pulling the Taser probes out after being struck is one response by individuals being Tased. *Evidence:* "Ex. A" (Stanley Depo.) at 35:22- | **Plaintiff Fails to provide evidence of a disputed fact.**<br><br>The entire encounter with Mr. Randall lasted approximately one (1) minute or less.<br>(Initial Contact |

32

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 23; Cassidy Decl. ¶ 19 | 36:2; "Ex. B" (Cassidy Depo.) at 15:7-10. | Video; Lethal Force Video.) |
| | | Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental illness. In this incident, Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation. (Flosi Decl. ¶ 23.) |
| | | Mr. Randall had the capacity to verbally |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | | communicate with the Officers. (See Defendants' Undisputed Fact No. 47.) |
| 48.    While the taser prongs where still in his body, Deputy Cassidy ordered Mr. Randall to, "get on the ground."<br><br>*Evidence:*  Cassidy Decl. ¶ 19 | Undisputed. | Undisputed. |
| 49.    Mr. Randall ignored Deputy Cassidy's demands and continued to try to remove the prongs/wires from his body.<br><br>*Evidence:*  Cassidy Decl. ¶ 19 | Disputed to the extent that police officers are trained that pulling the Taser probes out after being struck is one response by individuals being Tased. *Evidence:* "Ex. A" (Stanley Depo.) at 35:22-36:2; "Ex. B" (Cassidy Depo.) at 15:7-10.<br><br>Disputed to the extent that the deputies had no | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The entire encounter with Mr. Randall lasted approximately one (1) minute or less. (Initial Contact Video; Lethal Force Video.)<br><br>Officers are trained |

34

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | | |
|---|---|---|---|
| 1 | | information about Mr. Randall's ability to understand and comply with commands and did not assess that ability. ***Evidence:*** Clark Decl. at ¶ 13(r) | that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental illness. In this incident, Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation. (Flosi Decl. ¶ 23.) |
| | | | Mr. Randall had the capacity to verbally communicate with the Officers. (See Defendants' Undisputed Fact No. |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

35

| | | |
|---|---|---|
| | | 47.) |
| 50.    While the taser prongs were in his body, Deputy Stanley verbally commanded Mr. Randall, at least two times to, "get on the ground," but he refused to get on the ground.<br><br>***Evidence:***  Stanley Decl. ¶ 24 | Disputed to the extent that the deputies had no information about Mr. Randall's ability to understand and comply with commands and did not assess that ability.<br>***Evidence:*** Clark Decl. at ¶ 13(r). | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The entire encounter with Mr. Randall lasted approximately one (1) minute or less.<br>(Initial Contact Video; Lethal Force Video.)<br><br>Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a subject; (1) is possibly suffering |

36

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | | from mental psychosis, or (2) has a pre-existing mental illness. In this incident, Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation. (Flosi Decl. ¶ 23.) |
| | | Mr. Randall had the capacity to verbally communicate with the Officers. (See Defendants' Undisputed Fact No. 47.) |
| 51. Despite the less-lethal purpose of a taser, the taser prongs did not physically affect or incapacitate Mr. Randall in manner. **Evidence:** Stanley Decl. ¶ 25; Cassidy Decl. ¶ 21 | Disputed. Mr. Randall reacted to the Taser. After the first Taser deployment, Mr. Randall ran away from the deputies. Police officers, including Deputy Cassidy, are | **Plaintiff fails to provide evidence of a disputed fact.** Mr. Randall's ability to run from the officers is evidence that the taser did not physically |

37

4926-7839-1847.2 SBD-00026

| | | |
|---|---|---|
| | trained that a common response to being Tased is to run from the Taser. ***Evidence:*** "Ex. A" (Stanley Depo.) at 44:4-9; "Ex. B" (Cassidy Depo.) at 15:4-6, 17:11-16, 21:2-4, 26:22-27:1; "Ex. C" (Flosi Depo.) at 30:4-16, 34:15-35:9;"Ex. D" (Initial Contact Video) at 10:13 – 10:30; Clark Decl. at ¶ 10(e). | incapacitate him. |
| 52.    Deputy Cassidy was scared for her safety and the safety of others because this was the first time in her career she had ever observed a taser fail to subdue a suspect in any manner.<br><br>***Evidence:***  Cassidy Decl. ¶ 21, 22 | Disputed to the extent that police standards instruct that subjective fear alone does not justify the use of deadly force. ***Evidence:*** Clark Decl. at ¶ 14(i). | **Plaintiff fails to provide evidence of a disputed fact.** |
| 53.    After Mr. Randall successfully removed the taser prongs/wires from his body, he took a few steps | Disputed to the extent that an imminent harm is not merely a fear of future harm, no matter | **Plaintiff fails to provide evidence of a disputed fact.** |

WESIERSKI & ZUREK LLP<br>LAWYERS<br>29 ORCHARD ROAD<br>LAKE FOREST, CALIFORNIA 92630<br>(949) 975-1000

| | |
|---|---|
| backwards, turned and began fleeing from Deputy Stanley and Deputy Cassidy— running toward other area(s) of the store where there were customers. | how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. |
| **Evidence:** Stanley Decl. ¶ 24, 26; Cassidy Decl. ¶ 20 | **Evidence:** "Ex. C" (Flosi Depo.) at 20:9-25; Clark Decl. at ¶ 11(d).<br><br>Police standards instruct that subjective fear alone does not justify the use of deadly force.<br><br>Police officers, including Deputy Cassidy, are trained that a common response to being Tased is to run from the Taser. **Evidence:** "Ex. B" (Cassidy Depo.) at 15:4-6; "Ex. C" (Flosi Depo.) at 34:15-35:9; Clark Decl. at ¶ 10(e). |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

39

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | Disputed to the extent that no customer was in the immediate vicinity of Mr. Randall at the time of the deputies' uses of force; Stanley Decl. ¶16; Cassidy Decl. ¶16.<br><br>***Evidence:*** "Ex. A" (Stanley Depo.) at 66:11-14; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; "Ex. D" (Initial Contact Video) at 10:10 – 10:20. | |
| 54.    The Deputies pursued him on foot—Deputy Cassidy was a few paces ahead of Deputy Stanley, who followed closely behind.<br><br>***Evidence:***  Stanley Decl. ¶ 27; Cassidy Decl. ¶ 23 | Undisputed. | Undisputed. |
| 55.    Mr. Randall ran north down the alcohol aisle and began to round east corner of | Undisputed. | Undisputed. |

40

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| the end of the aisle.<br><br>***Evidence:*** Stanley Decl. ¶ 28; Cassidy Decl. ¶ 23 | | |
| 56.    As he rounded the corner, the Deputies lost sight of Mr. Randall for approximately 1 second.<br><br>***Evidence:*** Stanley Decl. ¶ 28; Cassidy Decl. ¶ 23 | Undisputed. | Undisputed. |
| 57.    When Deputy Cassidy rounded the east corner of the aisle, Mr. Randall came back into her view.<br><br>***Evidence:*** Cassidy Decl. ¶ 23 | Undisputed. | Undisputed. |
| 58.    Mr. Randall had stopped running.<br><br>***Evidence:*** Cassidy Decl. ¶ 23 | Undisputed. | Undisputed. |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 59.    He turned around and was facing Deputy Cassidy.<br><br>***Evidence:***  Cassidy Decl. ¶ 23 | Undisputed. | Undisputed. |
| 60.    Mr. Randall held the knife in his right hand, raised his right hand above his head, and swung the knife downward toward Deputy Cassidy in a slashing manner.<br><br>***Evidence:***  Stanley Decl. ¶ 29; Cassidy Decl. ¶ 23 | Disputed.<br><br>Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to either of Deputy Cassidy's two Taser deployments or prior to Deputy Stanley's shooting. Deputy Cassidy never stated in her initial interview or deposition that Mr. Randall made any swinging, slashing, or stabbing motions with the box cutter.<br>***Evidence:*** "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶¶ 10(i), 10(l). | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |

42

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

1     Further, no person was

2     within striking distance of

3     Mr. Randall when Deputy

4     Cassidy deployed her

5     Taser the second time or

6     when Deputy Stanley

7     fired his shots. Deputy

8     Cassidy was

9     approximately eight to

10     ten feet from Mr. Randall

11     when she deployed her

12     Taser the second time.

13     Deputy Stanley was

14     approximately 10 – 12

15     feet from Mr. Randall

16     when he started firing his

17     weapon.

18     ***Evidence:*** "Ex. A"

19     (Stanley Depo.) at 28:3-9;

20     Clark Decl. at ¶¶ 10(j),

21     13(k); "Ex. E" (Lethal

22     Force Video) at 00:04 –

23     00:08.

24

25     Mr. Randall was not

26     moving forward when

27     Deputy Cassidy deployed

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

43

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | her Taser the second time. | |
| | ***Evidence:*** "Ex. A" (Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14, 36:6-16; 43:10-20; "Ex. D" (Video) at; Clark Decl. at ¶ 10(i); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |
| | Further disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the shooting. | |
| | ***Evidence:*** Clark Decl. at ¶ 13(n). | |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

44

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| 61.    Deputy Cassidy was approximately 3 to 5 feet from Mr. Randall while he was swinging the knife in her direction.<br><br>***Evidence:*** Stanley Decl. ¶ 29; Cassidy Decl. ¶ 23 | Disputed.<br><br>Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to either of Deputy Cassidy's two Taser deployments or prior to Deputy Stanley's shooting. Deputy Cassidy never stated in her initial interview or deposition that Mr. Randall made any swinging, slashing, or stabbing motions with the box cutter.<br>***Evidence:*** "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶¶ 10(i), 10(l).<br><br>Further, no person was within striking distance of Mr. Randall when Deputy Cassidy deployed her Taser the second time or when Deputy Stanley | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06).<br><br>The location of the knife following the encounter is irrelevant. |

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1 | fired his shots. Deputy | |
| 2 | Cassidy was | |
| 3 | approximately eight to | |
| 4 | ten feet from Mr. Randall | |
| 5 | when she deployed her | |
| 6 | Taser the second time. | |
| 7 | Deputy Stanley was | |
| 8 | approximately 10 – 12 | |
| 9 | feet from Mr. Randall | |
| 10 | when he started firing his | |
| 11 | weapon. | |
| 12 | *Evidence:* "Ex. A" | |
| 13 | (Stanley Depo.) at 28:3-9; | |
| 14 | Clark Decl. at ¶¶ 10(j), | |
| 15 | 13(k); "Ex. E" (Lethal | |
| 16 | Force Video) at 00:04 – | |
| 17 | 00:08. | |
| 18 | | |
| 19 | Mr. Randall was not | |
| 20 | moving forward when | |
| 21 | Deputy Cassidy deployed | |
| 22 | her Taser the second | |
| 23 | time. | |
| 24 | *Evidence:* "Ex. A" | |
| 25 | (Stanley Depo.) at 42:9- | |
| 26 | 14, "Ex. B" (Cassidy | |
| 27 | Depo.) at 30:8-14, 36:6- | |
| 28 | | |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

46

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

16; 43:10-20; "Ex. D" (Video) at; Clark Decl. at ¶ 10(i); "Ex. E" (Lethal Force Video) at 00:04 – 00:08.

Further disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the shooting.

*Evidence:* Clark Decl. at ¶ 13(n).

Law enforcement later located the handle of the box cutter under a shelf after the shooting but were unable to locate a blade.

*Evidence*: Clark Decl. at

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | ¶ 13(n); "Ex. B" (Cassidy Depo.) at 33:3-7; "Ex. C" (Flosi Depo.) at 40:4-15. | |
| 62.    While Mr. Randall was swinging the knife at Deputy Cassidy, and in an effort to disarm him, Deputy Cassidy deployed her taser at Mr. Randall a second time.<br><br>*Evidence:*  Cassidy Decl. ¶ 24 | Disputed.<br><br>Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to either of Deputy Cassidy's two Taser deployments or prior to Deputy Stanley's shooting. Deputy Cassidy never stated in her initial interview or deposition that Mr. Randall made any swinging, slashing, or stabbing motions with the box cutter.<br>*Evidence:* "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ ¶ 10(i), 10(l).<br><br>Further, no person was within striking distance of Mr. Randall when Deputy | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |

48

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

| | |
|---|---|
| 1 | Cassidy deployed her |
| 2 | Taser the second time or |
| 3 | when Deputy Stanley |
| 4 | fired his shots. Deputy |
| 5 | Cassidy was |
| 6 | approximately eight to |
| 7 | ten feet from Mr. Randall |
| 8 | when she deployed her |
| 9 | Taser the second time. |
| 10 | Deputy Stanley was |
| 11 | approximately 10 – 12 |
| 12 | feet from Mr. Randall |
| 13 | when he started firing his |
| 14 | weapon. |
| 15 | ***Evidence:*** "Ex. A" |
| 16 | (Stanley Depo.) at 28:3-9; |
| 17 | Clark Decl. at ¶¶ 10(j), |
| 18 | 13(k); "Ex. E" (Lethal |
| 19 | Force Video) at 00:04 – |
| 20 | 00:08. |
| 21 | |
| 22 | Mr. Randall was not |
| 23 | moving forward when |
| 24 | Deputy Cassidy deployed |
| 25 | her Taser the second |
| 26 | time. |
| 27 | ***Evidence:*** "Ex. A" |
| 28 | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

|  |  |  |
|---|---|---|
|  | (Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14, 36:6-16; 43:10-20; "Ex. D" (Video) at; Clark Decl. at ¶ 10(i); "Ex. E" (Lethal Force Video) at 00:04 – 00:08.

Further disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the shooting. *Evidence:* Clark Decl. at ¶ 13(n). |  |
| 63.    As she fired the taser the second time, Deputy Cassidy lost her footing and | Undisputed. | Undisputed. |

50

| | | |
|---|---|---|
| fell backwards.<br><br>***Evidence:*** Cassidy Decl. ¶ 24 | | |
| 64. The second taser shot hit Mr. Randall, however it, again, did not have a physical effect on him.<br><br>***Evidence:*** Cassidy Decl. ¶ 24 | Disputed.<br><br>In violation of basic police training, Deputy Cassidy escalated the situation when she Tased Mr. Randall.<br>***Evidence:*** Clark Decl. at ¶ 15(b).<br><br>The deputies failed to provide Mr. Randall a reasonable opportunity to comply with Deputy Cassidy's second Taser Deployment before using deadly force against Mr. Randall; in other words, the deputies did not allow time to determine whether the second Taser deployment had a | **Plaintiff fails to provide evidence of a disputed fact.** |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

51

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | | physical effect on Mr. Randall. |
| 2 | | |
| 3 | | *Evidence:* Clark Decl. at |
| 4 | | ¶ 15(g). |
| 5 | | |
| 6 | | Deputy Stanley fired his |
| 7 | | shots within |
| 8 | | approximately one |
| 9 | | second of Deputy Cassidy |
| 10 | | deploying her Taser for |
| 11 | | the second time. |
| 12 | | *Evidence:* "Ex. A" |
| 13 | | (Stanley Depo.) at |
| 14 | | 53:2-5, 64:21-65:4; "Ex. |
| 15 | | B" (Cassidy Depo.) at |
| 16 | | 29:8-12; "Ex. E" (Lethal |
| 17 | | Force Video) at 00:04 – |
| 18 | | 00:08; Clark Decl. at ¶ |
| 19 | | 13(h). |
| 20 | | |
| 21 | | Deputy Cassidy did not |
| 22 | | give Mr. Randall any |
| 23 | | commands prior to |
| 24 | | Tasing him the second |
| 25 | | time. |
| 26 | | *Evidence:* "Ex. B" |
| 27 | | (Cassidy Depo.) at 22:6- |
| 28 | | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | 9; Clark Decl. at ¶ 15(f). | |
| 65.    Deputy Stanley rounded the east corner of the aisle almost simultaneous to the time Deputy Cassidy rounded the east corner of the aisle.<br><br>***Evidence:***  Cassidy Decl. ¶ 23 | Undisputed. | Undisputed. |
| 66.    As he rounded the aisle, Mr. Randall came back into Deputy Stanley's sight line, and Deputy Stanley observed Mr. Randall raising his right hand up holding the box knife and swinging the knife in a downward motion, with a forward angle.<br><br>***Evidence:***  Stanley Decl. ¶ 29 | Disputed.<br><br>Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to Deputy Stanley's shooting. Deputy Cassidy never stated in her initial interview or deposition that Mr. Randall made any swinging, slashing, or stabbing motions with the box cutter.<br>***Evidence:*** "Ex. E" (Lethal Force Video) at | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

00:04 – 00:08; Clark
Decl. at ¶¶ 10(i), 10(l).

No person was within
striking distance of Mr.
Randall when Deputy
Stanley fired his shots.
Deputy Cassidy was
approximately eight to
ten feet from Mr. Randall
at the time of the
shooting. Deputy Stanley
was approximately 10 –
12 feet from Mr. Randall
when Deputy Stanley
started firing his weapon.
***Evidence:*** "Ex. A"
(Stanley Depo.) at 28:3-9;
Clark Decl. at ¶¶ 10(j),
13(k); "Ex. E" (Lethal
Force Video) at 00:04 –
00:08.

Deputy Stanley stepped
backward after he fired
his first shot, creating
distance between himself

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and Mr. Randall.

***Evidence:*** "Ex. A"

(Stanley Depo.) at 41:14-

21; "Ex. C" (Flosi Depo.)

at 37:11-15; Clark Decl.

at ¶ 13(m); "Ex. E"

(Lethal Force Video) at

00:04 – 00:08

Mr. Randall fell

backward when Deputy

Stanley was firing his

shots, creating distance

between Deputy Stanley

and Mr. Randall.

***Evidence:*** "Ex. A"

(Stanley Depo.) at 56:18-

20, 66:4-10; "Ex. C"

(Flosi Depo.) at 37:16-19;

Clark Decl. at ¶ 13(m);

"Ex. E" (Lethal Force

Video) at 00:04 – 00:08.

Further disputed to the

extent that one of the

police reports

(RANDALL/SPD-

55

4926-7839-1847.2 SBD-00026

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | 000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the shooting. ***Evidence:*** Clark Decl. at ¶ 13(n).<br><br>Mr. Randall was not moving forward when Deputy Stanley fired his shots.<br>***Evidence:*** "Ex. A" (Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14; 43:10-20; Clark Decl. at ¶ 13(j); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |
| 67.    Deputy Stanley believed Mr. Randall was lunging at Deputy Cassidy.<br><br>***Evidence:***  Stanley Decl. ¶ | Disputed that an objectively reasonable deputy in Stanley's position would believe that Mr. Randall was | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The Lethal Force |

| 29 | | "lunging." The video evidence does not support that Mr. Randall was "lunging."<br>***Evidence:*** "Ex. E" (Lethal Force Video) at 00:04 – 00:08.<br><br>Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to Deputy Stanley's shooting.<br>***Evidence:*** "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ ¶ 10(i), 10(l).<br><br>Mr. Randall was not attacking or attempting to attack anyone at the time of the shooting.<br>***Evidence:*** "Ex. E" (Lethal Force Video) at 00:04 – 00:08.<br><br>No person was within | Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

striking distance of Mr. Randall when Deputy Stanley fired his shots. Deputy Cassidy was approximately eight to ten feet from Mr. Randall at the time of the shooting. Deputy Stanley was approximately 10 – 12 feet from Mr. Randall when Deputy Stanley started firing his weapon. ***Evidence:*** "Ex. A" (Stanley Depo.) at 28:3-9; Clark Decl. at ¶¶ 10(j), 13(k); "Ex. E" (Lethal Force Video) at 00:04 – 00:08.

Deputy Stanley stepped backward after he fired his first shot, creating distance between himself and Mr. Randall. ***Evidence:*** "Ex. A" (Stanley Depo.) at 41:14-21; "Ex. C" (Flosi Depo.)

58

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

at 37:11-15; Clark Decl.
at ¶ 13(m); "Ex. E"
(Lethal Force Video) at
00:04 – 00:08

Mr. Randall fell
backward when Deputy
Stanley was firing his
shots, creating distance
between Deputy Stanley
and Mr. Randall.
***Evidence:*** "Ex. A"
(Stanley Depo.) at 56:18-
20, 66:4-10; "Ex. C"
(Flosi Depo.) at 37:16-19;
Clark Decl. at ¶ 13(m);
"Ex. E" (Lethal Force
Video) at 00:04 – 00:08.

Mr. Randall was not
moving forward when
Deputy Stanley fired his
shots.
***Evidence:*** "Ex. A"
(Stanley Depo.) at 42:9-
14, "Ex. B" (Cassidy
Depo.) at 30:8-14; 43:10-

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | |
|---|---|
| 1 | 20; Clark Decl. at ¶ 13(j); |
| 2 | "Ex. E" (Lethal Force |
| 3 | Video) at 00:04 – 00:08. |
| 4 | |
| 5 | When Deputy Stanley |
| 6 | fired his shots, Mr. |
| 7 | Randall was being Tased. |
| 8 | **Evidence:** "Ex. A" |
| 9 | (Stanley Depo.) at 53:2-5, |
| 10 | 64:21-65:4; "Ex. B" |
| 11 | (Cassidy Depo.) at 29:8- |
| 12 | 12; "Ex. C" (Flosi Depo.) |
| 13 | at 37:3-10; "Ex. E" |
| 14 | (Lethal Force Video) at |
| 15 | 00:04 – 00:08. |
| 16 | |
| 17 | At the time of the |
| 18 | shooting, Deputy Stanley |
| 19 | was aware that there were |
| 20 | less-lethal options |
| 21 | available. |
| 22 | **Evidence:** "Ex. A" |
| 23 | (Stanley Depo.) at 29:23- |
| 24 | 25; Clark Decl. at ¶ 13(i). |
| 25 | |
| 26 | At the time of the |
| 27 | shooting, Deputy Stanley |
| 28 | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 1 | was aware that Deputy |
| 2 | Cassidy's Taser had a |
| 3 | second cartridge. |
| 4 | ***Evidence:*** "Ex. A" |
| 5 | (Stanley Depo.) at 60:6- |
| 6 | 14; Clark Decl. at ¶ 13(i). |
| 7 | |
| 8 | Deputy Stanley fired his |
| 9 | shots within |
| 10 | approximately one |
| 11 | second of Deputy Cassidy |
| 12 | deploying her Taser for |
| 13 | the second time. |
| 14 | ***Evidence:*** "Ex. A" |
| 15 | (Stanley Depo.) at 53:2-5, |
| 16 | 64:21-65:4; "Ex. B" |
| 17 | (Cassidy Depo.) at 29:8- |
| 18 | 12; "Ex. E" (Lethal Force |
| 19 | Video) at 00:04 – 00:08; |
| 20 | Clark Decl. at ¶ 13(h). |
| 21 | |
| 22 | Police standards instruct |
| 23 | that subjective fear alone |
| 24 | does not justify the use of |
| 25 | deadly force. |
| 26 | ***Evidence:*** Clark Decl. at |
| 27 | ¶ 14(i). |
| 28 | |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

Basic police training and standards instruct, and Deputy Stanley had been trained at the time of the shooting, that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate threat of death or serious bodily injury.

***Evidence:*** "Ex. A" (Stanley Depo.) at 67:8-16; "Ex. C" (Flosi Depo.) at 17:20-18:1; Clark Decl. at ¶ 11(b).

Police officers, including Deputy Stanley, are trained that a threat of death or serious injury is imminent when, based upon the totality of the circumstances, a reasonable officer in

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.

***Evidence:*** "Ex. A" (Stanley Depo.) at 68:24-69:8; Clark Decl. at ¶ 11(c) (citing PC 835a); "Ex. C" (Flosi Depo.) at 18:17-19:8, 19.

An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed.

***Evidence:*** "Ex. C" (Flosi Depo.) at 20:9-25; Clark

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | Decl. at ¶ 11(d).<br><br>Further disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the shooting. ***Evidence:*** Clark Decl. at ¶ 13(n). | |
| 68.     At this moment, Deputy Stanley was approximately 5 to 8 feet from Mr. Randall.<br><br>***Evidence:***  Stanley Decl. ¶ 29 | Disputed.<br><br>Deputy Stanley was approximately 10 – 12 feet from Mr. Randall when he started firing his weapon.<br><br>***Evidence:*** "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>To the extent there is a two-foot discrepancy as to when Deputy Stanley fired his weapon, this discrepancy does not make his acts |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | Decl. at ¶¶ 10(j), 13(l). | unreasonable, and Plaintiff provides no evidence that such a discrepancy is materially relevant. |
| | Deputy Stanley stepped backward after he fired his first shot, creating distance between himself and Mr. Randall. | |
| | *Evidence:* "Ex. A" (Stanley Depo.) at 41:14-21; "Ex. C" (Flosi Depo.) at 37:11-15; Clark Decl. at ¶ 13(m); "Ex. E" (Lethal Force Video) at 00:04 – 00:08 | |
| | Mr. Randall fell backward when Deputy Stanley was firing his shots, creating distance between Deputy Stanley and Mr. Randall. *Evidence:* "Ex. A" (Stanley Depo.) at 56:18-20, 66:4-10; "Ex. C" (Flosi Depo.) at 37:16-19; Clark Decl. at ¶ 13(m); | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |
| 69.    When Deputy Stanley observed Mr. Randall raising his right hand up holding the box knife and swinging the knife down at a forward angle toward Deputy Cassidy, he believed Mr. Randall was attempting to stab or slash Deputy Cassidy.<br><br>*Evidence:*  Stanley Decl. ¶ 30 | Disputed.<br><br>Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to Deputy Stanley's shooting. *Evidence:* "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ ¶ 10(i), 10(l).<br><br>No person was within striking distance of Mr. Randall when Deputy Stanleyfired his shots. Deputy Cassidy was approximately eight to ten feet from Mr. Randall at the time of the shooting. Deputy Stanley was approximately 10 – 12 feet from Mr. Randall when Deputy Stanley | **Plaintiff Fails to provide evidence of a disputed fact.**<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|1| started firing his weapon.|
|2| ***Evidence***: "Ex. A"|
|3| (Stanley Depo.) at 28:3-9;|
|4| Clark Decl. at ¶¶ 10(j),|
|5| 13(k); "Ex. E" (Lethal|
|6| Force Video) at 00:04 –|
|7| 00:08.|
|8| |
|9| Mr. Randall was not|
|10| moving forward when|
|11| Deputy Stanley fired his|
|12| shots.|
|13| ***Evidence:*** "Ex. A"|
|14| (Stanley Depo.) at 42:9-|
|15| 14, "Ex. B" (Cassidy|
|16| Depo.) at 30:8-14; 43:10-|
|17| 20; Clark Decl. at ¶ 13(j);|
|18| "Ex. E" (Lethal Force|
|19| Video) at 00:04 – 00:08.|
|20| |
|21| Mr. Randall was not|
|22| attacking or|
|23| attempting to attack|
|24| anyone at the time of the|
|25| shooting.|
|26| ***Evidence:*** "Ex. E"|
|27| (Lethal Force Video) at|
|28| |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

67

4926-7839-1847.2 SBD-00026

| | | |
|---|---|---|
| 1 | 00:04 – 00:08. | |
| 2 | | |
| 3 | When Deputy Stanley | |
| 4 | fired his shots, Mr. | |
| 5 | Randall was being Tased. | |
| 6 | *Evidence:* "Ex. A" | |
| 7 | (Stanley Depo.) at | |
| 8 | 53:2-5, 64:21-65:4; "Ex. | |
| 9 | B" (Cassidy Depo.) at | |
| 10 | 29:8-12; "Ex. C" (Flosi | |
| 11 | Depo.) at 37:3-10; "Ex. | |
| 12 | E" (Lethal Force Video) | |
| 13 | at 00:04 – 00:08. | |
| 14 | | |
| 15 | At the time of the | |
| 16 | shooting, Deputy Stanley | |
| 17 | was aware that Deputy | |
| 18 | Cassidy's Taser had a | |
| 19 | second cartridge. | |
| 20 | *Evidence:* "Ex. A" | |
| 21 | (Stanley Depo.) at 60:6- | |
| 22 | 14; Clark Decl. at ¶ 13(i). | |
| 23 | | |
| 24 | Deputy Stanley fired his | |
| 25 | shots within | |
| 26 | approximately one | |
| 27 | second of Deputy Cassidy | |
| 28 | | |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

deploying her Taser for the second time.

***Evidence***: "Ex. A" (Stanley Depo.) at 53:2-5, 64:21-65:4; "Ex. B" (Cassidy Depo.) at 29:8-12; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ 13(h).

Police standards instruct that subjective fear alone does not justify the use of deadly force.

Evidence: Clark Decl. at ¶ 14(i).

Basic police training and standards instruct, and Deputy Stanley had been trained at the time of the shooting, that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate threat

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

69

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

of death or serious bodily injury.

**Evidence:** "Ex. A" (Stanley Depo.) at 67:8-16; "Ex. C" (Flosi Depo.) at 17:20-18:1; Clark Decl. at ¶ 11(b).

Police officers, including Deputy Stanley, are trained that a threat of death or serious injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.

**Evidence:** "Ex. A" (Stanley Depo.) at 68:24-69:8; Clark Decl. at ¶

70

11(c) (citing PC 835a); "Ex. C" (Flosi Depo.) at 18:17-19:8, 19.

An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed.

*Evidence:* "Ex. C" (Flosi Depo.) at 20:9-25; Clark Decl. at ¶ 11(d).

Further disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or

71

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | immediately after the initial Taser deployment, before the shooting. *Evidence:* Clark Decl. at ¶ 13(n).<br><br>Law enforcement later located the handle of the box cutter under a shelf after the shooting but were unable to locate a blade. *Evidence:* Clark Decl. at ¶ 13(n); "Ex. B" (Cassidy Depo.) at 33:3-7; "Ex. C" (Flosi Depo.) at 40:4-15. | |
| 70.    To protect Deputy Cassidy from this threat of great bodily harm, serious injury and/or death, Deputy Stanley fired his firearm to stop Mr. Randall from stabbing or slashing Deputy Cassidy.<br><br>*Evidence:*  Stanley Decl. ¶ 32; Cassidy Decl. ¶ 25 | Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to Deputy Stanley's shooting. *Evidence:* "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ ¶ 10(i), 10(l).<br><br>Mr. Randall was not | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | attacking or attempting to attack anyone at the time of the shooting.<br>***Evidence:*** "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Force Video at 00:04 – 00:06). |
| | No person was within striking distance of Mr. Randall when Deputy Stanley fired his shots. Deputy Cassidy was approximately eight to ten feet from Mr. Randall at the time of the shooting. Deputy Stanley was approximately 10 – 12 feet from Mr. Randall when Deputy Stanley started firing his weapon.<br>***Evidence:*** "Ex. A" (Stanley Depo.) at 28:3-9; Clark Decl. at ¶¶ 10(j), 13(k); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

73

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | Mr. Randall was not | |
| 2 | moving forward when | |
| 3 | Deputy Stanley fired his | |
| 4 | shots. | |
| 5 | ***Evidence:*** "Ex. A" | |
| 6 | (Stanley Depo.) at 42:9- | |
| 7 | 14, "Ex. B" (Cassidy | |
| 8 | Depo.) at 30:8-14; 43:10- | |
| 9 | 20; Clark Decl. at ¶ | |
| 10 | 13(j); "Ex. E" (Lethal | |
| 11 | Force Video) at 00:04 – | |
| 12 | 00:08. | |
| 13 | When Deputy Stanley | |
| 14 | fired his shots, | |
| 15 | Mr. Randall was being | |
| 16 | Tased. | |
| 17 | ***Evidence:*** "Ex. A" | |
| 18 | (Stanley Depo.) at | |
| 19 | 53:2-5, 64:21-65:4; "Ex. | |
| 20 | B" (Cassidy Depo.) at | |
| 21 | 29:8-12; "Ex. C" (Flosi | |
| 22 | Depo.) at 37:3-10; "Ex. | |
| 23 | E" (Lethal Force Video) | |
| 24 | at 00:04 – 00:08. | |
| 25 | | |
| 26 | At the time of the | |
| 27 | shooting, Deputy Stanley | |
| 28 | | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

was aware that there were
less-lethal options
available.

***Evidence:*** "Ex. A"
(Stanley Depo.) at 29:23-
25; Clark Decl. at ¶ 13(i).

At the time of the
shooting, Deputy
Stanley was aware that
Deputy Cassidy's Taser
had a second cartridge.

***Evidence:*** "Ex. A"
(Stanley Depo.) at 60:6-
14; Clark Decl. at ¶ 13(i).

Deputy Stanley fired his
shots within
approximately one
second of Deputy Cassidy
deploying her Taser for
the second time.

***Evidence:*** "Ex. A"
(Stanley Depo.) at
53:2-5, 64:21-65:4; "Ex.
B" (Cassidy Depo.) at
29:8-12; "Ex. E" (Lethal

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

75

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1 | Force Video) at 00:04 – 00:08; Clark Decl. at ¶ 13(h). | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | Police standards instruct that subjective fear alone does not justify the use of deadly force. | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | ***Evidence:*** Clark Decl. at ¶ 14(i). | |
| 10 | | |
| 11 | | |
| 12 | Basic police training and standards instruct, and Deputy Stanley had been trained at the time of the shooting, that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate threat of death or serious bodily injury. | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | ***Evidence:*** "Ex. A" (Stanley Depo.) at 67:8-16; "Ex. C" (Flosi Depo.) at 17:20-18:1; Clark | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

Decl. at ¶ 11(b).

Police officers, including
Deputy Stanley, are
trained that a threat of
death or serious injury is
imminent when,
based upon the totality of
the circumstances, a
reasonable officer in
the same situation would
believe that a person has
the present ability,
opportunity, and apparent
intent to immediately
cause death or serious
bodily injury to the peace
officer or another person.
*Evidence:* "Ex. A"
(Stanley Depo.) at 68:24-
69:8; Clark Decl. at ¶
11(c) (citing PC 835a);
"Ex. C" (Flosi Depo.) at
18:17-19:8, 19.

An imminent harm is not
merely a fear of future

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

harm, no matter how
great the fear and no
matter how great the
likelihood of the harm,
but is one that from
appearances, must be
instantly confronted and
addressed.

***Evidence:*** "Ex. C" (Flosi
Depo.) at 20:9-25; Clark
Decl. at ¶ 11(d).


Further disputed to the
extent that one of the
police reports
(RANDALL/SPD-
000011) indicated that,
based on investigators'
review of the surveillance
video, Mr. Randall tossed
the box cutter during or
immediately after the
initial Taser deployment,
before the shooting.
Evidence: Clark Decl. at
¶ 13(n).

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

78

4926-7839-1847.2 SBD-00026

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | Law enforcement later located the handle of the box cutter under a shelf after the shooting but were unable to locate a blade.<br><br>*Evidence:* Clark Decl. at ¶ 13(n); "Ex. B" (Cassidy Depo.) at 33:3-7; "Ex. C" (Flosi Depo.) at 40:4-15 | |
| 71.    Deputy Stanley believed Mr. Randall was going seriously injure or kill him or Deputy Cassidy.<br><br>*Evidence:*  Stanley Decl. ¶ 32 | Disputed.<br><br>Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to Deputy Stanley's shooting.<br>*Evidence:* "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶¶ 10(i), 10(l).<br><br>Mr. Randall was not attacking or attempting to attack anyone at the time of the shooting.<br>*Evidence:* "Ex. E" | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | |
|---|---|
| 1 | (Lethal Force Video) at |
| 2 | 00:04 – 00:08. |
| 3 | |
| 4 | No person was within |
| 5 | striking distance of Mr. |
| 6 | Randall when Deputy |
| 7 | Stanley fired his shots. |
| 8 | Deputy Cassidy was |
| 9 | approximately eight to |
| 10 | ten feet from Mr. Randall |
| 11 | at the time of the |
| 12 | shooting. Deputy Stanley |
| 13 | was approximately 10 – |
| 14 | 12 feet from Mr. Randall |
| 15 | when Deputy Stanley |
| 16 | started firing his weapon. |
| 17 | ***Evidence:*** "Ex. A" |
| 18 | (Stanley Depo.) at 28:3-9; |
| 19 | Clark Decl. at ¶¶ 10(j), |
| 20 | 13(k); "Ex. E" (Lethal |
| 21 | Force Video) at 00:04 – |
| 22 | 00:08. |
| 23 | |
| 24 | Mr. Randall was not |
| 25 | moving forward when |
| 26 | Deputy Stanley fired his |
| 27 | shots. |
| 28 | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

*Evidence:* "Ex. A" (Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14; 43:10-20; Clark Decl. at ¶ 13(j); "Ex. E" (Lethal Force Video) at 00:04 – 00:08.

When Deputy Stanley fired his shots, Mr. Randall was being Tased. *Evidence:* "Ex. A" (Stanley Depo.) at 53:2-5, 64:21-65:4; "Ex. B" (Cassidy Depo.) at 29:8-12; "Ex. C" (Flosi Depo.) at 37:3-10; "Ex. E" (Lethal Force Video) at 00:04 – 00:08.

At the time of the shooting, Deputy Stanley was aware that there were less-lethal options available. *Evidence:* "Ex. A" (Stanley Depo.) at 29:23-

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | 25; Clark Decl. at ¶ 13(i). | |
| | | |
| | At the time of the shooting, Deputy Stanley was aware that Deputy Cassidy's Taser had a second cartridge. ***Evidence:*** "Ex. A" (Stanley Depo.) at 60:6-14; Clark Decl. at ¶ 13(i). Deputy Stanley fired his shots within approximately one second of Deputy Cassidy deploying her Taser for the second time. ***Evidence:*** "Ex. A" (Stanley Depo.) at 53:2-5, 64:21-65:4; "Ex. B" (Cassidy Depo.) at 29:8-12; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ 13(h). | |
| | | |
| | Police standards instruct that subjective fear alone | |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

does not justify the use of deadly force.

***Evidence:*** Clark Decl. at ¶ 14(i).

Basic police training and standards instruct, and Deputy Stanley had been trained at the time of the shooting, that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate threat of death or serious bodily injury.

***Evidence:*** "Ex. A" (Stanley Depo.) at 67:8-16; "Ex. C" (Flosi Depo.) at 17:20-18:1; Clark Decl. at ¶ 11(b).

Police officers, including Deputy Stanley, are trained that a threat of death or serious injury is

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. ***Evidence:*** "Ex. A" (Stanley Depo.) at 68:24-69:8; Clark Decl. at ¶ 11(c) (citing PC 835a); "Ex. C" (Flosi Depo.) at 18:17-19:8, 19.

An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be

84

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

instantly confronted and addressed.

***Evidence:*** "Ex. C" (Flosi Depo.) at 20:9-25; Clark Decl. at ¶ 11(d).

Further disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the shooting.

***Evidence:*** Clark Decl. at ¶ 13(n).

Law enforcement later located the handle of the box cutter under a shelf after the shooting but were unable to locate a blade.

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | **Evidence:** Clark Decl. at ¶ 13(n); "Ex. B" (Cassidy Depo.) at 33:3-7; "Ex. C" (Flosi Depo.) at 40:4-15. | |
| 72.      Deputy Cassidy's deployed her taser and Deputy Stanley fired his firearm at approximately the same time.<br><br>**Evidence:**  Cassidy Decl. ¶ 25 | Undisputed. | Undisputed. |
| 73.      Mr. Randall was struck by the rounds of lethal force, and fell to the ground.<br><br>**Evidence:**  Dkt. 8, Complaint; Stanley Decl. ¶ 34; Cassidy Decl. ¶ 25 | Undisputed. | Undisputed. |
| 74.      Once Mr. Randall was on the ground, Deputy Stanley holstered his firearm and placed handcuffs on Mr. Randall, assisted by Deputy Cassidy who had just stood up from her fall to the floor. | Undisputed. | Undisputed. |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| ***Evidence:*** Stanley Decl. ¶ 34; Cassidy Decl. ¶ 25 | | |
| 75.    He located gloves and immediately began to administer aid to Mr. Randall.<br><br>***Evidence:*** Stanley Decl. ¶ 34 | Undisputed. | Undisputed. |
| 76.    Deputy Cassidy radioed for aid. Medical personnel arrived within 5 minutes to assist Mr. Randall.<br><br>***Evidence:*** Cassidy Decl. ¶ 25 | Undisputed. | Undisputed. |
| 77.    At the time of the lethal force encounter, Deputy Stanley believed he fired four to five rounds from his firearm.<br><br>***Evidence:*** Stanley Decl. ¶ | Undisputed. | Undisputed. |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| 33 | | |
|---|---|---|
| 78.    Deputy Stanley fired only until he observed that Mr. Randall was no longer coming after Deputy Cassidy or [himself] and that he was no longer a threat.<br><br>*Evidence:*  Stanley Decl. ¶ 33 | Disputed.<br><br>Mr. Randall was not moving forward when Deputy Stanley fired his shots, including not "coming after Deputy Cassidy."<br>*Evidence*: "Ex. A" (Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14; 43:10-20; Clark Decl. at ¶ 13(j); "Ex. E" (Lethal Force Video) at 00:04 – 00:08.<br><br>Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to Deputy Stanley's shooting.<br>*Evidence:* "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |

Decl. at ¶ ¶ 10(i), 10(l).

Mr. Randall was not
attacking or attempting to
attack anyone at the time
of the shooting.
*Evidence:* "Ex. E"
(Lethal Force Video) at
00:04 – 00:08.

No person was within
striking distance of Mr.
Randall when Deputy
Stanley fired his shots.
Deputy Cassidy was
approximately eight to
ten feet from Mr. Randall
at the time of the
shooting. Deputy Stanley
was approximately 10 –
12 feet from Mr. Randall
when Deputy Stanley
started firing his weapon.
*Evidence:* "Ex. A"
(Stanley Depo.) at 28:3-9;
Clark Decl. at ¶¶ 10(j),
13(k); "Ex. E" (Lethal

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | Force Video) at 00:04 – | |
| 2 | 00:08. | |
| 3 | | |
| 4 | When Deputy Stanley | |
| 5 | fired his shots, Mr. | |
| 6 | Randall was being Tased. | |
| 7 | *Evidence:* "Ex. A" | |
| 8 | (Stanley Depo.) at 53:2-5, | |
| 9 | 64:21-65:4; "Ex. B" | |
| 10 | (Cassidy Depo.) at 29:8- | |
| 11 | 12; "Ex. C" (Flosi Depo.) | |
| 12 | at 37:3-10; "Ex. E" | |
| 13 | (Lethal Force Video) at | |
| 14 | 00:04 – 00:08. | |
| 15 | | |
| 16 | At the time of the | |
| 17 | shooting, Deputy Stanley | |
| 18 | was aware that there were | |
| 19 | less-lethal options | |
| 20 | available. | |
| 21 | *Evidence:* "Ex. A" | |
| 22 | (Stanley Depo.) at 29:23- | |
| 23 | 25; Clark Decl. at ¶ 13(i). | |
| 24 | | |
| 25 | At the time of the | |
| 26 | shooting, Deputy | |
| 27 | Stanley was aware that | |

28

90

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1 | Deputy Cassidy's Taser | |
| 2 | had a second cartridge. | |
| 3 | ***Evidence:*** "Ex. A" | |
| 4 | (Stanley Depo.) at 60:6- | |
| 5 | 14; Clark Decl. at ¶ 13(i). | |
| 6 | | |
| 7 | Deputy Stanley fired his | |
| 8 | shots within | |
| 9 | approximately one | |
| 10 | second of Deputy Cassidy | |
| 11 | deploying her Taser for | |
| 12 | the second time. | |
| 13 | ***Evidence:*** "Ex. A" | |
| 14 | (Stanley Depo.) at | |
| 15 | 53:2-5, 64:21-65:4; "Ex. | |
| 16 | B" (Cassidy Depo.) at | |
| 17 | 29:8-12; "Ex. E" (Lethal | |
| 18 | Force Video) at 00:04 – | |
| 19 | 00:08; Clark Decl. at ¶ | |
| 20 | 13(h). | |
| 21 | | |
| 22 | Police standards instruct | |
| 23 | that subjective fear alone | |
| 24 | does not justify the use of | |
| 25 | deadly force. | |
| 26 | ***Evidence:*** Clark Decl. at | |
| 27 | ¶ 14(i). | |
| 28 | | |

91

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2   Basic police training and
3   standards instruct, and
4   Deputy Stanley had been
5   trained at the time of the
6   shooting, that deadly
7   force should only be used
8   on the basis of an
9   "objectively reasonable"
10  belief that the suspect
11  poses an immediate threat
12  of death or serious
13  bodily injury.
14  *Evidence:* "Ex. A"
15  (Stanley Depo.) at 67:8-
16  16; "Ex. C" (Flosi Depo.)
17  at 17:20-18:1; Clark
18  Decl. at ¶ 11(b).
19
20  Police officers, including
21  Deputy Stanley, are
22  trained that a threat of
23  death or serious injury is
24  imminent when, based
25  upon the totality of the
26  circumstances, a
27  reasonable officer in
28

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. ***Evidence:*** "Ex. A" (Stanley Depo.) at 68:24-69:8; Clark Decl. at ¶ 11(c) (citing PC 835a); "Ex. C" (Flosi Depo.) at 18:17-19:8, 19.

An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. ***Evidence:*** "Ex. C" (Flosi Depo.) at 20:9-25; Clark

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | Decl. at ¶ 11(d). | |
| 2 | | |
| 3 | Further disputed to the | |
| 4 | extent that one of the | |
| 5 | police reports | |
| 6 | (RANDALL/SPD- | |
| 7 | 000011) indicated that, | |
| 8 | based on investigators' | |
| 9 | review of the surveillance | |
| 10 | video, Mr. Randall tossed | |
| 11 | the box cutter during or | |
| 12 | immediately after the | |
| 13 | initial Taser deployment, | |
| 14 | before the shooting. | |
| 15 | ***Evidence:*** Clark Decl. at | |
| 16 | ¶ 13(n). | |
| 17 | | |
| 18 | Law enforcement later | |
| 19 | located the handle of the | |
| 20 | box cutter under a shelf | |
| 21 | after the shooting but | |
| 22 | were unable to locate a | |
| 23 | blade. | |
| 24 | ***Evidence:*** Clark Decl. at | |
| 25 | ¶ 13(n); "Ex. B" (Cassidy | |
| 26 | Depo.) at 33:3-7; "Ex. C" | |
| 27 | (Flosi Depo.) at 40:4-15. | |

28

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 79.    There were no customers near Mr. Randall at this moment, and Deputy Stanley believed there was no possibility a customer would be injured if he deployed lethal force to protect Deputy Cassidy.<br><br>*Evidence:*  Stanley Decl. ¶ 31 | Disputed to the extent that Police officers are trained to consider the background or backdrop of the shooting when using deadly force, and two of Deputy Stanley's seven shots missed, striking items in the grocery store.<br>*Evidence:* "Ex. A" (Stanley Depo.) at 68:3-23; "Ex. B" (Cassidy Depo.) at 29:19-23; Clark Decl. at ¶ 15(e); "Ex. C" (Flosi Depo.) at 27:10-14. | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The location of knife following the incident is irrelevant. |
| 80.    Both times Deputy Cassidy deployed her taser at Mr. Randall, he was still armed with the knife.<br><br>*Evidence:*  Cassidy Decl. ¶ 26 | Disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The location of knife following the incident is irrelevant.<br><br>The type of knife carried by Mr. Randall is irrelevant. |

95

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | before the shooting.<br>***Evidence:*** Clark Decl. at<br>¶ 13(n).<br><br>Law enforcement later<br>located the handle of the<br>box cutter under a shelf<br>after the shooting but<br>were unable to locate a<br>blade.<br>***Evidence:*** Clark Decl. at<br>¶ 13(n); "Ex. B" (Cassidy<br>Depo.) at 33:3-7; "Ex. C"<br>(Flosi Depo.) at 40:4-15.<br>Disputed to the extent<br>that it was a box cutter,<br>not a knife. | |
| 81.    The second time<br>Deputy Cassidy deployed his<br>taser, Mr. Randall held the<br>knife in his right hand, raised<br>his right hand above his<br>head, and swung the knife<br>downward toward her in a<br>slashing manner.<br><br>***Evidence:***  Cassidy Decl. ¶ | Disputed.<br><br>Mr. Randall did not make<br>any slashing, swinging or<br>stabbing motions with the<br>box cutter prior to either<br>of Deputy Cassidy's two<br>Taser deployments or<br>prior to Deputy Stanley's<br>shooting. Deputy Cassidy | **Plaintiff fails to<br>provide evidence of<br>a disputed fact.**<br><br>The Lethal Force<br>Video depicts Mr.<br>Randall swinging his<br>right hand downward<br>toward Deputy<br>Cassidy in a slashing |

96

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| 26 | never stated in her initial interview or deposition that Mr. Randall made any swinging, slashing, or stabbing motions with the box cutter. | manner. (Lethal Force Video at 00:04 – 00:06). |
| | ***Evidence:*** "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ ¶ 10(i), 10(l). Deputy Cassidy was snot within striking distance of Mr. Randall when Deputy Cassidy deployed her Taser the second time. Deputy Cassidy was approximately eight to ten feet from Mr. Randall when she deployed her Taser the second time. | The location of knife following the incident is irrelevant. |
| | ***Evidence:*** "Ex. A" (Stanley Depo.) at 28:3-9; Clark Decl. at ¶¶ 10(j), 13(k); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mr. Randall was not moving forward when Deputy Cassidy deployed her Taser the second time.

**Evidence:** "Ex. A" (Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14, 36:6-16; 43:10-20; "Ex. D" (Video) at; Clark Decl. at ¶ 10(i); "Ex. E" (Lethal Force Video) at 00:04 – 00:08.

Further disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the shooting.

98

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | *Evidence:* Clark Decl. at ¶ 13(n). | |
| | Law enforcement later located the handle of the box cutter under a shelf after the shooting but were unable to locate a blade. | |
| | *Evidence:* Clark Decl. at ¶ 13(n); "Ex. B" (Cassidy Depo.) at 33:3-7; "Ex. C" (Flosi Depo.) at 40:4-15. | |
| 82.    Deputy Cassidy was approximately 3 to 5 feet from Mr. Randall while he was swinging the knife in her direction.<br><br>*Evidence:*  Stanley Decl. ¶ 29; Cassidy Decl. ¶ 26 | Disputed.<br><br>Deputy Cassidy was approximately eight to ten feet from Mr. Randall when she deployed her Taser the second time.<br><br>*Evidence:* "Ex. A" (Stanley Depo.) at 28:3-9; Clark Decl. at ¶¶ 10(j), 13(k); "Ex. E" (Lethal Force Video) at 00:04 – | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>To the extent there is a discrepancy as to the distance between Deputy Cassidy and Mr. Randall when she deployed her taser the second time, any discrepancy does not |

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

00:08.

Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to either of Deputy Cassidy's two Taser deployments or prior to Deputy Stanley's shooting. Deputy Cassidy never stated in her initial interview or deposition that Mr. Randall made any swinging, slashing, or stabbing motions with the box cutter.

*Evidence:* "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶¶ 10(i), 10(l).

Mr. Randall was not moving forward when Deputy Cassidy deployed her Taser the second time.

*Evidence:* "Ex. A"

---

make her acts unreasonable, and Plaintiff provides no evidence that such a discrepancy is materially relevant.

The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06).

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

100

(Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14, 36:6-16; 43:10-20; "Ex. D" (Video) at; Clark Decl. at ¶ 10(i); "Ex. E" (Lethal Force Video) at 00:04 – 00:08.

Further disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the shooting. *Evidence:* Clark Decl. at ¶ 13(n).

Law enforcement later located the handle of the box cutter under a shelf

101

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | after the shooting but were unable to locate a blade.<br><br>***Evidence:*** Clark Decl. at ¶ 13(n); "Ex. B" (Cassidy Depo.) at 33:3-7; "Ex. C" (Flosi Depo.) at 40:4-15. | |
| 83.    The Deputies had a legitimate law enforcement purpose and reasonable suspicion based on current law enforcement training and practices to contact and detain Mr. Randall.<br><br>***Evidence:***  Declaration of Edward Flosi "Flosi Decl." ¶ 17 | Undisputed. | Undisputed. |
| 84.    The Deputies had a legitimate law enforcement purpose and probable cause based on current law enforcement training and practices to arrest Mr. Randall once he swung the box-cutter downward several | Disputed.<br><br>The video does not show Mr. Randall swinging the box cutter at all, let alone "several times."<br><br>Mr. Randall did not make | **Fails to provide evidence of a disputed fact.**<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| times, refused the Deputies' commands, and ran away from the Deputies.<br><br>***Evidence:*** Flosi Decl. ¶ 20 | any slashing, swinging or stabbing motions with the box cutter prior to either of Deputy Cassidy's two Taser deployments or prior to Deputy Stanley's shooting. Deputy Cassidy never stated in her initial interview or deposition that Mr. Randall made any swinging, slashing, or stabbing motions with the box cutter.<br>***Evidence:*** "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ ¶ 10(i), 10(l).<br><br>Deputy Cassidy was approximately eight to ten feet from Mr. Randall when she deployed her Taser the second time.<br>***Evidence:*** "Ex. A" (Stanley Depo.) at 28:3-9; Clark Decl. at ¶¶ 10(j), 13(k); "Ex. E" (Lethal | toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |

WESIERSKI & ZUREK LLP<br>LAWYERS<br>29 ORCHARD ROAD<br>LAKE FOREST, CALIFORNIA 92630<br>(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

Force Video) at 00:04 – 00:08.

Mr. Randall was not moving forward when Deputy Cassidy deployed her Taser the second time.

***Evidence:*** "Ex. A" (Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14, 36:6-16; 43:10-20; "Ex. D" (Video) at; Clark Decl. at ¶ 10(i); "Ex. E" (Lethal Force Video) at 00:04 – 00:08.

Further disputed to the extent that one of the police reports (RANDALL/SPD-000011) indicated that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or

104

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

immediately after the initial Taser deployment, before the shooting.
*Evidence:* Clark Decl. at ¶ 13(n).

Law enforcement later located the handle of the box cutter under a shelf after the shooting but were unable to locate a blade.
*Evidence:* Clark Decl. at ¶ 13(n); "Ex. B" (Cassidy Depo.) at 33:3-7; "Ex. C" (Flosi Depo.) at 40:4-15.

Further disputed to the extent that the deputies had no information about Mr. Randall's ability to understand and comply with commands and did not assess that ability.
*Evidence:* Clark Decl. at ¶ 13(r).

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 85. The deputies used verbal persuasion several times to gain Mr. Randall's cooperation to disarm.<br><br>**Evidence:** Flosi Decl. ¶ 22 | Disputed to the extent that the deputies had no information about Mr. Randall's ability to understand and comply with commands and did not assess that ability.<br>**Evidence:** Clark Decl. at ¶ 13(r). | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The entire encounter with Mr. Randall lasted approximately one (1) minute or less.<br>(Initial Contact Video; Lethal Force Video.)<br><br>Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | | illness. In this incident, Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation. (Flosi Decl. ¶ 23.)<br><br>Mr. Randall had the capacity to verbally communicate with the Officers. (See Defendants' Undisputed Fact No. 47.) |
| 86.    Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental illness.<br><br>***Evidence:***  Flosi Decl. ¶ 23 |  Disputed to the extent that this does not establish the reasonableness and necessity of the officers' uses of force.<br><br>The deputies knew or should have known that Mr. Randall was mentally ill or having a mental health crisis. | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>**Improper argument.**<br><br>The entire encounter with Mr. Randall lasted approximately one (1) minute or less. |

107

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1 | | (Initial Contact |
| 2 | *Evidence:* "Ex. A" | Video; Lethal Force |
| 3 | (Stanley Depo.) at 33:8- | Video.) |
| 4 | 18; Clark Decl. at ¶ 10(e). | |
| 5 | | Officers are trained |
| 6 | Basic police training and | that they must first |
| 7 | standards instruct, and | deal with any |
| 8 | Deputy Stanley had been | dangerous actions |
| 9 | trained at the time of the | and behaviors of a |
| 10 | shooting, that deadly | subject in order to |
| 11 | force should only be used | stabilize the situation |
| 12 | on the basis of an | prior to making any |
| 13 | "objectively reasonable" | effort to evaluate if a |
| 14 | belief that the suspect | subject; (1) is |
| 15 | poses an immediate threat | possibly suffering |
| 16 | of death or serious bodily | from mental |
| 17 | injury. | psychosis, or (2) has |
| 18 | *Evidence:* "Ex. A" | a pre-existing mental |
| 19 | (Stanley Depo.) at 67:8- | illness. In this |
| 20 | 16; "Ex. C" (Flosi Depo.) | incident, Mr. Randall |
| 21 | at 17:20-18:1; Clark | did not allow the |
| 22 | Decl. at ¶ 11(b). | opportunity for the |
| 23 | | officers to conduct |
| 24 | Police officers, including | any such evaluation. |
| 25 | Deputy Stanley, are | (Flosi Decl. ¶ 23.) |
| 26 | trained that a threat of | |
| 27 | death or serious injury is | Mr. Randall had the |
| 28 | | |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. ***Evidence:*** "Ex. A" (Stanley Depo.) at 68:24-69:8; Clark Decl. at ¶ 11(c) (citing PC 835a); "Ex. C" (Flosi Depo.) at 18:17-19:8, 19. | capacity to verbally communicate with the Officers. (See Defendants' Undisputed Fact No. 47.) |
| | An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

109

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | instantly confronted and addressed.<br><br>***Evidence:*** "Ex. C" (Flosi Depo.) at 20:9-25; Clark Decl. at ¶ 11(d). | |
| 87.    Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation.<br><br>***Evidence:***  Flosi Decl. ¶ 23 | Disputed.<br><br>The deputies were not responding to a serious or violent crime.<br>***Evidence:*** Clark Decl. at ¶ 10(a).<br><br>When Deputies Stanley and Cassidy responded to this incident, they had no information that Mr. Randall had physically injured anyone.<br>***Evidence:*** "Ex. A" (Stanley Depo.) at 17:2-4; "Ex. B" (Cassidy Depo.) at 11:12-14; Clark Decl. at ¶ 10(b).<br><br>When Deputies Stanley | **Plaintiff fails to provide evidence of a disputed fact.**<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

110

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1 | and Cassidy responded to | |
| 2 | this incident, they had no | |
| 3 | information that Mr. | |
| 4 | Randall had verbally | |
| 5 | threatened to harm | |
| 6 | anyone. | |
| 7 | ***Evidence:*** "Ex. A" | |
| 8 | (Stanley Depo.) at 17:5-7; | |
| 9 | "Ex. B" (Cassidy Depo.) | |
| 10 | at 11:18-20, 14:11-13; | |
| 11 | "Ex. C" (Flosi Depo.) at | |
| 12 | 29:5-8; Clark Decl. at ¶ | |
| 13 | 10(c). | |
| 14 | | |
| 15 | The deputies had no | |
| 16 | information that Mr. | |
| 17 | Randall had tried to | |
| 18 | attack anyone with the | |
| 19 | box cutter. | |
| 20 | ***Evidence:*** "Ex. B" | |
| 21 | (Cassidy Depo.) at 11:15- | |
| 22 | 17; Clark Decl. at ¶ 10(d). | |
| 23 | | |
| 24 | Prior to Deputy Cassidy's | |
| 25 | first Taser deployment, | |
| 26 | Mr. Randall did not | |
| 27 | charge at anyone. | |
| 28 | | |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

|   |   |   |
|---|---|---|
| 1 | *Evidence:* "Ex. A" (Stanley Depo.) at 32:21-23; "Ex. B" (Cassidy Depo.) at 26:3-6; Clark Decl. at ¶ 10(f); "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | |
| | Prior to Deputy Cassidy's first Taser deployment, Mr. Randall did not advance toward anyone. *Evidence:* "Ex. A" (Stanley Depo.) at 33:1-3; "Ex. B" (Cassidy Depo.) at 26:3-6 Clark Decl. at ¶ 10(f); "Ex. D" (Initial Contact Video) 9:50 – 10:20. | |
| | Mr. Randall was not moving toward the deputies at the time of the first Taser deployment. *Evidence:* "Ex. C" (Flosi Depo.) at 29:24-30:3; Clark Decl. at ¶¶ 10(f), | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | 10(h); "Ex. D" (Initial Contact Video) at 9:50 – 10:20.<br><br>Police officers, including Deputy Cassidy, are trained that a common response to being Tased is to run from the Taser. *Evidence:* "Ex. B" (Cassidy Depo.) at 15:4-6; "Ex. C" (Flosi Depo.) at 34:23-35:9; Clark Decl. at ¶ 10(e).<br><br>Deputy Cassidy has been trained that police officers cannot Tase someone for seeing a weapon in their hand, for that fact alone. *Evidence:* "Ex. B" (Cassidy Depo.) at 9:5-7. | |
| 88.    The Deputies used appropriate pre-force tactics that were appropriate and consistent with current law | Disputed. | **Plaintiff fails to provide evidence of a disputed fact.** |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP<br>LAWYERS<br>29 ORCHARD ROAD<br>LAKE FOREST, CALIFORNIA 92630<br>(949) 975 1000

| | | |
|---|---|---|
| enforcement training and practices.<br><br>***Evidence:*** Flosi Decl. ¶ 27 | | |
| 89.    The intermediate non-deadly force responses by Deputy Cassidy were appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death.<br><br>***Evidence:*** Flosi Decl. ¶ 27 | Disputed.<br><br>Officers are trained to deescalate a situation. In violation of basic police training, Deputy Cassidy escalated the situation when she Tased Mr. Randall.<br>***Evidence:*** "Ex. C" (Flosi Depo.) at 12:4-6; Clark Decl. at ¶¶ 14(c), 15(b).<br><br>The deputies were not responding to a serious or violent crime.<br>***Evidence:*** Clark Decl. at ¶ 10(a).<br><br>When Deputies Stanley and Cassidy responded to this incident, they had no | **Plaintiff fails to provide evidence of a disputed fact.** |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

information that Mr. Randall had physically injured anyone.

**Evidence:** "Ex. A" (Stanley Depo.) at 17:2-4; "Ex. B" (Cassidy Depo.) at 11:12-14; Clark Decl. at ¶ 10(b).

When Deputies Stanley and Cassidy responded to this incident, they had no information that Mr. Randall had verbally threatened to harm anyone.

**Evidence:** "Ex. A" (Stanley Depo.) at 17:5-7; "Ex. B" (Cassidy Depo.) at 11:18-20, 14:11-13; "Ex. C" (Flosi Depo.) at 29:5-8; Clark Decl. at ¶ 10(c).

The deputies had no information that Mr. Randall had tried to

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

attack anyone with the box cutter.

***Evidence:*** "Ex. B" (Cassidy Depo.) at 11:15-17; Clark Decl. at ¶ 10(d).

Prior to Deputy Cassidy's first Taser deployment, Mr. Randall did not charge at anyone.

***Evidence:*** "Ex. A" (Stanley Depo.) at 32:21-23; "Ex. B" (Cassidy Depo.) at 26:3-6; Clark Decl. at ¶ 10(f); "Ex. D" (Initial Contact Video) at 9:50 – 10:20.

Prior to Deputy Cassidy's first Taser deployment, Mr. Randall did not advance toward anyone.

***Evidence:*** "Ex. A" (Stanley Depo.) at 33:1-3; "Ex. B" (Cassidy Depo.) at 26:3-6 Clark Decl. at ¶ 10(f); "Ex. D" (Initial

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | Contact Video) at 9:50 – 10:20. | |
| 2 | | |
| 3 | | |
| 4 | Mr. Randall was not moving toward the deputies at the time of the first Taser deployment. **Evidence:** "Ex. C" (Flosi Depo.) at 29:24-30:3; Clark Decl. at ¶¶ 10(f), 10(h); "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | Police officers, including Deputy Cassidy, are trained that a common response to being Tased is to run from the Taser. **Evidence:** "Ex. B" (Cassidy Depo.) at 15:4-6; "Ex. C" (Flosi Depo.) at 34:23-35:9; Clark Decl. at ¶ 10(e). | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | Deputy Cassidy has been trained that police | |
| 27 | | |
| 28 | | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

117

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

officers cannot Tase someone for seeing a weapon in their hand, for that fact alone.
***Evidence:*** "Ex. B" (Cassidy Depo.) at 9:5-7.

Police officers, including Deputy Stanley, are trained that a threat of death or serious injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.
***Evidence:*** "Ex. A" (Stanley Depo.) at 68:24-69:8; Clark Decl. at ¶ 11(c) (citing PC 835a);

118

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

|  | "Ex. C" (Flosi Depo.) at 18:17-19:8, 19.<br><br>An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed.<br>***Evidence:*** "Ex. C" (Flosi Depo.) at 20:9-25; Clark Decl. at ¶ 11(d). |  |
|---|---|---|
| 90.    The intermediate non-deadly force responses were appropriate and consistent with current law enforcement training standards in consideration of the "totality of the circumstances" presented to Deputy Cassidy at the moments non-deadly force was used. | Disputed.<br><br>Officers are trained to deescalate a situation. In violation of basic police training, Deputy Cassidy escalated the situation when she Tased Mr. Randall.<br>***Evidence:*** "Ex. C" (Flosi Depo.) at 12:4-6; Clark | **Plaintiff fails to provide evidence of a disputed fact.** |

119

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1 | | Decl. at ¶¶ 14(c), 15(b). |
| 2 | *Evidence:* Flosi Decl. ¶ 27 | |
| 3 | | The deputies were not |
| 4 | | responding to a serious or |
| 5 | | violent crime. |
| 6 | | *Evidence:* Clark Decl. at |
| 7 | | ¶ 10(a). |
| 8 | | |
| 9 | | When Deputies Stanley |
| 10 | | and Cassidy responded to |
| 11 | | this incident, they had no |
| 12 | | information that Mr. |
| 13 | | Randall had physically |
| 14 | | injured anyone. |
| 15 | | *Evidence:* "Ex. A" |
| 16 | | (Stanley Depo.) at 17:2-4; |
| 17 | | "Ex. B" (Cassidy Depo.) |
| 18 | | at 11:12-14; Clark Decl. |
| 19 | | at ¶ 10(b). |
| 20 | | |
| 21 | | When Deputies Stanley |
| 22 | | and Cassidy responded to |
| 23 | | this incident, they had no |
| 24 | | information that Mr. |
| 25 | | Randall had verbally |
| 26 | | threatened to harm |
| 27 | | anyone. |
| 28 | | |

120

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

*Evidence:* "Ex. A" (Stanley Depo.) at 17:5-7; "Ex. B" (Cassidy Depo.) at 11:18-20, 14:11-13; "Ex. C" (Flosi Depo.) at 29:5-8; Clark Decl. at ¶ 10(c).

The deputies had no information that Mr. Randall had tried to attack anyone with the box cutter.

*Evidence:* "Ex. B" (Cassidy Depo.) at 11:15-17; Clark Decl. at ¶ 10(d).

Prior to Deputy Cassidy's first Taser deployment, Mr. Randall did not charge at anyone.

*Evidence:* "Ex. A" (Stanley Depo.) at 32:21-23; "Ex. B" (Cassidy Depo.) at 26:3-6; Clark Decl. at ¶ 10(f); "Ex. D" (Initial Contact Video) at

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | 9:50 – 10:20. | |
| 2 | | |
| 3 | Prior to Deputy Cassidy's | |
| 4 | first Taser deployment, | |
| 5 | Mr. Randall did not | |
| 6 | advance toward anyone. | |
| 7 | ***Evidence:*** "Ex. A" | |
| 8 | (Stanley Depo.) at 33:1-3; | |
| 9 | "Ex. B" (Cassidy Depo.) | |
| 10 | at 26:3-6 Clark Decl. at ¶ | |
| 11 | 10(f); "Ex. D" (Initial | |
| 12 | Contact Video) at 9:50 – | |
| 13 | 10:20. | |
| 14 | Mr. Randall was not | |
| 15 | moving toward the | |
| 16 | deputies at the time of the | |
| 17 | first Taser deployment. | |
| 18 | ***Evidence:*** "Ex. C" (Flosi | |
| 19 | Depo.) at 29:24-30:3; | |
| 20 | Clark Decl. at ¶¶ 10(f), | |
| 21 | 10(h); "Ex. D" (Initial | |
| 22 | Contact Video) at 9:50 – | |
| 23 | 10:20. | |
| 24 | | |
| 25 | Police officers, including | |
| 26 | Deputy Cassidy, are | |
| 27 | trained that a common | |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

28

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | response to being Tased | |
| 2 | is to run from the Taser. | |
| 3 | | |
| 4 | ***Evidence:*** "Ex. B" | |
| 5 | (Cassidy Depo.) at 15:4- | |
| 6 | 6; "Ex. C" (Flosi Depo.) | |
| 7 | at 34:23-35:9; Clark | |
| 8 | Decl. at ¶ 10(e). | |
| 9 | | |
| 10 | Deputy Cassidy has been | |
| 11 | trained that police | |
| 12 | officers cannot Tase | |
| 13 | someone for seeing a | |
| 14 | weapon in their hand, for | |
| 15 | that fact alone. | |
| 16 | ***Evidence:*** "Ex. B" | |
| 17 | (Cassidy Depo.) at 9:5-7. | |
| 18 | | |
| 19 | The deputies failed to | |
| 20 | give Mr. Randall a verbal | |
| 21 | warning prior to either | |
| 22 | Taser deployment. | |
| 23 | ***Evidence:*** "Ex. A" | |
| 24 | (Stanley Depo.) at 43:7-9; | |
| 25 | "Ex. B" (Cassidy Depo.) | |
| 26 | at 22:6-9; "Ex. C" (Flosi | |
| 27 | Depo.) at 28:12-16; Clark | |
| 28 | | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| | Decl. at ¶ 10(k). | |
| 91.    The deadly force response by Deputy Stanley was appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death.<br><br>***Evidence:*** Flosi Decl. ¶ 30 | Disputed.<br><br>The deputies were not responding to a serious or violent crime.<br>***Evidence:*** Clark Decl. at ¶ 10(a).<br><br>When Deputies Stanley and Cassidy responded to this incident, they had no information that Mr. Randall had physically injured anyone.<br>***Evidence:*** "Ex. A" (Stanley Depo.) at 17:2-4; "Ex. B" (Cassidy Depo.) at 11:12-14; Clark Decl. at ¶ 10(b).<br><br>When Deputies Stanley and Cassidy responded to this incident, they had no information that Mr. | **Plaintiff fails to provide evidence of a disputed fact.** |

WESIERSKI & ZUREK LLP<br>LAWYERS<br>29 ORCHARD ROAD<br>LAKE FOREST, CALIFORNIA 92630<br>(949) 975-1000

124

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | |
|---|---|
| 1 | Randall had verbally |
| 2 | threatened to harm |
| 3 | anyone. |
| 4 | ***Evidence:*** "Ex. A" |
| 5 | (Stanley Depo.) at 17:5-7; |
| 6 | "Ex. B" (Cassidy Depo.) |
| 7 | at 11:18-20, 14:11-13; |
| 8 | "Ex. C" (Flosi |
| 9 | Depo.) at 29:5-8; Clark |
| 10 | Decl. at ¶ 10(c). |
| 11 | |
| 12 | The deputies had no |
| 13 | information that Mr. |
| 14 | Randall had tried to |
| 15 | attack anyone with the |
| 16 | box cutter. |
| 17 | ***Evidence:*** "Ex. B" |
| 18 | (Cassidy Depo.) at 11:15- |
| 19 | 17; Clark Decl. at ¶ 10(d). |
| 20 | |
| 21 | Mr. Randall was not |
| 22 | moving forward when |
| 23 | Deputy Stanley fired his |
| 24 | shots. |
| 25 | ***Evidence***: "Ex. A" |
| 26 | (Stanley Depo.) at 42:9- |
| 27 | 14, "Ex. B" (Cassidy |
| 28 | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 1 | Depo.) at 30:8-14; 43:10-20; Clark Decl. at ¶ 13(j); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Deputy Stanley stepped backward after he fired his first shot, creating distance between himself and Mr. Randall. ***Evidence:*** "Ex. A" (Stanley Depo.) at 41:14-21; "Ex. C" (Flosi Depo.) at 37:11-15; Clark Decl. at ¶ 13(m); "Ex. E" (Lethal Force Video) at 00:04 – 00:08 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | Mr. Randall fell backward when Deputy Stanley was firing his shots, creating distance between Deputy Stanley and Mr. Randall. ***Evidence:*** "Ex. A" (Stanley Depo.) at 56:18-20, 66:4-10; "Ex. C" |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   (Flosi Depo.) at 37:16-19;

2   Clark Decl. at ¶ 13(m);

3   "Ex. E" (Lethal Force

4   Video) at 00:04 – 00:08.

5

6   Mr. Randall did not make

7   any slashing, swinging or

8   stabbing motions with the

9   box cutter prior to Deputy

10   Stanley's shooting.

11   *Evidence:* "Ex. E"

12   (Lethal Force Video) at

13   00:04 – 00:08; Clark

14   Decl. at ¶ ¶ 10(i), 10(l).

15

16   Mr. Randall was not

17   attacking or attempting to

18   attack anyone at the time

19   of the shooting.

20   *Evidence:* "Ex. E"

21   (Lethal Force Video) at

22   00:04 – 00:08.

23

24   No person was within

25   striking distance of Mr.

26   Randall when Deputy

27   Stanley fired his shots.

28

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

|  | Deputy Cassidy was approximately eight to ten feet from Mr. Randall at the time of the shooting. Deputy Stanley was approximately 10 – 12 feet from Mr. Randall when Deputy Stanley started firing his weapon. *Evidence:* "Ex. A" (Stanley Depo.) at 28:3-9; Clark Decl. at ¶¶ 10(j), 13(k); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. <br><br> When Deputy Stanley fired his shots, Mr. Randall was being Tased. *Evidence:* "Ex. A" (Stanley Depo.) at 53:2-5, 64:21-65:4; "Ex. B" (Cassidy Depo.) at 29:8-12; "Ex. C" (Flosi Depo.) at 37:3-10; "Ex. E" (Lethal Force Video) at 00:04 – 00:08. |  |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | At the time of the | |
| 2 | shooting, Deputy Stanley | |
| 3 | was aware that there were | |
| 4 | less-lethal options | |
| 5 | available. | |
| 6 | *Evidence:* "Ex. A" | |
| 7 | (Stanley Depo.) at 29:23- | |
| 8 | 25; Clark Decl. at ¶ 13(i). | |
| 9 | | |
| 10 | At the time of the | |
| 11 | shooting, Deputy Stanley | |
| 12 | was aware that Deputy | |
| 13 | Cassidy's Taser had a | |
| 14 | second cartridge. | |
| 15 | *Evidence:* "Ex. A" | |
| 16 | (Stanley Depo.) at 60:6- | |
| 17 | 14; Clark Decl. at ¶ 13(i). | |
| 18 | | |
| 19 | Deputy Stanley fired his | |
| 20 | shots within | |
| 21 | approximately one | |
| 22 | second of Deputy Cassidy | |
| 23 | deploying her Taser for | |
| 24 | the second time. | |
| 25 | *Evidence:* "Ex. A" | |
| 26 | (Stanley Depo.) at 53:2-5, | |
| 27 | 64:21-65:4; "Ex. B" | |

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | (Cassidy Depo.) at 29:8-12; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ 13(h). | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | Police standards instruct that subjective fear alone does not justify the use of deadly force.<br>***Evidence:*** Clark Decl. at ¶ 14(i). | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | Basic police training and standards instruct, and Deputy Stanley had been trained at the time of the shooting, that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate threat of death or serious bodily injury.<br>***Evidence:*** "Ex. A" (Stanley Depo.) at 67:8-16; "Ex. C" (Flosi Depo.) | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

130

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

at 17:20-18:1; Clark Decl. at ¶ 11(b).

Police officers, including Deputy Stanley, are trained that a threat of death or serious injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. ***Evidence:*** "Ex. A" (Stanley Depo.) at 68:24-69:8; Clark Decl. at ¶ 11(c) (citing PC 835a); "Ex. C" (Flosi Depo.) at 18:17-19:8, 19.

An imminent harm is not

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed.

***Evidence:*** "Ex. C" (Flosi Depo.) at 20:9-25; Clark Decl. at ¶ 11(d).

Police officers are trained to issue a verbal warning prior to using deadly force.

***Evidence:*** "Ex. C" (Flosi Depo.) at 22:12-19; Clark Decl. at ¶ 14(h).

Deputy Stanley did not give Mr. Randall a verbal warning prior to shooting him.

***Evidence:*** "Ex. A" (Stanley Depo.) at 40:18-

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1 | 20; "Ex. C" (Flosi Depo.) | |
| 2 | at 37:25-38:3; Clark | |
| 3 | Decl. at ¶ 13(p). | |
| 4 | | |
| 5 | One of the police reports | |
| 6 | (RANDALL/SPD- | |
| 7 | 000011) indicated that, | |
| 8 | based on investigators' | |
| 9 | review of the surveillance | |
| 10 | video, Mr. Randall | |
| 11 | tossed the box cutter | |
| 12 | during or immediately | |
| 13 | after the initial Taser | |
| 14 | deployment, before the | |
| 15 | shooting. | |
| 16 | *Evidence:* Clark Decl. at | |
| 17 | ¶ 13(n). | |
| 18 | | |
| 19 | Law enforcement later | |
| 20 | located the handle of the | |
| 21 | box cutter under a shelf | |
| 22 | after the shooting but | |
| 23 | were unable to locate a | |
| 24 | blade. | |
| 25 | *Evidence:* Clark Decl. at | |
| 26 | ¶ 13(n); "Ex. B" (Cassidy | |
| 27 | Depo.) at 33:3-7; "Ex. C" | |

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | |
|---|---|
| 1 | (Flosi Depo.) at 40:4-15. |
| 2 | |
| 3 | From the standpoint of |
| 4 | police practices, |
| 5 | including basic police |
| 6 | training and POST |
| 7 | standards, Deputy |
| 8 | Stanley's use of deadly |
| 9 | force was improper, |
| 10 | inappropriate, excessive |
| 11 | and unreasonable, |
| 12 | including (but not limited |
| 13 | to) for the following |
| 14 | reasons: (1) this was not |
| 15 | an immediate defense of |
| 16 | life situation; (2) |
| 17 | subjective fear is |
| 18 | insufficient to justify a |
| 19 | use of deadly force; (3) |
| 20 | Mr. Randall committed |
| 21 | no crime involving the |
| 22 | infliction of serious injury |
| 23 | or death, and the deputies |
| 24 | were not responding to a |
| 25 | serious or violent crime; |
| 26 | (4) Deputy Stanley could |
| 27 | not justify shooting Mr. |
| 28 | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

Randall under a fleeing felon theory or for running away from the Taser; (5) Mr. Randall never verbally threatened to harm anyone; (6) Deputy Stanley had reasonable alternative measures other than shooting; (7) Deputy Stanley showed no reverence for human life when he fired at Mr. Randall; (8) Mr. Randall was experiencing a mental health crisis; (9) Deputy Stanley could not justify shooting Mr. Randall simply for having a box cutter; (10) Deputy Stanley failed to give Mr. Randall a verbal warning before using deadly force; (11) police officers are trained that they must justify every shot they fire, and all seven of

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | Deputy Stanley's shots were unjustified; (12) Deputy Stanley overreacted when he fired his weapon at Mr. Randall, and an overreaction in using deadly force is excessive force. *Evidence:* Clark Decl. at ¶ 15.<br><br>Defendants' own expert, Ed Flosi, agrees that in a jury trial, the jury decides the facts and whether the use of force was reasonable. ***Evidence:*** "Ex. C." (Flosi Depo.) at 50:9-16. | |
| 92.    The deadly force response was appropriate and consistent with current law enforcement training standards in consideration of the "totality of the circumstances" presented to | Disputed.<br><br>The deputies were not responding to a serious or violent crime. *Evidence:* Clark Decl. at ¶ 10(a). | **Plaintiff fails to provide evidence of a disputed fact.** |

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | |
|---|---|
| Deputy Stanley at the moments deadly force was used.<br><br>***Evidence:*** Flosi Decl. ¶ 30 | When Deputies Stanley and Cassidy responded to this incident, they had no information that Mr. Randall had physically injured anyone.<br>***Evidence:*** "Ex. A" (Stanley Depo.) at 17:2-4; "Ex. B" (Cassidy Depo.) at 11:12-14; Clark Decl. at ¶ 10(b).<br><br>When Deputies Stanley and Cassidy responded to this incident, they had no information that Mr. Randall had verbally threatened to harm anyone.<br>***Evidence:*** "Ex. A" (Stanley Depo.) at 17:5-7; "Ex. B" (Cassidy Depo.) at 11:18-20, 14:11-13; "Ex. C" (Flosi Depo.) at 29:5-8; Clark Decl. at ¶ 10(c). |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1 | | |
| 2 | The deputies had no | |
| 3 | information that Mr. | |
| 4 | Randall had tried to | |
| 5 | attack anyone with the | |
| 6 | box cutter. | |
| 7 | ***Evidence:*** "Ex. B" | |
| 8 | (Cassidy Depo.) at 11:15- | |
| 9 | 17; Clark Decl. at ¶ 10(d). | |
| 10 | | |
| 11 | Mr. Randall was not | |
| 12 | moving forward when | |
| 13 | Deputy Stanley fired his | |
| 14 | shots. | |
| 15 | ***Evidence:*** "Ex. A" | |
| 16 | (Stanley Depo.) at 42:9- | |
| 17 | 14, "Ex. B" (Cassidy | |
| 18 | Depo.) at 30:8-14; 43:10- | |
| 19 | 20; Clark Decl. at ¶ 13(j); | |
| 20 | "Ex. E" (Lethal Force | |
| 21 | Video) at 00:04 – 00:08. | |
| 22 | | |
| 23 | Deputy Stanley stepped | |
| 24 | backward after he fired | |
| 25 | his first shot, creating | |
| 26 | distance between himself | |
| 27 | and Mr. Randall. | |
| 28 | | |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1 | | **Evidence:** "Ex. A" |
| 2 | | (Stanley Depo.) at 41:14- |
| 3 | | 21; "Ex. C" (Flosi Depo.) |
| 4 | | at 37:11-15; Clark Decl. |
| 5 | | at ¶ 13(m); "Ex. E" |
| 6 | | (Lethal Force Video) at |
| 7 | | 00:04 –00:08 |
| 8 | | |
| 9 | | Mr. Randall fell |
| 10 | | backward when Deputy |
| 11 | | Stanley was firing his |
| 12 | | shots, creating distance |
| 13 | | between Deputy Stanley |
| 14 | | and Mr. Randall. |
| 15 | | |
| 16 | | **Evidence:** "Ex. A" |
| 17 | | (Stanley Depo.) at 56:18- |
| 18 | | 20, 66:4-10; "Ex. C" |
| 19 | | (Flosi Depo.) at 37:16-19; |
| 20 | | Clark Decl. at ¶ 13(m); |
| 21 | | "Ex. E" (Lethal Force |
| 22 | | Video) at 00:04 – 00:08. |
| 23 | | |
| 24 | | Mr. Randall did not make |
| 25 | | any slashing, swinging or |
| 26 | | stabbing motions with the |
| 27 | | box cutter prior to Deputy |
| 28 | | |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | |
|---|---|
| 1 | Stanley's shooting. |
| 2 | **_Evidence:_** "Ex. E" |
| 3 | (Lethal Force Video) at |
| 4 | 00:04 – 00:08; Clark |
| 5 | Decl. at ¶¶ 10(i), 10(l). |
| 6 | |
| 7 | Mr. Randall was not |
| 8 | attacking or attempting to |
| 9 | attack anyone at the time |
| 10 | of the shooting. |
| 11 | **_Evidence:_** "Ex. E" |
| 12 | (Lethal Force Video) at |
| 13 | 00:04 – 00:08. |
| 14 | |
| 15 | No person was within |
| 16 | striking distance of Mr. |
| 17 | Randall when Deputy |
| 18 | Stanley fired his shots. |
| 19 | Deputy Cassidy was |
| 20 | approximately eight to |
| 21 | ten feet from Mr. Randall |
| 22 | at the time of the |
| 23 | shooting. Deputy Stanley |
| 24 | was approximately 10 – |
| 25 | 12 feet from Mr. Randall |
| 26 | when Deputy Stanley |
| 27 | started firing his weapon. |
| 28 | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

*Evidence:* "Ex. A" (Stanley Depo.) at 28:3-9; Clark Decl. at ¶¶ 10(j), 13(k); "Ex. E" (Lethal Force Video) at 00:04 – 00:08.

When Deputy Stanley fired his shots, Mr. Randall was being Tased.

*Evidence:* "Ex. A" (Stanley Depo.) at 53:2-5, 64:21-65:4; "Ex. B" (Cassidy Depo.) at 29:8-12; "Ex. C" (Flosi Depo.) at 37:3-10; "Ex. E" (Lethal Force Video) at 00:04 – 00:08.

At the time of the shooting, Deputy Stanley was aware that there were less-lethal options available.

*Evidence:* "Ex. A" (Stanley Depo.) at 29:23-25; Clark Decl. at ¶ 13(i).

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1 | At the time of the | |
| 2 | shooting, Deputy | |
| 3 | Stanley was aware that | |
| 4 | Deputy Cassidy's Taser | |
| 5 | had a second cartridge. | |
| 6 | ***Evidence:*** "Ex. A" | |
| 7 | (Stanley Depo.) at 60:6- | |
| 8 | 14; Clark Decl. at ¶ 13(i). | |
| 9 | | |
| 10 | Deputy Stanley fired his | |
| 11 | shots within | |
| 12 | approximately one | |
| 13 | second of Deputy Cassidy | |
| 14 | deploying her Taser for | |
| 15 | the second time. | |
| 16 | ***Evidence:*** "Ex. A" | |
| 17 | (Stanley Depo.) at | |
| 18 | 53:2-5, 64:21-65:4; "Ex. | |
| 19 | B" (Cassidy Depo.) at | |
| 20 | 29:8-12; "Ex. E" (Lethal | |
| 21 | Force Video) at 00:04 – | |
| 22 | 00:08; Clark Decl. at ¶ | |
| 23 | 13(h). | |
| 24 | | |
| 25 | Police standards instruct | |
| 26 | that subjective fear alone | |
| 27 | does not justify the use of | |

142

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

deadly force.

***Evidence:*** Clark Decl. at ¶ 14(i).

Basic police training and standards instruct, and Deputy Stanley had been trained at the time of the shooting, that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate threat of death or serious bodily injury.

***Evidence:*** "Ex. A" (Stanley Depo.) at 67:8-16; "Ex. C" (Flosi Depo.) at 17:20-18:1; Clark Decl. at ¶ 11(b).

Police officers, including Deputy Stanley, are trained that a threat of death or serious injury is imminent when, based

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. ***Evidence:*** "Ex. A" (Stanley Depo.) at 68:24-69:8; Clark Decl. at ¶ 11(c) (citing PC 835a); "Ex. C" (Flosi Depo.) at 18:17-19:8, 19.

An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and

144

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1 | addressed. | |
| 2 | ***Evidence***: "Ex. C" (Flosi | |
| 3 | Depo.) at 20:9-25; Clark | |
| 4 | Decl. at ¶ 11(d). | |
| 5 | | |
| 6 | Police officers are trained | |
| 7 | to issue a verbal warning | |
| 8 | prior to using deadly | |
| 9 | force. | |
| 10 | ***Evidence:*** "Ex. C" (Flosi | |
| 11 | Depo.) at 22:12-19; Clark | |
| 12 | Decl. at ¶ 14(h). | |
| 13 | | |
| 14 | Deputy Stanley did not | |
| 15 | give Mr. Randall a verbal | |
| 16 | warning prior to shooting | |
| 17 | him. | |
| 18 | ***Evidence:*** "Ex. A" | |
| 19 | (Stanley Depo.) at 40:18- | |
| 20 | 20; "Ex. C" (Flosi Depo.) | |
| 21 | at 37:25-38:3; Clark | |
| 22 | Decl. at ¶ 13(p). | |
| 23 | | |
| 24 | One of the police reports | |
| 25 | (RANDALL/SPD- | |
| 26 | 000011) indicated that, | |
| 27 | based on investigators' | |
| 28 | | |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

review of the surveillance
video, Mr. Randall
tossed the box cutter
during or immediately
after the initial Taser
deployment, before the
shooting.
*Evidence:* Clark Decl. at
¶ 13(n).

Law enforcement later
located the handle of the
box cutter under a shelf
after the shooting but
were unable to locate a
blade.
*Evidence:* Clark Decl. at
¶ 13(n); "Ex. B" (Cassidy
Depo.) at 33:3-7; "Ex. C"
(Flosi Depo.) at 40:4-15.

From the standpoint of
police practices,
including basic police
training and POST
standards, Deputy
Stanley's use of deadly

146

force was improper, inappropriate, excessive and unreasonable, including (but not limited to) for the following reasons: (1) this was not an immediate defense of life situation; (2) subjective fear is insufficient to justify a use of deadly force; (3) Mr. Randall committed no crime involving the infliction of serious injury or death, and the deputies were not responding to a serious or violent crime; (4) Deputy Stanley could not justify shooting Mr. Randall under a fleeing felon theory or for running away from the Taser; (5) Mr. Randall never verbally threatened to harm anyone; (6) Deputy Stanley had reasonable alternative

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

measures other than shooting; (7) Deputy Stanley showed no reverence for human life when he fired at Mr. Randall; (8) Mr. Randall was experiencing a mental health crisis; (9) Deputy Stanley could not justify shooting Mr. Randall simply for having a box cutter; (10) Deputy Stanley failed to give Mr. Randall a verbal warning before using deadly force; (11) police officers are trained that they must justify every shot they fire, and all seven of Deputy Stanley's shots were unjustified; (12) Deputy Stanley overreacted when he fired his weapon at Mr. Randall, and an overreaction in using deadly force is excessive

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

| | |
|---|---|
| | force. ***Evidence:*** Clark Decl. at ¶ 15. | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### ADDITIONAL MATERIAL FACTS

| Plaintiff's Alleged Undisputed Fact & Evidence | Defendant's Response |
|---|---|
| 94. The deputies were not responding to a serious or violent crime.<br>Clark Decl. at ¶ 10(a). | Undisputed. |
| 95. At the time of the incident, Deputies Stanley and Cassidy had never seen Mr. Randall before and did not know anything about him.<br>"Ex. B" (Cassidy Depo.) at 11:21-22. | Undisputed as to Deputy Cassidy.<br><br>Disputed as to Deputy Stanley. Plaintiff's provides no evidence to support this fact as to Deputy Stanley. |
| 96. When Deputies Stanley and Cassidy responded to this incident, they had no information that Mr. Randall had physically injured anyone.<br>"Ex. A" (Stanley Depo.) at 17:2-4; "Ex. B" (Cassidy Depo.) at 11:12-14; Clark Decl. at ¶ 10(b). | Undisputed. |

149

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 97.  When Deputies Stanley and Cassidy responded to this incident, they had no information that Mr. Randall had verbally threatened to harm anyone.<br>"Ex. A" (Stanley Depo.) at 17:5-7; "Ex. B" (Cassidy Depo.) at 11:18-20, 14:11-13; "Ex. C" (Flosi Depo.) at 29:5-8; Clark Decl. at ¶ 10(c). | Undisputed. |
| 98. The deputies had no information that Mr. Randall had tried to attack anyone with the box cutter.<br>"Ex. B" (Cassidy Depo.) at 11:15-17; Clark Decl. at ¶ 10(d). | Undisputed. |
| 99.  Deputy Stanley had a Taser on him at the time of this incident.<br>"Ex. A" (Stanley Depo.) at 14:6-7. | Undisputed. |
| 100.  Deputy Stanley had OC spray on him at the time of this incident.<br>"Ex. A" (Stanley Depo.) at 26:1-2. | Undisputed. |
| 101.  Deputy Stanley had a police baton on him at the time of this incident.<br>"Ex. A" (Stanley Depo.) at 26:3-4. | Undisputed. |
| 102.  The deputies knew or should have known that Mr. Randall was mentally ill or having a mental health crisis.<br>"Ex. A" (Stanley Depo.) at 33:8-18; Clark | Disputed.<br><br>The entire encounter with Mr. Randall lasted approximately one |

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| Decl. at ¶ 10(e). | (1) minute or less. |
| | (Initial Contact Video; Lethal Force Video.) |
| | Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental illness. In this incident, Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation. (Flosi Decl. ¶ 23.) |
| | Mr. Randall had the capacity to verbally communicate with the Officers. (See Defendants' Undisputed Fact No. 47.) |
| 103. Prior to Deputy Cassidy's first Taser deployment, Mr. Randall did not charge at anyone. "Ex. A" (Stanley Depo.) at 32:21-23; | Undisputed. |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| "Ex. B" (Cassidy Depo.) at 26:3-6; Clark Decl. at ¶ 10(f); "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | |
| 104.  Prior to Deputy Cassidy's first Taser deployment, Mr. Randall did not try to attack anyone. "Ex. A" (Stanley Depo.) at 32:24-25; "Ex. B" (Cassidy Depo.) at 26:3-14; "Ex. C" (Flosi Depo.) at 28:25-29:4; Clark Decl. at ¶ 10(f); "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | Undisputed. |
| 105.  Prior to Deputy Cassidy's first Taser deployment, Mr. Randall did not advance toward anyone. "Ex. A" (Stanley Depo.) at 33:1-3; "Ex. B" (Cassidy Depo.) at 26:3-6 Clark Decl. at ¶ 10(f); "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | Undisputed. |
| 106.  Mr. Randall was not moving toward the deputies at the time of the first Taser deployment. "Ex. C" (Flosi Depo.) at 29:24-30:3; Clark Decl. at ¶¶ 10(f), 10(h); "Ex. D" (Initial Contact Video) at 9:50 –10:20. | Undisputed. |
| 107.  Mr. Randall was not within striking distance of any person when Deputy Cassidy deployed her Taser the first time. | Disputed.  Plaintiff provides no evidence to |

152

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | |
|---|---|
| "Ex. D" (Initial Contact Video) at 10:10 – 10:20; Clark Decl. at ¶ 10(j). | support the his interpretation of "striking distance." |
| 108.  Deputy Cassidy was approximately 10- 15 feet from Mr. Randall when she deployed her Taser the first time. "Ex. B" (Cassidy Depo.) at 12:24-13:7, 13:23-25. | Undisputed. |
| 109.  Police officers are trained to issue a verbal warning prior to deploying a Taser against an individual, when feasible. "Ex. A" (Stanley Depo.) at 32:6-8; Clark Decl. at ¶ 10(k). | Undisputed. |
| 110.  The deputies failed to give Mr. Randall a verbal warning prior to Deputy Cassidy's first Taser deployment. "Ex. A" (Stanley Depo.) at 32:9-10; Clark Decl. at ¶ 10(k). | Undisputed. |
| 111.  The Taser probes struck Mr. Randall. "Ex. A" (Stanley Depo.) at 35:7-17; "Ex. C" (Flosi Depo.) at 30:4-16; "Ex. D" (Initial Contact Video) at 10:13 – 10:20. | Undisputed. |
| 112.  Police officers are trained that pulling the Taser probes out after being struck is one response by individuals being Tased. | Undisputed. |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

153

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| "Ex. A" (Stanley Depo.) at 35:22-36:2; "Ex. B" (Cassidy Depo.) at 15:7-10. | |
| 113. Mr. Randall reacted to the Taser. "Ex. A" (Stanley Depo.) at 48:12-14; "Ex. B" (Cassidy Depo.) at 26:22- 27:1; "Ex. C" (Flosi Depo.) at 30:4-16; "Ex. D" (Initial Contact Video) at 10:13 – 10:28. | Undisputed. |
| 114. After the first Taser deployment, Mr. Randall ran away from the deputies. "Ex. A" (Stanley Depo.) at 44:4-9; "Ex. B" (Cassidy Depo.) at 17:11-16; "Ex. C" (Flosi Depo.) at 34:15-23; "Ex. D" (Initial Contact Video) at 10:20 – 10:30. | Undisputed. |
| 115.  Police officers, including Deputy Cassidy, are trained that a common response to being Tased is to run from the Taser. "Ex. B" (Cassidy Depo.) at 15:4-6; "Ex. C" (Flosi Depo.) at 34:23-35:9; Clark Decl. at ¶ 10(e). | Undisputed. |
| 116.  Deputy Cassidy did not give Mr. Randall any commands as he was running away. "Ex. B" (Cassidy Depo.) at 21:2-4. | Undisputed. |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| 117.  Deputy Cassidy has been trained that police officers cannot Tase someone for seeing a weapon in their hand, for that fact alone.<br>"Ex. B" (Cassidy Depo.) at 9:5-7. | Undisputed. |
|---|---|
| 118.  Pursuant to basic police training, it would not have been appropriate to use deadly force against Mr. Randall prior to the first Taser deployment, when Mr. Randall was 10 – 15 feet away and not advancing.<br>"Ex. A" (Stanley Depo.) at 34:22-35:6;<br>"Ex. C" (Flosi Depo.) at 30:20-31:11, 34:5-13. | Undisputed. |
| 119.  Deputy Cassidy was approximately eight to ten feet from Mr. Randall when she deployed her Taser the second time.<br>"Ex. A" (Stanley Depo.) at 28:3-9; Clark Decl. at ¶ 10(j); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Disputed.<br><br>The entire encounter with Mr. Randall lasted approximately one (1) minute or less.<br>(Initial Contact Video; Lethal Force Video.)<br><br>Officers are trained that they must first deal with any dangerous actions and behaviors of a subject in order to stabilize the situation prior to making any effort to evaluate if a |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| | subject; (1) is possibly suffering from mental psychosis, or (2) has a pre-existing mental illness. In this incident, Mr. Randall did not allow the opportunity for the officers to conduct any such evaluation. (Flosi Decl. ¶ 23.)<br><br>Mr. Randall had the capacity to verbally communicate with the Officers.<br>(See Defendants' Undisputed Fact No. 47.) |
| 120.  One of the police reports (RANDALL/SPD-000011) indicates that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the second Taser deployment and the shooting.<br>Clark Decl. at ¶ 13(n). | Disputed.<br><br>Plaintiff fails to provide admissible evidence to support this fact; the fact lacks foundation. |
| 121.  The deputies failed to give Mr. Randall a verbal warning prior to Deputy Cassidy Tasing Mr. Randall the second time.<br>"Ex. A" (Stanley Depo.) at 43:7-9; "Ex. | Undisputed. |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

4926-7839-1847.2 SBD-00026

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| B" (Cassidy Depo.) at 22:6-9; "Ex. C" (Flosi Depo.) at 28:12-16; Clark Decl. at ¶ 10(k). | |
| 122.  Deputy Cassidy did not give Mr. Randall any commands prior to Tasing him the second time. "Ex. B" (Cassidy Depo.) at 22:6-9; Clark Decl. at ¶ 15(f). | Undisputed. |
| 123.  Mr. Randall was not moving forward when Deputy Cassidy deployed her Taser the second time. "Ex. A" (Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14, 36:6-16; 43:10-20; "Ex. D" (Video) at; Clark Decl. at ¶ 10(i); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Disputed.<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |
| 124.  No person was within striking distance of Mr. Randall when Deputy Cassidy deployed her Taser the second time. "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Disputed.<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06).<br><br>Plaintiff provides no evidence to support the his interpretation of "striking distance." |

157

| | |
|---|---|
| 125. Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to either of Deputy Cassidy's two Taser deployments.<br>"Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶¶ 10(i), 10(l). | Disputed.<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |
| 126. Mr. Randall never lunged toward the deputies.<br>"Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ 13(k). | Disputed.<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |
| 127. Deputy Stanley fired within approximately one second of Mr. Randall coming into his view again after Mr. Randall ran away and rounded the corner.<br>"Ex. A" (Stanley Depo.) at 40:14-17. | Undisputed. |
| 128. No person was within striking distance of Mr. Randall when Deputy Stanley fired his shots.<br>"Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ 10(j). | Disputed.<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| | Plaintiff provides no evidence to support the his interpretation of "striking distance." |
| 129.  After Mr. Randall came back into the deputies' view, the deputies did not give Mr. Randall any commands before the shooting. "Ex. A" (Stanley Depo.) at 66:15-18; "Ex. B" (Cassidy Depo.) at 30:24-31:4; "Ex. C" (Flosi Depo.) at 38:4-15; Clark Decl. at ¶ 15(f). | Undisputed. |
| 130.  Police officers are trained to issue a verbal warning prior to using deadly force. "Ex. C" (Flosi Depo.) at 22:12-19; Clark Decl. at ¶ 14(h). | Undisputed. |
| 131.  Deputy Stanley did not give Mr. Randall a verbal warning prior to shooting him. "Ex. A" (Stanley Depo.) at 40:18-20; "Ex. C" (Flosi Depo.) at 37:25-38:3; Clark Decl. at ¶ 13(p). | Undisputed. |
| 132.  Mr. Randall was not moving forward when Deputy Stanley fired his shots. "Ex. A" (Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14; 43:10-20; Clark Decl. at ¶ 13(j); "Ex. E" | Disputed.

The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a |

159

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| (Lethal Force Video) at 00:04 – 00:08. | slashing manner. (Lethal Force Video at 00:04 – 00:06). |
| 133.  Mr. Randall was not attacking or attempting to attack anyone at the time of the shooting.<br>"Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Disputed.<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |
| 134.  Deputy Stanley fired seven lethal shots at Mr. Randall.<br>"Ex. A" (Stanley Depo.) at 13:13-21;<br>"Ex. C" (Flosi Depo.) at 26:14-20. | Undisputed. |
| 135.  At the time of the shooting, Deputy Stanley was aware that there were less-lethal options available.<br>"Ex. A" (Stanley Depo.) at 29:23-25;<br>Clark Decl. at ¶ 13(i). | Undisputed. |
| 136.  At the time of the shooting, Deputy Stanley was aware that Deputy Cassidy's Taser had a second cartridge.<br>"Ex. A" (Stanley Depo.) at 60:6-14; Clark Decl. at ¶ 13(i). | Undisputed. |
| 137.  Deputy Stanley was trained at the police academy that a Taser can be used under certain circumstances against an | Undisputed. |

160

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| individual who has an edged weapon. "Ex. A" (Stanley Depo.) at 31:7-10. | |
| 138.  When Deputy Stanley fired his shots, Mr. Randall was being Tased. "Ex. A" (Stanley Depo.) at 53:2-5, 64:21-65:4; "Ex. B" (Cassidy Depo.) at 29:8-12; "Ex. C" (Flosi Depo.) at 37:3-10; "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Undisputed. |
| 139.  When Deputy Stanley fired shots within approximately one second of Deputy Cassidy deploying her Taser for the second time. "Ex. A" (Stanley Depo.) at 53:2-5, 64:21-65:4; "Ex. B" (Cassidy Depo.) at 29:8-12; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ 13(h). | Undisputed. |
| 140.  Mr. Randall did not make any swinging, slashing, or stabbing motions prior to Deputy Stanley firing his shots. Clark Decl. at ¶ 13(k); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Disputed.<br><br>The Lethal Force Video depicts Mr. Randall swinging his right hand downward toward Deputy Cassidy in a slashing manner. (Lethal Force Video at 00:04 – 00:06). |
| 141.  Deputy Stanley was approximately 10 – 12 feet from Mr. Randall when he started firing his weapon. | Disputed to the extent there is a two-foot discrepancy as to when Deputy Stanley fired his weapon, this |

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶¶ 10(j), 13(l). | discrepancy does not make his acts unreasonable, and Plaintiff provides no evidence that such a discrepancy is materially relevant. |
| 142.  Deputy Stanley stepped backward after he fired his first shot, creating distance between himself and Mr. Randall.<br>"Ex. A" (Stanley Depo.) at 41:14-21; "Ex. C" (Flosi Depo.) at 37:11-15; Clark Decl. at ¶ 13(m); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Undisputed. |
| 143.  Mr. Randall fell backward when Deputy Stanley was firing his shots, creating distance between Deputy Stanley and Mr. Randall.<br>"Ex. A" (Stanley Depo.) at 56:18-20, 66:4-10; "Ex. C" (Flosi Depo.) at 37:16-19; Clark Decl. at ¶ 13(m); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Undisputed. |
| 144.  Deputy Stanley did not see the box cutter when he was looking through his sights while he was firing.<br>"Ex. A" (Stanley Depo.) at 58:24 – 59:2. | Undisputed. |
| 145.  At the time of the shooting, there were no customers within the immediate vicinity of Mr. Randall. | Disputed to the extent Plaintiff provides no evidence to support his interpretation of "immediate vicinity." |

162

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| "Ex. A" (Stanley Depo.) at 66:11-14; "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |
| 146.  After the shooting, the deputies did not see a box cutter in Mr. Randall's hand or in his vicinity.<br>"Ex. A" (Stanley Depo.) at 57:7-20, 65:5-11; "Ex. B" (Cassidy Depo.) at 32:19-33:7; "Ex. C" (Flosi Depo.) at 39:3-40:2; Clark Decl. at ¶ 13(n). | Undisputed. |
| 147.  Law enforcement later located the handle of the box cutter under a shelf after the shooting but were unable to locate a blade.<br>Clark Decl. at ¶ 13(n); "Ex. B" (Cassidy Depo.) at 33:3-7; "Ex. C" (Flosi Depo.) at 40:4-15. | Undisputed. |
| 148.  Mr. Randall did not injure anyone during this incident.<br>Clark Decl. at ¶ 13(t). | Undisputed. |
| 149.  Police officers are trained to consider the background or backdrop of the shooting when using deadly force.<br>"Ex. A" (Stanley Depo.) at 68:3-5; Clark Decl. at ¶ 15(e). | Undisputed. |

163

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 150.  Two of Deputy Stanley's seven shots missed, striking items in the grocery store.<br>"Ex. A" (Stanley Depo.) at 68:6-23; "Ex. B" (Cassidy Depo.) at 29:19-23; Clark Decl. at ¶ 15(e); "Ex. C" (Flosi Depo.) at 27:10-14. | Undisputed. |
| 151.  Deputies Cassidy and Stanley failed to discuss any tactical plan prior to contacting Mr. Randall.<br>"Ex. A" (Stanley Depo.) at 20:17-19; Clark Decl. at ¶ 15(a). | Disputed.<br><br>The evidence cited by Plaintiff does not support this fact. Stanley's testimony only states that upon seeing Mr. Randall, he and Deputy Cassidy did not discuss a tactical plan at that time. |
| 152.  The deputies had no information about Mr. Randall's ability to understand and comply with commands and did not assess that ability.<br>Clark Decl. at ¶ 13(r). | Disputed.<br><br>Mr. Randall had the capacity to verbally communicate with the Officers.<br>(See Defendants' Undisputed Fact No. 47.) |
| 153.  In violation of basic police training, Deputy Cassidy escalated the situation when she Tased Mr. Randall.<br>Clark Decl. at ¶ 15(b). | Disputed.<br><br>The non-deadly force response by Deputy Cassidy were appropriate and reasonable to prevent a perceived imminent and credible threat of serious |

164

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| | bodily injury or death. (Flosi Decl. ¶ 27.) |
| 154. Deputy Stanley failed to provide Mr. Randall a reasonable opportunity to comply with Deputy Cassidy's second Taser deployment before using deadly force against Mr. Randall.<br>Clark Decl. at ¶ 15(g). | Disputed.<br><br>The deadly force response by Deputy Stanley was appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death.<br>(Flosi Decl. ¶ 30.) |
| 155. A reasonable officer in the position of Deputies Stanley and Cassidy would have taken a position of cover and formulated an effective and safe tactical plan.<br>Clark Decl. at ¶ 15(h). | Disputed.<br><br>Police officers are trained that they are permitted to use reasonable force to effect an arrest, prevent the escape or to overcome the resistance of a suspect. Police Officers receive training that the United States Supreme Court established how force must be judged from an objectively reasonable standard. (Graham v. Connor, 490 U.S. 386 (1989).) When reviewing and analyzing an officer's use of force under a standard of "objective reasonableness," officers are trained that the Graham decision gave an overarching guideline |

165

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| | to those that are charged with analyzing an officer's force response. Officers are told that the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation. If the situation has risen to the level that the officer reasonably believes that officer's or other person's life is in imminent danger of serious bodily injury or death, officers are trained to shoot until the threat is stopped. An officer is not required to wait in order to find out if the suspect will, in fact, injure or kill the officer. (Flosi Decl. ¶ 25.) |
| 156.  Under the facts of this case and pursuant to police standards and training, it would have been inappropriate for the deputies to use force against Mr. Randall under the fleeing felon theory or for running away. "Ex. A" (Stanley Depo.) at 39:1-5; "Ex. C" (Flosi Depo.) at 18:6-10, 35:15-25; | Disputed.

The non-deadly force response by Deputy Cassidy were appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death. The non-deadly force response was appropriate and |

166

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | |
|---|---|
| Clark Decl. at ¶ 12. | consistent with current law enforcement training standards in consideration of the "totality of the circumstances" presented to Deputy Cassidy at the moments non-deadly force was used. (Flosi Decl. ¶ 27.)<br><br>The deadly force response by Deputy Stanley was appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death. The deadly force response was appropriate and consistent with current law enforcement training standards in consideration of the "totality of the circumstances" presented to Deputy Stanley at the moments deadly force was used. (Flosi Decl. ¶ 30.) |
| 157.  Police officers are trained that they cannot use deadly force against a person for having a weapon in their hand, for that fact alone.<br>"Ex. B" (Cassidy Depo.) at 9:8-10; "Ex. C" (Flosi Depo.) at 21:17-25, 32:25-33:8. | Undisputed. |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4926-7839-1847.2 SBD-00026

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 158.  Basic police training and standards instruct, and Deputy Stanley had been trained at the time of the shooting, that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate threat of death or serious bodily injury.<br><br>"Ex. A" (Stanley Depo.) at 67:8-16; "Ex. C" (Flosi Depo.) at 17:20-18:1; Clark Decl. at ¶ 11(b). | Undisputed. |
| 159.  Police officers, including Deputy Stanley, are trained that a threat of death or serious injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.<br><br>"Ex. A" (Stanley Depo.) at 68:24- 69:8; Clark Decl. at ¶ 11(c) (citing PC 835a); "Ex. C" (Flosi Depo.) at 18:17-19:8, 19. | Undisputed. |
| 160.   An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the | Undisputed. |

168

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. "Ex. C" (Flosi Depo.) at 20:9-25; Clark Decl. at ¶ 11(d). | |
| 161.  Police standards instruct that subjective fear alone does not justify the use of deadly force. Clark Decl. at ¶ 14(i). | Undisputed. |
| 162.  Police officers are trained to consider whether there are other reasonable alternative measures to using deadly force. "Ex. A" (Stanley Depo.) at 67:17-18; Clark Decl. at ¶ 14(g); "Ex. C" (Flosi Depo.) at 22:2-10. | Undisputed. |
| 163.  Officers are trained to deescalate a situation. "Ex. C" (Flosi Depo.) at 12:4-6; Clark Decl. at ¶¶ 14(c), 15(b). | Undisputed. |
| 164.  Officers are trained in how to deal with people who may be suffering from a mental illness or mental health crisis. "Ex. C" (Flosi Depo.) at 12:7-11. | Undisputed. |
| 165.  Basic police training teaches that an overreaction in using deadly force is excessive force. | Undisputed. |

169

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clark Decl. at ¶ 15(l).

166.  From the standpoint of police practices, including basic police training and POST standards, Deputy Stanley's use of deadly force was improper, inappropriate, excessive and unreasonable, including (but not limited to) for the following reasons: (1) this was not an  immediate defense of life situation; (2) subjective fear is insufficient to justify a use of deadly force; (3) Mr. Randall committed no crime involving the infliction of serious injury or death, and the deputies were not responding to a serious or violent crime; (4) Deputy Stanley could not justify shooting Mr. Randall under a fleeing felon theory or for running away from the Taser; (5) Mr. Randall never verbally threatened to harm anyone; (6) Deputy Stanley had reasonable alternative measures other than shooting; (7) Deputy Stanley showed no reverence for human life when he fired at Mr. Randall; (8) Mr. Randall was experiencing a mental health

Disputed.

The non-deadly force response by Deputy Cassidy were appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death. The non-deadly force response was appropriate and consistent with current law enforcement training standards in consideration of the "totality of the circumstances" presented to Deputy Cassidy at the moments non-deadly force was used. (Flosi Decl. ¶ 27.)

The deadly force response by Deputy Stanley was appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death. The deadly force response was appropriate and consistent with current law enforcement training standards in consideration of the "totality of the circumstances" presented to Deputy

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

| | |
|---|---|
| crisis; (9) Deputy Stanley could not justify shooting Mr. Randall simply for having a box cutter; (10) Deputy Stanley failed to give Mr. Randall a verbal warning before using deadly force; (11) police officers are trained that they must justify every shot they fire, and all seven of Deputy Stanley's shots were unjustified; (12) Deputy Stanley overreacted when he fired his weapon at Mr. Randall, and an overreaction in using deadly force is excessive force. Clark Decl. at ¶ 15. | Stanley at the moments deadly force was used. (Flosi Decl. ¶ 30.) |

DATED:  March 14, 2025

WESIERSKI & ZUREK LLP

By: _Christopher P. Wesierski_

CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, COUNTY OF
SAN BERNARDINO, CORRIN
CASSIDY, and CAMERON STANLEY

171

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSIVE SEPARATE STATEMENT OF FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000