Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Kathryn J. Harvey [Bar No. 241029]
  kharvey@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; CAMERON STANLEY and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 5:24-cv-00086-SSS-SP<br>*Assigned to*:<br>Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF ADDITIONAL MATERIAL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed Concurrently with Reply to Opposition to Motion for Summary Judgment; and Evidentiary Objections]*<br><br>**Date:   April 11, 2025**<br>**Time:   2:00 p.m.**<br>**Courtroom:  2**<br><br>Trial Date: July 14, 2025 |

1

Defendants COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY hereby submit their evidentiary objections to Plaintiff's Separate Statement of Additional Material Facts.

## DEFENDANTS' EVIDENTIARY OBJECTIONS RE: PLAINTIFF'S SEPARATE STATEMENT OF ADDITIONAL MATERIAL FACTS

Pursuant to Rule 56-1, Local Rules of Central District of California, **for purposes of this Motion only,** Defendants hereby submit their evidentiary objections to Plaintiff's Separate Statement of Additional Material Facts.

| Plaintiff's Uncontroverted Facts and Evidence | Defendant's Objections to Uncontroverted Facts and Evidence |
|---|---|
| 94. The deputies were not responding to a serious or violent crime.<br>Clark Decl. at ¶ 10(a). | |
| 95. At the time of the incident, Deputies Stanley and Cassidy had never seen Mr. Randall before and did not know anything about him.<br>"Ex. B" (Cassidy Depo.) at 11:21-22. | Lacks foundation as to Deputy Stanley. |
| 96. When Deputies Stanley and Cassidy responded to this incident, they had no information that Mr. Randall had physically injured anyone.<br>"Ex. A" (Stanley Depo.) at 17:2-4; "Ex. | |

| | |
|---|---|
| B" (Cassidy Depo.) at 11:12-14; Clark Decl. at ¶ 10(b). | |
| 97. When Deputies Stanley and Cassidy responded to this incident, they had no information that Mr. Randall had verbally threatened to harm anyone. "Ex. A" (Stanley Depo.) at 17:5-7; "Ex. B" (Cassidy Depo.) at 11:18-20, 14:11-13; "Ex. C" (Flosi Depo.) at 29:5-8; Clark Decl. at ¶ 10(c). | |
| 98. The deputies had no information that Mr. Randall had tried to attack anyone with the box cutter. "Ex. B" (Cassidy Depo.) at 11:15-17; Clark Decl. at ¶ 10(d). | |
| 99. Deputy Stanley had a Taser on him at the time of this incident. "Ex. A" (Stanley Depo.) at 14:6-7. | |
| 100. Deputy Stanley had OC spray on him at the time of this incident. "Ex. A" (Stanley Depo.) at 26:1-2. | |
| 101. Deputy Stanley had a police baton on him at the time of this incident. "Ex. A" (Stanley Depo.) at 26:3-4. | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3
4905-8887-7353.1 SBD-00026
DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF ADDITIONAL MATERIAL FACTS

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | 102. The deputies knew or should have known that Mr. Randall was mentally ill or having a mental health crisis.<br>"Ex. A" (Stanley Depo.) at 33:8-18; Clark Decl. at ¶ 10(e). | Lacks foundation. |
| 6<br>7<br>8<br>9<br>10<br>11<br>12 | 103. Prior to Deputy Cassidy's first Taser deployment, Mr. Randall did not charge at anyone.<br>"Ex. A" (Stanley Depo.) at 32:21-23; "Ex. B" (Cassidy Depo.) at 26:3-6; Clark Decl. at ¶ 10(f); "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | Irrelevant (FRE 401, 402); Vague and ambiguous as to "charge at anyone." |
| 13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | 104. Prior to Deputy Cassidy's first Taser deployment, Mr. Randall did not try to attack anyone.<br>"Ex. A" (Stanley Depo.) at 32:24-25; "Ex. B" (Cassidy Depo.) at 26:3-14; "Ex. C" (Flosi Depo.) at 28:25-29:4; Clark Decl. at ¶ 10(f); "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | Irrelevant (FRE 401, 402); Vague and ambiguous as to "attack anyone." |
| 21<br>22<br>23<br>24<br>25<br>26<br>27 | 105. Prior to Deputy Cassidy's first Taser deployment, Mr. Randall did not advance toward anyone.<br>"Ex. A" (Stanley Depo.) at 33:1-3; "Ex. B" (Cassidy Depo.) at 26:3-6 Clark Decl. at ¶ 10(f); "Ex. D" (Initial Contact Video) at 9:50 – 10:20. | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

28

4

4905-8887-7353.1 SBD-00026

DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S
SEPARATE STATEMENT OF ADDITIONAL MATERIAL FACTS

| | | |
|---|---|---|
| 1-6 | 106. Mr. Randall was not moving toward the deputies at the time of the first Taser deployment. "Ex. C" (Flosi Depo.) at 29:24-30:3; Clark Decl. at ¶¶ 10(f), 10(h); "Ex. D" (Initial Contact Video) at 9:50 –10:20. | |
| 7-11 | 107. Mr. Randall was not within striking distance of any person when Deputy Cassidy deployed her Taser the first time. "Ex. D" (Initial Contact Video) at 10:10 – 10:20; Clark Decl. at ¶ 10(j). | Calls for speculation; Vague and ambiguous as to "striking distance." |
| 12-16 | 108. Deputy Cassidy was approximately 10- 15 feet from Mr. Randall when she deployed her Taser the first time. "Ex. B" (Cassidy Depo.) at 12:24-13:7, 13:23-25. | |
| 17-21 | 109. Police officers are trained to issue a verbal warning prior to deploying a Taser against an individual, when feasible. "Ex. A" (Stanley Depo.) at 32:6-8; Clark Decl. at ¶ 10(k). | |
| 22-26 | 110. The deputies failed to give Mr. Randall a verbal warning prior to Deputy Cassidy's first Taser deployment. "Ex. A" (Stanley Depo.) at 32:9-10; Clark Decl. at ¶ 10(k). | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1-5 | 111. The Taser probes struck Mr. Randall. "Ex. A" (Stanley Depo.) at 35:7-17; "Ex. C" (Flosi Depo.) at 30:4-16; "Ex. D" (Initial Contact Video) at 10:13 – 10:20. | |
| 6-11 | 112. Police officers are trained that pulling the Taser probes out after being struck is one response by individuals being Tased. "Ex. A" (Stanley Depo.) at 35:22-36:2; "Ex. B" (Cassidy Depo.) at 15:7-10. | |
| 12-16 | 113. Mr. Randall reacted to the Taser. "Ex. A" (Stanley Depo.) at 48:12-14; "Ex. B" (Cassidy Depo.) at 26:22- 27:1; "Ex. C" (Flosi Depo.) at 30:4-16; "Ex. D" (Initial Contact Video) at 10:13 – 10:28. | |
| 17-22 | 114. After the first Taser deployment, Mr. Randall ran away from the deputies. "Ex. A" (Stanley Depo.) at 44:4-9; "Ex. B" (Cassidy Depo.) at 17:11-16; "Ex. C" (Flosi Depo.) at 34:15-23; "Ex. D" (Initial Contact Video) at 10:20 – 10:30. | |
| 23-27 | 115. Police officers, including Deputy Cassidy, are trained that a common response to being Tased is to run from the Taser. "Ex. B" (Cassidy Depo.) at 15:4-6; "Ex. | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4905-8887-7353.1 SBD-00026

DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF ADDITIONAL MATERIAL FACTS

| | | |
|---|---|---|
| | C" (Flosi Depo.) at 34:23-35:9; Clark Decl. at ¶ 10(e). | |
| | 116. Deputy Cassidy did not give Mr. Randall any commands as he was running away.<br>"Ex. B" (Cassidy Depo.) at 21:2-4. | |
| | 117. Deputy Cassidy has been trained that police officers cannot Tase someone for seeing a weapon in their hand, for that fact alone.<br>"Ex. B" (Cassidy Depo.) at 9:5-7. | |
| | 118. Pursuant to basic police training, it would not have been appropriate to use deadly force against Mr. Randall prior to the first Taser deployment, when Mr. Randall was 10 – 15 feet away and not advancing.<br>"Ex. A" (Stanley Depo.) at 34:22-35:6; "Ex. C" (Flosi Depo.) at 30:20-31:11, 34:5-13. | Calls for speculation; Irrelevant (FRE 401, 402); Argumentative. |
| | 119. Deputy Cassidy was approximately eight to ten feet from Mr. Randall when she deployed her Taser the second time. "Ex. A" (Stanley Depo.) at 28:3-9; Clark Decl. at ¶ 10(j); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

7

| | | |
|---|---|---|
| 1-9 | 120. One of the police reports (RANDALL/SPD-000011) indicates that, based on investigators' review of the surveillance video, Mr. Randall tossed the box cutter during or immediately after the initial Taser deployment, before the second Taser deployment and the shooting. Clark Decl. at ¶ 13(n). | Lacks foundation. |
| 10-17 | 121. The deputies failed to give Mr. Randall a verbal warning prior to Deputy Cassidy Tasing Mr. Randall the second time. "Ex. A" (Stanley Depo.) at 43:7-9; "Ex. B" (Cassidy Depo.) at 22:6-9; "Ex. C" (Flosi Depo.) at 28:12-16; Clark Decl. at ¶ 10(k). | |
| 18-22 | 122. Deputy Cassidy did not give Mr. Randall any commands prior to Tasing him the second time. "Ex. B" (Cassidy Depo.) at 22:6-9; Clark Decl. at ¶ 15(f). | |
| 23-27 | 123. Mr. Randall was not moving forward when Deputy Cassidy deployed her Taser the second time. "Ex. A" (Stanley Depo.) at 42:9-14, "Ex. B" (Cassidy Depo.) at 30:8-14, 36:6-16; | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 1-3 | 43:10-20; "Ex. D" (Video) at; Clark Decl. at ¶ 10(i); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |
| 4-9 | 124. No person was within striking distance of Mr. Randall when Deputy Cassidy deployed her Taser the second time.<br>"Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Vague and ambiguous as to "striking distance." |
| 10-16 | 125. Mr. Randall did not make any slashing, swinging or stabbing motions with the box cutter prior to either of Deputy Cassidy's two Taser deployments.<br>"Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ ¶ 10(i), 10(l). | Vague and ambiguous; Compound. |
| 17-20 | 126. Mr. Randall never lunged toward the deputies.<br>"Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ 13(k). | Vague and ambiguous as to "lunged." |
| 21-26 | 127. Deputy Stanley fired within approximately one second of Mr. Randall coming into his view again after Mr. Randall ran away and rounded the corner.<br>"Ex. A" (Stanley Depo.) at 40:14-17. | Compound. |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| # | | |
|---|---|---|
| 128. | No person was within striking distance of Mr. Randall when Deputy Stanley fired his shots. "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ 10(j). | Vague and ambiguous as to "striking distance"; Calls for speculation; Lacks foundation. |
| 129. | After Mr. Randall came back into the deputies' view, the deputies did not give Mr. Randall any commands before the shooting. "Ex. A" (Stanley Depo.) at 66:15-18; "Ex. B" (Cassidy Depo.) at 30:24-31:4; "Ex. C" (Flosi Depo.) at 38:4-15; Clark Decl. at ¶ 15(f). | |
| 130. | Police officers are trained to issue a verbal warning prior to using deadly force. "Ex. C" (Flosi Depo.) at 22:12-19; Clark Decl. at ¶ 14(h). | |
| 131. | Deputy Stanley did not give Mr. Randall a verbal warning prior to shooting him. "Ex. A" (Stanley Depo.) at 40:18-20; "Ex. C" (Flosi Depo.) at 37:25-38:3; Clark Decl. at ¶ 13(p). | |
| 132. | Mr. Randall was not moving forward when Deputy Stanley fired his shots. "Ex. A" (Stanley Depo.) at 42:9- | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | 14, "Ex. B" (Cassidy Depo.) at 30:8-14; 43:10-20; Clark Decl. at ¶ 13(j); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |
| 133. | Mr. Randall was not attacking or attempting to attack anyone at the time of the shooting. "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Argumentative; Vague and ambiguous as to "attack." |
| 134. | Deputy Stanley fired seven lethal shots at Mr. Randall. "Ex. A" (Stanley Depo.) at 13:13-21; "Ex. C" (Flosi Depo.) at 26:14-20. | |
| 135. | At the time of the shooting, Deputy Stanley was aware that there were less-lethal options available. "Ex. A" (Stanley Depo.) at 29:23-25; Clark Decl. at ¶ 13(i). | |
| 136. | At the time of the shooting, Deputy Stanley was aware that Deputy Cassidy's Taser had a second cartridge. "Ex. A" (Stanley Depo.) at 60:6-14; Clark Decl. at ¶ 13(i). | |
| 137. | Deputy Stanley was trained at the police academy that a Taser can be used under certain circumstances against an individual who has an edged weapon. "Ex. A" (Stanley Depo.) at 31:7-10. | Vague and ambiguous as to "edged weapon." |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 138. When Deputy Stanley fired his shots, Mr. Randall was being Tased. "Ex. A" (Stanley Depo.) at 53:2-5, 64:21-65:4; "Ex. B" (Cassidy Depo.) at 29:8-12; "Ex. C" (Flosi Depo.) at 37:3-10; "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |
| 139. When Deputy Stanley fired shots within approximately one second of Deputy Cassidy deploying her Taser for the second time. "Ex. A" (Stanley Depo.) at 53:2-5, 64:21-65:4; "Ex. B" (Cassidy Depo.) at 29:8-12; "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶ 13(h). | |
| 140. Mr. Randall did not make any swinging, slashing, or stabbing motions prior to Deputy Stanley firing his shots. Clark Decl. at ¶ 13(k); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |
| 141. Deputy Stanley was approximately 10 – 12 feet from Mr. Randall when he started firing his weapon. "Ex. E" (Lethal Force Video) at 00:04 – 00:08; Clark Decl. at ¶¶ 10(j), 13(l). | |
| 142. Deputy Stanley stepped backward after he fired his first shot, creating distance between himself and Mr. | |

12

| | | |
|---|---|---|
| 1-5 | Randall. "Ex. A" (Stanley Depo.) at 41:14-21; "Ex. C" (Flosi Depo.) at 37:11-15; Clark Decl. at ¶ 13(m); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |
| 6-13 | 143.  Mr. Randall fell backward when Deputy Stanley was firing his shots, creating distance between Deputy Stanley and Mr. Randall. "Ex. A" (Stanley Depo.) at 56:18-20, 66:4-10; "Ex. C" (Flosi Depo.) at 37:16-19; Clark Decl. at ¶ 13(m); "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | Compound. |
| 14-17 | 144.  Deputy Stanley did not see the box cutter when he was looking through his sights while he was firing. "Ex. A" (Stanley Depo.) at 58:24 – 59:2. | |
| 18-23 | 145.  At the time of the shooting, there were no customers within the immediate vicinity of Mr. Randall. "Ex. A" (Stanley Depo.) at 66:11-14; "Ex. E" (Lethal Force Video) at 00:04 – 00:08. | |
| 24-27 | 146.  After the shooting, the deputies did not see a box cutter in Mr. Randall's hand or in his vicinity. "Ex. A" (Stanley Depo.) at 57:7-20, 65:5- | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | 11; "Ex. B" (Cassidy Depo.) at 32:19-33:7; "Ex. C" (Flosi Depo.) at 39:3-40:2; Clark Decl. at ¶ 13(n). | |
| | 147. Law enforcement later located the handle of the box cutter under a shelf after the shooting but were unable to locate a blade.<br>Clark Decl. at ¶ 13(n); "Ex. B" (Cassidy Depo.) at 33:3-7; "Ex. C" (Flosi Depo.) at 40:4-15. | |
| | 148. Mr. Randall did not injure anyone during this incident.<br>Clark Decl. at ¶ 13(t). | |
| | 149. Police officers are trained to consider the background or backdrop of the shooting when using deadly force.<br>"Ex. A" (Stanley Depo.) at 68:3-5; Clark Decl. at ¶ 15(e). | |
| | 150. Two of Deputy Stanley's seven shots missed, striking items in the grocery store.<br>"Ex. A" (Stanley Depo.) at 68:6-23; "Ex. B" (Cassidy Depo.) at 29:19-23; Clark Decl. at ¶ 15(e); "Ex. C" (Flosi Depo.) at 27:10-14. | |
| | 151. Deputies Cassidy and Stanley failed to discuss any tactical plan prior to | |

14

| | |
|---|---|
| contacting Mr. Randall. "Ex. A" (Stanley Depo.) at 20:17-19; Clark Decl. at ¶ 15(a). | |
| 152. The deputies had no information about Mr. Randall's ability to understand and comply with commands and did not assess that ability. Clark Decl. at ¶ 13(r). | Lacks foundation. |
| 153. In violation of basic police training, Deputy Cassidy escalated the situation when she Tased Mr. Randall. Clark Decl. at ¶ 15(b). | Lacks foundation. |
| 154. Deputy Stanley failed to provide Mr. Randall a reasonable opportunity to comply with Deputy Cassidy's second Taser deployment before using deadly force against Mr. Randall. Clark Decl. at ¶ 15(g). | Calls for a legal conclusion. |
| 155. A reasonable officer in the position of Deputies Stanley and Cassidy would have taken a position of cover and formulated an effective and safe tactical plan. Clark Decl. at ¶ 15(h). | Calls for a legal conclusion. |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

15
4905-8887-7353.1 SBD-00026
DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF ADDITIONAL MATERIAL FACTS

| # | | |
|---|---|---|
| 156. | Under the facts of this case and pursuant to police standards and training, it would have been inappropriate for the deputies to use force against Mr. Randall under the fleeing felon theory or for running away.<br>"Ex. A" (Stanley Depo.) at 39:1-5; "Ex. C" (Flosi Depo.) at 18:6-10, 35:15-25; Clark Decl. at ¶ 12. | Calls for a legal conclusion. |
| 157. | Police officers are trained that they cannot use deadly force against a person for having a weapon in their hand, for that fact alone.<br>"Ex. B" (Cassidy Depo.) at 9:8-10; "Ex. C" (Flosi Depo.) at 21:17-25, 32:25-33:8. | Irrelevant (FRE 401, 402). |
| 158. | Basic police training and standards instruct, and Deputy Stanley had been trained at the time of the shooting, that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate threat of death or serious bodily injury.<br>"Ex. A" (Stanley Depo.) at 67:8-16; "Ex. C" (Flosi Depo.) at 17:20-18:1; Clark Decl. at ¶ 11(b). | |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | |
|---|---|
| 159. Police officers, including Deputy Stanley, are trained that a threat of death or serious injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.<br>"Ex. A" (Stanley Depo.) at 68:24- 69:8; Clark Decl. at ¶ 11(c) (citing PC 835a); "Ex. C" (Flosi Depo.) at 18:17-19:8, 19. | |
| 160. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed.<br>"Ex. C" (Flosi Depo.) at 20:9-25; Clark Decl. at ¶ 11(d). | |
| 161. Police standards instruct that subjective fear alone does not justify the use of deadly force.<br>Clark Decl. at ¶ 14(i). | |

4905-8887-7353.1 SBD-00026

DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF ADDITIONAL MATERIAL FACTS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 162. | Police officers are trained to consider whether there are other reasonable alternative measures to using deadly force. "Ex. A" (Stanley Depo.) at 67:17-18; Clark Decl. at ¶ 14(g); "Ex. C" (Flosi Depo.) at 22:2-10. | |
| 163. | Officers are trained to deescalate a situation. "Ex. C" (Flosi Depo.) at 12:4-6; Clark Decl. at ¶¶ 14(c), 15(b). | |
| 164. | Officers are trained in how to deal with people who may be suffering from a mental illness or mental health crisis. "Ex. C" (Flosi Depo.) at 12:7-11. | |
| 165. | Basic police training teaches that an overreaction in using deadly force is excessive force. Clark Decl. at ¶ 15(l). | Vague and ambiguous as to "overreaction." |
| 166. | From the standpoint of police practices, including basic police training and POST standards, Deputy Stanley's use of deadly force was improper, inappropriate, excessive and unreasonable, including (but not limited to) for the following reasons: (1) this was not an immediate defense of life | Calls for a legal conclusion; Compound. |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

situation; (2) subjective fear is insufficient to justify a use of deadly force; (3) Mr. Randall committed no crime involving the infliction of serious injury or death, and the deputies were not responding to a serious or violent crime; (4) Deputy Stanley could not justify shooting Mr. Randall under a fleeing felon theory or for running away from the Taser; (5) Mr. Randall never verbally threatened to harm anyone; (6) Deputy Stanley had reasonable alternative measures other than shooting; (7) Deputy Stanley showed no reverence for human life when he fired at Mr. Randall; (8) Mr. Randall was experiencing a mental health crisis; (9) Deputy Stanley could not justify shooting Mr. Randall simply for having a box cutter; (10) Deputy Stanley failed to give Mr. Randall a verbal warning before using deadly force; (11) police officers are trained that they must justify every shot they fire, and all seven of Deputy Stanley's shots were unjustified; (12) Deputy Stanley overreacted when he fired his weapon at Mr. Randall, and an overreaction in using

19

4905-8887-7353.1 SBD-00026    DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF ADDITIONAL MATERIAL FACTS

deadly force is excessive force. Clark Decl. at ¶ 15.

DATED: March 14, 2025

WESIERSKI & ZUREK LLP

By: *Christopher P. Wesierski*
CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY