1  Christopher P. Wesierski [Bar No. 086736]
      *cwesierski@wzllp.com*
2  Kristen R. Rodriguez [Bar No. 289668]
      *krodriguez@wzllp.com*
3  WESIERSKI & ZUREK LLP
   29 Orchard Road
4  Lake Forest, California 92630
   Telephone: (949) 975-1000
5  Facsimile: (949) 756-0517

6
7  Attorneys for Defendants, COUNTY OF
   SAN BERNARDINO, CORRIN
   CASSIDY, and CAMERON STANLEY
8
9              UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 TODDERICK RANDALL,              Case No. 5:24-cv-00086-SSS-SP
   individually,                   *Assigned to*:
13                                  Hon. Sunshine S. Sykes
              Plaintiff,
                                    **DEFENDANTS' MOTION IN**
14      vs.                         **LIMINE NO. 1 TO EXCLUDE**
                                    **PLAINTIFF TODDERICK**
15 COUNTY OF SAN BERNARDINO;        **RANDALL FROM TESTIFYING**
   CORRIN CASSIDY; CAMERON          **AT TRIAL**
16 STANLEY and DOES 1-10, inclusive,
                                    *Filed Concurrently with Declaration of*
17        Defendants.               *Kristen R. Rodriguez; [Proposed]*
                                    *Order*
18
                                    Date:    June 20, 2025
19                                  Time:    2:00 p.m.
                                    Crtrm.:  2
20
                                    Trial Date: July 14, 2025
21                                  FPTC: June 27, 2025

22
                                    This motion is made following the
23                                  conference of counsel pursuant to L.R.
                                    7-3, which took place 5/9/25
24

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to the Civil Trial Order on file in this matter (Dkt 15) on June 20, 2025, at 2:00 p.m. in Department 2 of the United States District Court for the Central District of California located at 3470 Twelfth Street, Riverside CA 92501-3801, Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY hereby move this Court for an order in limine to exclude any Plaintiff TODDERICK RANDALL from testifying at trial.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 9, 2025 via Zoom at 11:30 a.m. The zoom meeting last 15 minutes and the Parities discussed the potential motions in limine each may file. In attendance were counsel for Plaintiffs Renee Masongsong and counsel for Defendants Kristen R. Rodriguez. Following the Zoom meeting, the Parties' exchanged numerous emails in an attempt to try to stipulate to issues and avoid unnecessary motion practice. Ultimately, the Parties were able to stipulate to a few issues, as detailed in the Declaration of Kristen R. Rodriguez, filed concurrently herewith.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF TODDERICK RANDALL FROM TESTIFYING AT TRIAL

1    This Motion is based upon the Memorandum of Points and Authorities served

2  herewith, upon the Declaration of Kristen R. Rodriguez, upon the pleadings and

3  papers on file herein, and upon such other and further oral argument and evidence as

4  may be presented at the hearing on this Motion.

5

6  DATED:  May 16, 2025                    WESIERSKI & ZUREK LLP

7

8

9  By: _____

10     CHRISTOPHER P. WESIERSKI
       Attorneys for Defendants, COUNTY OF
11     SAN BERNARDINO, CORRIN CASSIDY,
       and CAMERON STANLEY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.    INTRODUCTION**

3      This matter concerns an officer involved shooting that took place on August

4  19, 2022. Plaintiff TODDERICK RANDALL was charged as a result of the incident

5  at issue and the charges remain pending. He is currently incarcerated. Throughout the

6  litigation, Defendants have attempted to take Plaintiff's deposition on six (6)

7  occasions. The one time Plaintiff appeared for his deposition, in February 2025, he

8  did not give any substantive testimony—he stated he was in too much pain to sit for

9  the deposition and it was suspended after ten (10) minutes. Defendants now seek to

10  exclude Plaintiff from testifying at trial, including the preclusion of any testimony

11  regarding his damages. Allowing Plaintiff's testimony is unduly prejudicial because

12  Defendants have been unable to depose him. Defendants cannot prepare any cross-

13  examination and any testimony constitutes unfair surprise.

14  **II.    FACTUAL BACKGROUND**

15      Defendants have worked diligently to take Plaintiff's deposition, however after

16  six (6) attempts, they have been unable to do so. Defendants first noticed Plaintiff's

17  deposition for August 1, 2024.[1] The August 1, 2024 deposition was taken off-calendar

18  because Plaintiff was medically unable to appear. On December 10, 2024, Defendants'

19  noticed Plaintiff's deposition for December 17, 2024—the date was mutually

20  amended to December 18, 2024. The December 18, 2024 deposition was taken off-

21  calendar because Plaintiff was medically unable to appear. On January 9, 2025,

22  Defendants' noticed Plaintiff's deposition for January 16, 2025. The January 16, 2025

23  deposition was taken off-calendar because Plaintiff was medically unable to appear.

24      On February 18, 2025, Defendants served a deposition subpoena on Plaintiff

25  and an amended notice of deposition on his counsel, setting his deposition for

26  ——————————————

27  [1] As to each noticed deposition, Plaintiff was either properly subpoenaed to appear at the deposition or a notice was served on, and accepted by, Plaintiff's counsel. Defendants do not

28  anticipate Plaintiff will make any argument to the contrary.

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF
TODDERICK RANDALL FROM TESTIFYING AT TRIAL

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

February 26, 2025. On February 26, 2025 Plaintiff appeared for his deposition, but indicated he was in pain and unable to continue with his deposition. The deposition was discontinued after 10:21. No substantive questions were asked—defense counsel only completed the preliminary admonitions. On February 26, 2025, Defendants served a deposition subpoena on Plaintiff and an amended notice of deposition on his counsel, setting his deposition for March 11, 2025. On March 11, 2025 Plaintiff failed to appear for his deposition—he would not leave he jail cell.

Following the March 11, 2025 deposition, the Parties further met and conferred, and Plaintiff's counsel agreed they would coordinate a new date, and would stipulate to modify the scheduling order, if necessary.

On March 12, 2025, the Parties filed a Joint Stipulation to Modify the Scheduling Order, extending the discovery cut-off of March 20, 2025 to April 20, 2025, to again attempt to take Plaintiff's deposition. (Dkt. 33.) The Court approved the Stipulation. (Dkt. 34.) Plaintiff's deposition was then rescheduled to April 3, 2025. On April 3, 2025, Plaintiff again refused to leave his jail cell. To date, Defendants have been unable to complete Plaintiff's deposition.

Plaintiff's Complaint alleges an array of damages, including financial loss in the form of past and future loss of earnings, past and future medical expenses, pain and suffering, emotional and mental distress from physical injuries, humiliation and disfigurement. In response to written discovery, Plaintiff stated that he suffers from extreme discomfort and stomach pain daily. He further stated that as a result of the incident he is unable to use his right (dominant) hand. Moreover, Plaintiff produced no documents in response to written discovery. He stated he does not have any documents that support his claims of financial loss, loss of earning, employment, mental health diagnosis or medical records.

By way of this motion, Defendants seek to exclude Plaintiff from testifying at trial, including any testimony regarding his damages. Allowing Plaintiff's testimony is unduly prejudicial because Defendants have been unable to depose him. Defendants

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF TODDERICK RANDALL FROM TESTIFYING AT TRIAL

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  cannot prepare any cross-examination and any testimony constitutes unfair surprise.

2  ## III.    MOTIONS IN LIMINE GENERALLY

3      A party may use a motion in limine to exclude inadmissible or prejudicial
4  evidence before it is actually introduced at trial. *See Luce v. United States,* 469 U.S.
5  38, 40 n. 2 (1984). "The purpose is to avoid the futile attempt of 'unring[ing] the bell'
6  when jurors have seen or heard inadmissible evidence, even when stricken from the
7  record. *See Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003) (citing *Kelly v.*
8  *New West Fed. Sav.,* 49 Cal. App. 4th 659, 669, 56 Cal. Rptr. 2d 803 (1996)). Motions
9  in limine also serve to streamline trials, by settling evidentiary disputes in advance
10  and by minimizing side-bar conferences and other disruptions at trial. *See U.S. v.*
11  *Tokash,* 282 F.3d 962, 968 (7th Cir. 2002)." *Colton Crane Co., LLC v. Terex Cranes*
12  *Wilmington, Inc.,* No. CV 08-8525 PSG (PJWx) 2010 U.S. Dist. LEXIS 141013, at
13  *2 (C.D. Cal. May 19, 2010).

14  ## IV.    ALLOWING PLAINTIFF TO TESTIFY IS UNDULY PREJUDICIAL
15  BECAUSE DEFENDANTS HAVE NOT HAD THE OPPORTUNITY
16  TO DEPOSE HIM

17      The Court may exclude evidence when the prejudicial impact of the evidence
18  outweighs the probative value of it. *Old Chief v. U.S.*, 519 U.S. 172, 180-192 (1997).
19  Federal Rule of Evidence 403 specifically states "[t]he court may exclude relevant
20  evidence if its probative value is substantially outweighed by a danger of one or more
21  of the following: unfair prejudice, confusing the issues, misleading the jury, undue
22  delay, wasting time, or needlessly presenting cumulative evidence." More
23  specifically, this Court may order sanctions, including evidence sanctions, if a party
24  fails, after being served with a proper notice, to appear at their deposition. *Fed. R.*
25  *Evid.* 37(d)(1)(A)(i); *see also Fed. R. Evid.* 37(b)(2)(A)(i)-(ii). Finally, courts have
26  considerable discretion to impose discovery sanctions. *Wanderer v. Johnston*, 910
27  F.2d 652, 655-656 (9th Cir. 1990).

28      Here, permitting Plaintiff to testify at trial will severely prejudice Defendants.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

6

1  Except for the allegations contained in Plaintiff's complaint and his broad assertions
2  in written discovery, Defendants have no information regarding Plaintiff's version of
3  events. Likewise, Defendants have no testimonial evidence (and Plaintiff has
4  produced no documentary evidence) of his alleged loss of income, past and future
5  medical expenses, pain and suffering, emotional and mental distress from physical
6  injuries, humiliation and disfigurement. Given this lack of evidence, Defendants will
7  be severely prejudiced if Plaintiff is allowed to testify at trial, because they cannot
8  meaningfully prepare to cross-examine him and any testimony would constitute unfair
9  surprise, affecting Defendants ability to meaningfully and adequately respond.
10  Therefore, Defendants respectfully request this Court grant its motion in limine and
11  preclude Plaintiff from testifying at trial, including any testimony related to his
12  damages.

13  **V.    <u>CONCLUSION</u>**

14       For the foregoing reasons, Defendants respectfully request that the Court
15  grant their motion in limine No. 1 and preclude Plaintiff from testifying at trial.

16

17  DATED:  May 16, 2025          WESIERSKI & ZUREK LLP

18

19

20          By: _____
                *Christopher P. Wesierski*
21          CHRISTOPHER P. WESIERSKI
            Attorneys for Defendants, COUNTY OF
22          SAN BERNARDINO, CORRIN
            CASSIDY, and CAMERON STANLEY
23

24

25

26

27

28

4933-5558-0481.1 SBD-00026          DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF
                                    TODDERICK RANDALL FROM TESTIFYING AT TRIAL

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  ## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3      At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is
4  29 Orchard Road, Lake Forest, CA 92630.

5      On May 16, 2025, I served true copies of the following document(s) described as **DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE**
6  **PLAINTIFF TODDERICK RANDALL FROM TESTIFYING AT TRIAL** on the interested parties in this action as follows:

7

8              **SEE ATTACHED SERVICE LIST**

9

10      **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jmonge@wzllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable
11  time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

12      I declare under penalty of perjury under the laws of the United States of
13  America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

15      Executed on May 16, 2025, at Lake Forest, California.

16



17

18  _____
19  Jorge Monge

20

21

22

23

24

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

4933-5558-0481.1 SBD-00026

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF
TODDERICK RANDALL FROM TESTIFYING AT TRIAL

1

2

**SERVICE LIST**
**Randall v. County of San Bernardino et. al.**
**SBD-00026**

3

Dale K. Galipo, Esq.

4

Renee V. Masongsong, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310

5

Woodland Hills, CA  91367
Phone: (818) 347-3333

6

Fax: (818) 347-4118
E-Mail: dalekgalipo@yahoo.com

7

rvalentine@galipolaw.com;amonguia@galipolaw.com

Attorneys for Plaintiff,
TODDERICK RANDALL

8

Sharon J. Brunner, Esq.
Law Office of Sharon J. Brunner

9

14393 Park Ave., Suite 100
Victorville, CA  92392

10

Phone: (760) 243-9997
Fax: (760) 843-8155

11

E-Mail: sharonjbrunner@yahoo.com

Attorney for Plaintiff,
TODDERICK RANDALL

12

James T. Terrell, Esq.
Law Office of James T. Terrell

13

15411 Anacapa Rd.
Victorville, CA  92392

14

Phone: (760) 951-5850
Fax: (760) 952-1085

15

E-Mail: jim@talktoterrell.com

Attorney for Plaintiff,
TODDERICK RANDALL

16

17

18

19

20

21

22

23

24

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4933-5558-0481.1 SBD-00026

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF
TODDERICK RANDALL FROM TESTIFYING AT TRIAL