Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Kristen R. Rodriguez [Bar No. 289668]
  *krodriguez@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; CAMERON STANLEY and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 5:24-cv-00086-SSS-SP<br>*Assigned to*:<br>Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE STATEMENTS BY TRIAL COUNSEL DALE GALIPO REGARDING HIS RELATIONSHIP WITH LAW ENFORCEMENT OFFICERS AND REGARDING DEFENDANTS ALLEGED FAILURE TO TAKE RESPONSIBILITY**<br><br>*Filed Concurrently with Declaration of Kristen R. Rodriguez; [Proposed] Order*<br><br>Date: June 20, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 2<br><br>Trial Date: July 14, 2025<br>FPTC: June 27, 2025<br><br>This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place May 9, 2025 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to the Civil Trial Order on file in this matter (Dkt 15) on June 20, 2025, at 2:00 p.m. in Department 2 of the United States District Court for the Central District of California located at 3470 Twelfth Street, Riverside CA 92501-3801, Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY hereby move this Court for an order in limine to preclude statement by Plaintiff's Trial Counsel Dale Galipo regarding his relationship with law enforcement and regarding Defendants alleged failure to take responsibility for their actions at issue in this litigation on the grounds that such statements are irrelevant, and unduly prejudicial Defendants, as well as waste time, confuse the issues, and mislead the jury. Defendants seek to exclude such statements during all phases of trial, including voir dire, opening arguments and closing arguments.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 9, 2025 via Zoom at 11:30 a.m. The zoom meeting last 15 minutes and the Parities discussed the potential motions in limine each may file. In attendance were counsel for Plaintiffs Renee Masongsong and counsel for Defendants Kristen R. Rodriguez. Following the Zoom meeting, the Parties' exchanged numerous emails in an attempt to try to stipulate to issues and avoid unnecessary motion practice. Ultimately, the Parties were able to stipulate to a few issues, as detailed in the Declaration of Kristen R. Rodriguez, filed concurrently herewith.

///
///
///
///
///

1  This Motion is based upon the Memorandum of Points and Authorities served
2  herewith, upon the Declaration of Kristen R. Rodriguez, upon the pleadings and
3  papers on file herein, and upon such other and further oral argument and evidence as
4  may be presented at the hearing on this Motion.

6  DATED:  May 16, 2025            WESIERSKI & ZUREK LLP

                                   By: /s/ Christopher P. Wesierski
                                   CHRISTOPHER P. WESIERSKI
                                   Attorneys for Defendants, COUNTY OF
                                   SAN BERNARDINO, CORRIN
                                   CASSIDY, and CAMERON STANLEY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This matter concerns an officer involved shooting that took place on August 19, 2022. Plaintiff TODDERICK RANDALL has named as Defendants the COUNTY OF SAN BERNARDINO, as well as the two deputy defendant involved, CORRIN CASSIDY, and CAMERON STANLEY.

Trial Counsel for Plaintiff, Dale Galipo, and Trial Counsel for Defendants, Christopher Wesierski, were recently engaged in a trial which also involved an officer related shooting, *Nunez v. County of San Bernardino et al.*, Case No. 5:22-cv-1934-SSS(SPx), Hon. Sykes presiding. During voir dire and in his argument(s), Mr. Galipo told the jury pool (and later told jury), "some of my best friends are police officers." Additionally, during closing arguments, Mr. Galipo argued that Defendants, "Refused to take responsibility and forced Plaintiff to try the case." Defendants move the court, in limine, to exclude these statements, or any similar statements at all phases of trial, including voir dire, opening arguments and closing arguments. The statements are irrelevant, unduly prejudicial, and would confuse the issue and mislead the jury.

## II. MOTIONS IN LIMINE GENERALLY

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984). "The purpose is to avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record. *See Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003) (citing *Kelly v. New West Fed. Sav.,* 49 Cal. App. 4th 659, 669, 56 Cal. Rptr. 2d 803 (1996)). Motions in limine also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial. *See U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002)." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,* No. CV 08-8525 PSG (PJWx) 2010 U.S. Dist. LEXIS 141013, at *2 (C.D. Cal. May 19, 2010).

## III. STATEMENTS RELATED TO MR. GALIPO'S RELATIONSHIP WITH LAW ENFORCEMENT AND STATEMENTS REGARDING DEFENDANTS ALLEGED FAILURE TO TAKE RESPONSIBILITY ARE IRRELEVANT AND UNDULY PREJUDICIAL

Based upon Mr. Galipo's prior statements during a jury trial involving similar claims (excessive force and an officer involved shooting) and similar defendants (the County and individual deputy defendants), it is anticipated that during voir dire or during his opening and closing arguments, Mr. Galipo will tell the jury pool (and later will argue to the jury), "some of my best friends are police officers." Such a statement, or any statement related his relationship to law enforcement or law enforcement officers, is not relevant and offers no meaningful assistance to the trier of fact to supplement their own observations and common sense in reviewing percipient testimony and expert testimony, video of the incident and other direct evidence in this case. It is likewise irrelevant to any factual issue the jury must decide, including whether the officers use of force was reasonable. The statement, and any related statements, are also is highly prejudicial to Defendants because they come with some moral implication or inference that Plaintiff's Counsel or his client "are not bad guys" for suing a law enforcement officer or are "just trying to do the right thing,"—personal character inferences which are totally irrelevant to the civil duties the jurors.

Similarly, it is anticipated that Mr. Galipo will argue to the jury that Defendants, "Failed to take responsibility and forced Plaintiff's to try the case." First the statement, or any related statements, constitutes an inadmissible statement regarding settlement as is it implies that Defendants would not settle the case prior to trial. Fed. R. Evid. 408 provides that compromise offers and negotiations between parties are generally not admissible to prove the validity or amount of a claim in dispute, subject to limited exceptions under Fed. R. Evid. 408(b) not at issue here. Second, like the statement above, the statement that Defendants "failed to take responsibility and forced Plaintiff to try the case," is not relevant and offers no

1 meaningful assistance to the trier of fact to supplement their reviewing of direct evidence in this case. It is likewise irrelevant to any factual issue the jury must decide, including whether the officers use of force was reasonable. The statement, and any related statements, are is likewise highly prejudicial to Defendants because it implies Defendants did something improper in this case and further implies Defendant should have abandoned their Constitutional rights to have the case heard by a jury.

Thus, under Federal Rules of Evidence, Rule 402 and Rule 403, this Court should prohibit Mr. Galipo from making statements to the jury regarding his relationship with law enforcement and regarding Defendants alleged "failure to take responsibility."

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests the Court grant their motion in limine No. 2 and preclude Mr. Galipo from making statements to the jury regarding his relationship with law enforcement and regarding Defendants alleged failure to take responsibility at all phases of trial, including voir dire, opening arguments and closing arguments.

DATED:  May 16, 2025                    WESIERSKI & ZUREK LLP

By: *Christopher P. Wesierski*
CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 29 Orchard Road, Lake Forest, CA 92630.

On May 16, 2025, I served true copies of the following document(s) described as **DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE STATEMENTS BY TRIAL COUNSEL DALE GALIPO REGARDING HIS RELATIONSHIP WITH LAW ENFORCEMENT OFFICERS AND REGARDING DEFENDANTS ALLEGED FAILURE TO TAKE RESPONSIBILITY** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jmonge@wzllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 16, 2025, at Lake Forest, California.



Jorge Monge

4928-2089-5044.1 SBD-00026

DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE STATEMENTS BY PLAINTIFF'S TRIAL COUNSEL

**SERVICE LIST**
**Randall v. County of San Bernardino et. al.**
**SBD-00026**

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Renee V. Masongsong, Esq.<br>Law Offices of Dale K. Galipo<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367<br>Phone: (818) 347-3333<br>Fax: (818) 347-4118<br>E-Mail: dalekgalipo@yahoo.com<br>rvalentine@galipolaw.com;amonguia@galipolaw.com | Attorneys for Plaintiff,<br>TODDERICK RANDALL |
| Sharon J. Brunner, Esq.<br>Law Office of Sharon J. Brunner<br>14393 Park Ave., Suite 100<br>Victorville, CA 92392<br>Phone: (760) 243-9997<br>Fax: (760) 843-8155<br>E-Mail: sharonjbrunner@yahoo.com | Attorney for Plaintiff,<br>TODDERICK RANDALL |
| James T. Terrell, Esq.<br>Law Office of James T. Terrell<br>15411 Anacapa Rd.<br>Victorville, CA 92392<br>Phone: (760) 951-5850<br>Fax: (760) 952-1085<br>E-Mail: jim@talktoterrell.com | Attorney for Plaintiff,<br>TODDERICK RANDALL |