Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Kristen R. Rodriguez [Bar No. 289668]
  *krodriguez@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; CAMERON STANLEY and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00086-SSS-SP<br>*Assigned to*:<br>Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT ROGER CLARK REGARDING THE MENTAL HEALTH OF PLAINTIFF BASED ON THE CLAIM THE PLAINTIFF WAS MENTALLY ILL OR EXPERIENCING A MENTAL HEALTH CRISIS**<br><br>*Filed Concurrently with Declaration of Kristen R. Rodriguez; [Proposed] Order*<br><br>Date:   June 20, 2025<br>Time:   2:00 p.m.<br>Crtrm.: 2<br><br>Trial Date: July 14, 2025<br>FPTC: June 27, 2025<br><br>This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place May 9, 2025 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to the Civil Trial Order on file in this matter (Dkt 15) on June 20, 2025, at 2:00 p.m. in Department 2 of the United States District Court for the Central District of California located at 3470 Twelfth Street, Riverside CA 92501-3801, Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY hereby move this Court for an order, in limine, to exclude any opinions by plaintiff's expert Roger Clark regarding Plaintiff's alleged mental illness or mental health crisis and how deputies should respond to mentally ill suspects on the grounds that Mr. Clark is not qualified to diagnose or give opinions about the Plaintiff's mental health, and that his opinions regarding the how deputies should have responded to a suspect with mental illness and/or experiencing a mental health crisis are irrelevant and such evidence would only serve to unduly prejudice Defendants, waste time, confuse the issues, and mislead the jury.

Defendants further move this Court to instruct Mr. Clark and Plaintiff's counsel:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside of the presence and hearing of the jury.

2. Not to make any reference to the fact that this Motion has been filed; and

3. To warn and caution each of Plaintiff's witnesses to strictly follow the same instructions.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 9, 2025 via Zoom at 11:30 a.m. The zoom meeting last 15 minutes and the Parities discussed the potential motions in limine each may file. In attendance were counsel for Plaintiff, Renee Masongsong, and counsel for Defendants, Kristen R. Rodriguez. Following the Zoom meeting, the Parties'

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

exchanged numerous emails in an attempt to try to stipulate to issues and avoid unnecessary motion practice. Ultimately, the Parties were able to stipulate to a few issues, as detailed in the Declaration of Kristen R. Rodriguez, filed concurrently herewith.

This Motion is based upon the Memorandum of Points and Authorities served herewith, upon the Declaration of Kristen R. Rodriguez, upon the pleadings and papers on file herein, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

DATED: May 16, 2025    WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This matter concerns an officer involved shooting that took place on August 19, 2022. Defendant Deputies CORRIN CASSIDY and CAMERON STANLEY responded to a WinCo grocery store to find Plaintiff drinking from an open bottle of alcohol and brandishing a knife. After failing to comply with at least nine (9) verbal warnings to drop his knife, the Deputies used less lethal force in an attempt to secure the scene. The less lethal force had no physical effect on Plaintiff. Ultimately, lethal force was administered when Deputy Stanley feared for his life and his Deputy Cassidy's life.

In his Complaint, Plaintiff alleges and presents the legal theory that the he was suffering from mental illness and/or experiencing a mental health crisis. Plaintiff alleges that a reasonable sheriff's deputy in the position of the Defendant Deputies would have recognized that Plaintiff may be mentally ill or experiencing a mental health crises and responded differently. (Rodriguez Decl. Ex. A ¶¶ 19, 20, 25, 26, 66, 67.)

Picking up on this theory of the case, Plaintiff's expert, Roger Clark (who is not a doctor or health care provider) proffered these opinions in three different settings: (1) Mr. Clark's Rule 26 Report; (2) Mr. Clark's deposition testimony; and (3) Mr. Clark's Declaration filed in opposition to Defendants' Motion For Summary Judgment. Defendants move this court, in limine, to exclude any opinions by Mr. Clark that Plaintiff was mentally ill or suffering from a mental health crisis or how deputies should have responded to a person with mental illness or experiencing a mental health crisis.

///
///
///

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

### A. MR. CLARK'S EXPERT OPINIONS INTERPOSE MEDICAL CONCLUSIONS WITHOUT EVIDENTIARY SUPPORT

Mr. Clark's Expert Report contain six (6) opinions, of which opinion numbers 1 and 4 include the opinion that the Plaintiff was suffering from a mental illness and/or mental health crisis and how deputies should have responded.

Relevant Portion from Opinion 1:

"Police officers are trained that if someone is shot with less-lethal munitions, particularly if that person is experiencing a mental health crisis, then they may run away from the less-lethal, which is what occurred in this case. The Deputies knew or should have known that Mr. Randall would run away from the Taser deployment." (Rodriguez Decl. Ex. B p. 12.)

Opinion 4:

"It should have appeared to trained officers such as Deputy Cassidy and Deputy Stanley that Mr. Randall was having a mental crisis or was mentally ill. Officers are trained to identify individuals with mental health issues based on POST Learning Domain 37 and are trained to de-escalate situations rather than escalate them. Here Deputy Cassidy escalated the situation by deploying the Taser against Mr. Randall." (Rodriguez Decl. Ex. B p. 13.)

Mr. Clark was deposed on January 20, 2025 and offered opinions about the Plaintiff's mental illness, mental health crisis and the Deputies failure to identify the Plaintiff as mentally ill. (See Rodriguez Decl. Ex. C at p. 66:4 – 68:15; 69:19 – 71:14, and 82:11-13). The same opinions were offered in Mr. Clark's declaration, filed in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgement. (See Rodriguez Decl. Ex. D at ¶¶ 10(e); 14(c).)

## II. MOTIONS IN LIMINE GENERALLY

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984). "The purpose is to avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the

record. *See Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003) (citing *Kelly v. New West Fed. Sav.,* 49 Cal. App. 4th 659, 669, 56 Cal. Rptr. 2d 803 (1996)). Motions in limine also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial. *See U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002)." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,* No. CV 08-8525 PSG (PJWx) 2010 U.S. Dist. LEXIS 141013, at *2 (C.D. Cal. May 19, 2010).

## III. LEGAL AUTHORITY

### A. An Expert May Only Testify As To Areas Within Their Area of Expertise

For expert testimony to be admitted under Rule 702, it must be both relevant and reliable. See *Daubert v. Merrell Dow Pharmaceuticals, Inc. ("Daubert")* 509 U.S. 579, 589 (1993). The admissibility of expert testimony is a preliminary question for the Court under Rule 104(a) and is governed by Rule 702.

Rule 702 requires that the expert's opinion have a reliable basis in the knowledge and experience of his discipline. *Daubert* at 591. The Plaintiffs bear the burden to establish the admissibility of the expert testimony and it is the trial court's obligation to act as a "gatekeeper." *Id.* at 597. To determine whether the expert's proposed testimony is relevant and reliable, the trial judge must perform a preliminary assessment of "whether the reasoning and methodology underlying the expert's testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts." *Daubert*, 509 U.S. at 592-93; see also *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999).

The Court must determine whether the testimony addresses issues that exceed the knowledge of the average layperson, and rests on a reliable foundation. Fed. R. Evid. 702; *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001).

Mr. Clark lacks the background, training, experience or qualifications to provide expert opinion testimony regarding the whether Plaintiff was mentally ill or

experiencing a mental health crisis. His opinions are based on speculation without any evidentiary support. Mr. Clark is not a psychiatrist, phycologist, counselor, or other individual with specialized knowledge who has the education, knowledge and expertise which would allow him to opine as to whether or not the Plaintiff was mentally ill or experiencing a mental health crisis. (See Rodriguez Decl. Ex. B.)

### B. Mr. Clark's Opinions Regarding Plaintiff's alleged Mental Illness and Mental Health Crisis Are More Prejudicial Than Probative

Federal Rules of Evidence, Rule 403 explicitly bars evidence which, "[a]lthough relevant ... is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay[.]"

Mr. Clark's speculative opinions about any alleged mental illness and/or whether Plaintiff was experiencing a mental health crisis are more prejudicial than probative and will confuse the issues at trial and mislead the jury. Likewise, his opinions about the appropriate procedures for a police response involving a person suffering from mental illness or experiencing a mental health crisis should also be excluded because they are grounded in the same speculative conclusions about the Plaintiff's mental health condition. Allowing Mr. Clark to offer opinions and testimony about the Plaintiff's alleged medical condition and how officers should respond to a person suffering from a mental health crisis will mislead the jury and confuse the issues at trial. Allowing Mr. Clark to offer opinions as to how a law enforcement officer should respond to a person with a mental illness or experiencing a mental health crisis will imply to the jury (without of evidentiary support) that Plaintiff was in fact mentally ill.

/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court grant their Motion in Limine No. 3 to exclude the speculative opinions of Plaintiff's expert Roger Clark regarding Plaintiff's alleged mental illness, whether he was experiencing a mental health crisis and how deputies should have responded to a mentally ill suspect.

DATED: May 16, 2025         WESIERSKI & ZUREK LLP

By: *Christopher P. Wesierski*
CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 29 Orchard Road, Lake Forest, CA 92630.

On May 16, 2025, I served true copies of the following document(s) described as **DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT ROGER CLARK REGARDING THE MENTAL HEALTH OF PLAINTIFF BASED ON THE CLAIM THE PLAINTIFF WAS MENTALLY ILL OR EXPERIENCING A MENTAL HEALTH CRISIS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jmonge@wzllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 16, 2025, at Lake Forest, California.



Jorge Monge

4917-8857-3764.1 SBD-00026

DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT ROGER CLARK

# SERVICE LIST
## Randall v. County of San Bernardino et. al.
### SBD-00026

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Renee V. Masongsong, Esq.<br>Law Offices of Dale K. Galipo<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367<br>Phone: (818) 347-3333<br>Fax: (818) 347-4118<br>E-Mail: dalekgalipo@yahoo.com<br>rvalentine@galipolaw.com;amonguia@galipolaw.com | Attorneys for Plaintiff,<br>TODDERICK RANDALL |
| Sharon J. Brunner, Esq.<br>Law Office of Sharon J. Brunner<br>14393 Park Ave., Suite 100<br>Victorville, CA 92392<br>Phone: (760) 243-9997<br>Fax: (760) 843-8155<br>E-Mail: sharonjbrunner@yahoo.com | Attorney for Plaintiff,<br>TODDERICK RANDALL |
| James T. Terrell, Esq.<br>Law Office of James T. Terrell<br>15411 Anacapa Rd.<br>Victorville, CA 92392<br>Phone: (760) 951-5850<br>Fax: (760) 952-1085<br>E-Mail: jim@talktoterrell.com | Attorney for Plaintiff,<br>TODDERICK RANDALL |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4917-8857-3764.1 SBD-00026

DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT ROGER CLARK