LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; CAMERON STANLEY and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00086-SSS-SP<br><br>*Assigned to*:<br>Hon. Sunshine S. Sykes<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO THE DEPUTY DEFENDANTS AT THE TIME OF THE INCIDENT**<br><br>Hearing: June 20, 2025<br>Courtroom: 2<br>Time: 2:00 p.m. |

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO
2  THIS HONORABLE COURT, PLEASE TAKE NOTICE** that Plaintiff
3  Todderick Randall will and does hereby move to exclude any evidence, testimony,
4  argument, or reference at trial to information that was unknown to the Deputy
5  Defendants, Corrin Cassidy and Cameron Stanely, at the time of the incident,
6  including: (1) evidence regarding drug use by Mr. Randall, including any hearsay
7  statements in medical records regarding prior drug use and any toxicology report
8  indicating whether he was under the influence of drugs at the time of the incident;
9  (2) evidence regarding Mr. Randall's criminal history and prior contacts with law
10 enforcement, including that prior to this incident, as well as charges arising from this
11 incident and his current incarceration status; and (3) hearsay statements by grocery
12 store employees or customers prior to the incident. Plaintiff makes this Motion under
13 the following independent and sufficient reasons: (1) such evidence is irrelevant
14 under Rule 401 and 402; (2) it should be excluded under Rule 403 as unduly
15 prejudicial; (3) is improper character evidence under Rule 404; and (4) as to any
16 reports containing this information and the statements by the grocery store
17 employees prior to the deputies arriving on scene, it is inadmissible hearsay under
18 Rules 801 and 802.
19     This Motion is based on this Notice of Motion, the Memorandum of Points
20 and Authorities, the records and files of this Court, and upon such other oral and
21 documentary evidence as may be presented at the time of the hearing. A proposed
22 order is submitted herewith.
23     **Statement of Local Rule 7-3 Compliance and pursuant to this Court's
24 Civil Standing Order (Dkt. 25)**:
25     This Motion is made following the conference of counsel pursuant to L.R. 7-
26 3 which took place on May 9, 2025. The conference took place via Zoom and lasted
27 approximately fifteen minutes. Counsel present at the conference were Renee V.
28 Masongsong for Plaintiff, and Kristen R. Rodriquez, counsel for Defendants.

1 Counsel for the Parties discussed the issues in the instant motion but were unable to
2 agree, necessitating the filing of the instant Motion.

4 Respectfully submitted,

6 DATED: May 16, 2025                LAW OFFICES OF DALE K. GALIPO

8                                      By          */s/ Renee V. Masongsong*
                                           Dale K. Galipo
                                           Renee V. Masongsong
                                           *Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort lawsuit arises from the uses of force against Todderick Randall by County of San Bernardino Sheriff's Department Deputies Cameron Stanley and Corrin Cassidy on August 19, 2022, at a grocery store in Victorville, California. On that date, Cassidy deployed her Taser against Randall twice, and Stanley fired seven shots at Randall. Randall survived but was seriously injured by Stanley's gunshots. The primary issue in this case is whether the deputies' uses force against Mr. Randall were reasonable under the circumstances known to them at the time of the incident. Thus, information of which the deputies were unaware at the time of their uses of force is generally irrelevant and should be excluded by way of this motion.

By way of this motion *in limine*, Plaintiff moves to exclude any evidence, testimony, argument, or reference at trial to information that was not known to Deputies Stanely and Cassidy at the time of the incident, including: (1) evidence regarding drug use by Mr. Randall, including any hearsay statements in medical records regarding prior drug use and any toxicology report indicating whether he was under the influence at the time of the incident; (2) evidence regarding Mr. Randall's criminal history and prior contacts with law enforcement, including charges arising from this incident and incarceration status; (3) hearsay statements by grocery store employees and customers not heard by the deputies. Plaintiff makes this Motion under the following independent and sufficient reasons. First, this information should be excluded because it was unknown to the deputy defendants at the time of the incident and thus is irrelevant to whether the shooting was excessive and unreasonable. *See* Federal Rules of Evidence ("FRE") 401, 402. Second, this evidence should also be excluded under FRE 403 because it has little or no probative value but is highly prejudicial to Plaintiff. Third, this evidence is also improper character evidence and should be excluded under FRE 404. Finally,

any reports referencing this information, such as medical records, police reports, or felony complaints, should be excluded as hearsay for which there is no exception. *See* FRE 802.

## II. INFORMATION NOT KNOWN TO KOAHOU AT THE TIME OF THE SHOOTING SHOULD BE EXCLUDED AS IRRELEVANT

Under FRE 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Fourth Amendment claims for excessive force—as with claims for battery and negligent wrongful death under California law—depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2004) (battery); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013) (negligence). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Accordingly, facts of which officers were unaware "are irrelevant to the reasonableness analysis," *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1123 n.4 (9th Cir. 2021), and may not be considered. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."); *Hayes*, 736 F.3d at 1232-33 ("[W]e can only consider the circumstances of which [the deputies] were aware when they employed deadly force.").

Here, multiple areas of information unknown to Deputies Stanley and Cassidy at the time of the incident should be excluded. First, Plaintiff anticipates that Defendants will seek to introduce evidence of drug use by Mr. Randall of which Deputies Stanley and Cassidy were unaware, including any hearsay statements in medical records regarding prior drug use and any toxicology report indicating

Case 5:24-cv-00086-SSS-SP  Document 47  Filed 05/16/25  Page 6 of 11  Page ID
#:928

whether he was under the influence of drugs at the time of the incident. Courts in this district generally exclude this information when it was unknown to the officers at the time of the incident. *See Herrera v. City of Ontario*, No. EDCV 15-1370 JGB (SPx), 2016 WL 9176322, at *2 (C.D. Cal. Oct. 24, 2016) (excluding toxicology report as information unknown); *Ruvalcaba v. City of Los Angeles*, No. 2:12-cv-06683-ODW (MANx), 2014 WL 4426303, at *2 (C.D. Cal. Sept. 8, 2014) (same); *Conan v. City of Fontana*, 2017 WL 8941499, at *8 (C.D. Cal. Oct. 6, 2017) ("[T]he Court finds Plaintiff's prior drug use has limited, if any, relevance to liability for excessive force, battery, or negligence . . . ."). As the Ninth Circuit has explained, in cases challenging excessive force by police, "evidence of [a person]'s drug use . . . has marginal, if any, probative value as to damages, and none as to liability." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016) (reversing jury verdict and remanding for new trial where extensive evidence of drug use was admitted); *see Watson v. City of San Jose*, 765 F. App'x 248, 251 (9th Cir. 2019) (explaining that evidence of plaintiff's "intoxication" at time of incident "would be impermissible" as information unknown to officers at time of incident) (citations omitted). Such evidence is irrelevant and cannot be considered by the jury.

Second, Plaintiff anticipates that Defendants will seek to introduce evidence of Mr. Randall's criminal history, including evidence of Mr. Randall's criminal history and contacts with law enforcement prior to the incident, evidence that Mr. Randall was criminally charged for his conduct arising from this incident, and evidence that Mr. Randall is currently incarcerated. Because the Deputy Defendants were not aware of Mr. Randall's criminal history at the time of the incident and it was not part of their calculation when using force, this information is irrelevant and cannot be considered at trial. *See Tofte v. City of Longview*, No. 3:22-cv-05700-TMC, 2024 WL 4451403, at *1-2 (W.D. Wash. Oct. 8, 2024) (excluding criminal history information unknown to officers as irrelevant); *Dunivin v. Cnty. of Riverside*, EDCV 21-0040 JGB (DTBx), 2024 WL 3468785, at *6 (C.D. Cal. June 14, 2024)

-3-
PLAINTIFF'S MOTION IN LIMINE NO. 1

1  ("The Court agrees with Plaintiff that evidence of his criminal history is irrelevant
2  and prejudicial as to the question of liability . . . ."); *Hernandez v. City of Los*
3  *Angeles*, No. 2:19-CV-00441 CAS (GJSx), 2022 WL 16551705, at *7-8 (C.D. Cal.
4  Aug. 1, 2022) (excluding criminal history information unknown to officers as
5  irrelevant); *Tucker v. Cnty. of Riverside*, EDCV 16-2274 JGB (DTBx), 2018 WL
6  6074550, at *2-4 (C.D. Cal. Oct. 4, 2018) (excluding criminal history information
7  unknown to officers); *Ruvalcaba*, 2014 WL 4426303, at *1-2 (same). To the extent
8  that Defendants argue that Mr. Randall's criminal history is relevant to Mr.
9  Randall's damages, Plaintiff agrees not to seek damages for past or future loss of
10 earnings.

### III. THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS UNDULY PREJUDICIAL UNDER RULE 403

13  Although the evidence referenced above should be excluded as irrelevant, it
14 should also be excluded under FRE 403 because it is unfairly prejudicial, confusing,
15 and would waste time. FRE 403 requires exclusion even of relevant evidence "if its
16 probative value is substantially outweighed by the danger of . . . unfair prejudice,
17 confusing the issues, misleading the jury, undue delay, wasting time, or needlessly
18 presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an
19 "undue tendency to suggest decision on an improper basis, commonly, though not
20 necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th
21 Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991)
22 (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger
23 or punitive impulses).

24  First, the drug evidence is unduly prejudicial because it has a significant
25 potential to unjustly inflame a jury's passions and prejudices against Mr. Randall.
26 *See V.V. v. City of Los Angeles*, No. 2:21-cv-01889-MCS-PD, 2022 WL 3598167, at
27 *4 (C.D. Cal. July 6, 2022) (excluding evidence of prior drug use as information
28 unknown to officers at time of shooting under FRE 403, and explaining, that "[t]he

Ninth Circuit has set a high bar for the admissibility of intoxication evidence in the liability phase of an excessive force case") (citing *Estate of Diaz*, 840 F.3d at 603); *Conan*, 2017 WL 8941499, at *8 (excluding evidence of drug use under FRE 403); *Gregory v. Oliver*, 2003 WL 1860270 at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* to exclude drug evidence officers discovered after use of force as irrelevant and unduly prejudicial under FRE 403); *Id.* at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming exclusion of "use of the word 'heroin,' because at the time of the arrest, the officers did not know the nature of the drug or Kunz's usage and because mention of heroin would be more prejudicial than helpful"); *Wisler v. City of Fresno*, 2008 WL 2954179 at *5 (E.D. Cal. 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial and was not known by defendants). Evidence that Mr. Randall may have been under the influence of drugs during the incident or may have used drugs in the past is highly likely to prejudice Plaintiff and mislead the jury about the issues to be tried in this case, and should therefore be excluded.

Second, evidence of Mr. Randall's criminal history, charges arising from his conduct during the incident, and current incarceration, is unduly prejudicial because it is likely to lead a jury to make negative assumptions about Mr. Randall's character that do not pertain to the incident at issue in this case. *See Speer v. Cnty. of San Bernardino*, No. EDCV 20-44 JGB (SPx), 2021 WL 5969521, at *4 (C.D. Cal. Aug. 9, 2021) (finding "that any evidence of Plaintiff's criminal history and prior contacts with law enforcement that Deputy Millan was unaware of at the time of the incident has no likelihood of proving any material facts relevant to Plaintiff's claim and would be highly prejudicial" and excluding it on that basis); *Tucker*, 2018 WL

1  6074550, at *4 (holding criminal history not known to defendant officers was
2  inadmissible under FRE 403, given that its "minimal probative value" was
3  outweighed by risk of prejudice).
4  Because the foregoing evidence is unduly prejudicial to Plaintiff in addition to
5  being irrelevant, it should also be excluded under FRE 403.

## IV. THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS IMPERMISSIBLE CHARACTER EVIDENCE UNDER RULE 404

Under FRE 404, the foregoing items of evidence Plaintiff seeks to exclude cannot be used to show that Mr. Randall acted in conformity with some general poor character during the incident. Rule 404(a)(1) specifically prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is not normally admissible in a civil rights case. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," *i.e.*, an essential element of a charge, claim, or defense for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to any claim or defense to be tried in this case. For example, testimony or evidence regarding information gathered after the incident relating to any drug use, criminal history, or other wrongs pose a danger that the jury will (1) improperly infer that the Deputies Stanley and Cassidy knew this information, (2) improperly infer that Mr. Randall had the propensity to engage in criminal or inappropriate conduct, and (3) reach a verdict that does not reflect the circumstances that Deputies Stanley and Cassidy faced during the incident.  Admission of this unknown information would serve little purpose other than to tarnish Mr. Randall's character and pollute the jury against him. *See* Adv. Comm. Notes, Fed. R. Evid. 405 (stating specific instances of conduct "possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time"). Accordingly, this evidence should further be excluded under

FRE 404.

## V. HEARSAY EVIDENCE SHOULD BE EXCLUDED UNDER RULES 801 AND 802

Finally, the Court should also exclude any hearsay evidence from the trial. Plaintiff anticipates that Defendants may seek to admit hearsay statements in Mr. Randall's medical records referencing his prior drug use and/or reports indicating whether Mr. Randall was under the influence of drugs at the time of the incident. Defendants may also seek to admit reports referencing Mr. Randall's criminal history, incarceration status, and/or the felony complaint referencing the charges brought against Mr. Randall arising from this incident. Plaintiff also anticipates that Defendants will seek to admit hearsay statements made by grocery store employees or customers prior to Deputies Stanley and Cassidy arriving on scene.

These documents should be excluded as inadmissible hearsay without any exception under FRE 602, 801, 802, and 805.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude any evidence or argument regarding information that was unknown to Deputies Cassidy and Stanley at the time of the incident, including as specifically set forth above.

Dated: May 16, 2025                    LAW OFFICES OF DALE K. GALIPO

                                          By:     */s/ Renee V. Masongsong*
                                                 Dale K. Galipo
                                                 Renee V. Masongsong
                                                 Attorneys for Plaintiff

CERTIFICATION OF COMPLIANCE WITH WORD LIMIT (L.R. 11-6.1)

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 2,283 words, which complies with the word limit of L.R. 11-6.1. This word count was calculated based on the word processing system.

DATED: May 16, 2025                    LAW OFFICES OF DALE K. GALIPO

                                       By: *s/ Renee V. Masongsong*
                                           Dale K. Galipo
                                           Renee V. Masongsong
                                           Attorneys for Plaintiff