Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Kristen R. Rodriguez [Bar No. 289668]
  *krodriguez@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; CAMERON STANLEY and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00086-SSS-SP<br>*Assigned to*:<br>Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER DISMISSING THIS CASE FOR PLAINTIFF'S FAILURE TO PARTICIPATE IN DISCOVERY AND APPEAR FOR HIS DEPOSITION, OR IN THE ALTERNATIVE, FOR AN ORDER COMPELLING PLAINTIFF TO APPEAR FOR HIS DEPOSITION**<br><br>*Filed Concurrently with Declaration of Kristen R. Rodriguez*<br><br>Trial Date:        July 14, 2025 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Local Rule 7-19, Defendants COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY ("Defendants") hereby apply *ex parte* for an Order dismissing this case for Plaintiff's failure to participate in discovery and appear for his deposition, or in the alternative, for an Order compelling Defendant to appear for his deposition.

1

1  Defendants seek relief on an *ex parte* because, absent *ex parte* relief, Defendants are unable to adequately prepare for trial, which is currently set for July 14, 2025. Plaintiff's failure to participate in discovery and appear for his deposition is adequate ground for dismissal of the action because of the prejudice to Defendants. Precluding Defendants from deposing Plaintiff, despite their diligent efforts to obtain his deposition testimony, will cause prejudice and irreparable harm, including preventing Defendants the opportunity to adequately prepare for trial, including preparation of their cross-examination of Plaintiff as to the significant damages he claims.

As set forth in the concurrently filed declaration of Kristen R. Rodriguez, pursuant to Local Rule 7-19, Defendants attempted to orally advise Plaintiff of this ex parte application, however each time Defense Counsel called Plaintiff's Counsel, Defense Counsel was advised that Plaintiff's Counsel was unavailable. Defendants additionally advised Plaintiff of this ex parte application via email.

DATED:  May 29, 2025            WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
KRISTEN R. RODRIGUEZ
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This matter concerns an officer involved shooting that took place on August 19, 2022. Plaintiff TODDERICK RANDALL was charged as a result of the incident at issue and the charges remain pending. He is currently incarcerated. Throughout the litigation, Defendants have attempted to take Plaintiff's deposition on six (6) occasions. The one time Plaintiff appeared for his deposition, in February 2025, he did not give any substantive testimony—he stated he was in too much pain to sit for the deposition and it was suspended after ten (10) minutes. Defendants seek an Order dismissing this case for Plaintiff's failure to participate in discovery and appear for his deposition, or in the alternative, for an Order compelling Defendant to appear for his deposition.

## II. STATEMENT OF FACTS

Defendants have worked diligently to take Plaintiff's deposition, however after six (6) attempts, they have been unable to do so. Defendants first noticed Plaintiff's deposition for August 1, 2024.[1] The August 1, 2024 deposition was taken off-calendar because Plaintiff was medically unable to appear. On December 10, 2024, Defendants' noticed Plaintiff's deposition for December 17, 2024—the date was mutually amended to December 18, 2024. The December 18, 2024 deposition was taken off-calendar because Plaintiff was medically unable to appear. On January 9, 2025, Defendants' noticed Plaintiff's deposition for January 16, 2025. The January 16, 2025 deposition was taken off-calendar because Plaintiff was medically unable to appear.

On February 18, 2025, Defendants served a deposition subpoena on Plaintiff and an amended notice of deposition on his counsel, setting his deposition for

---

[1] As to each noticed deposition, Plaintiff was either properly subpoenaed to appear at the deposition or a notice was served on, and accepted by, Plaintiff's counsel. Defendants do not anticipate Plaintiff will make any argument to the contrary.

February 26, 2025. On February 26, 2025 Plaintiff appeared for his deposition, but indicated he was in pain and unable to continue with his deposition. The deposition was discontinued after 10:21. No substantive questions were asked—defense counsel only completed the preliminary admonitions. On February 26, 2025, Defendants served a deposition subpoena on Plaintiff and an amended notice of deposition on his counsel, setting his deposition for March 11, 2025. On March 11, 2025 Plaintiff failed to appear for his deposition—he would not leave he jail cell.

Following the March 11, 2025 deposition, the Parties further met and conferred, and Plaintiff's counsel agreed they would coordinate a new date, and would stipulate to modify the scheduling order, if necessary.

On March 12, 2025, the Parties filed a Joint Stipulation to Modify the Scheduling Order, extending the discovery cut-off of March 20, 2025 to April 20, 2025, to again attempt to take Plaintiff's deposition. (Dkt. 33.) The Court approved the Stipulation. (Dkt. 34.) Plaintiff's deposition was then rescheduled to April 3, 2025. On April 3, 2025, Plaintiff again refused to leave his jail cell. To date, Defendants have been unable to complete Plaintiff's deposition.

Plaintiff's Complaint alleges an array of damages, including financial loss in the form of past and future loss of earnings, past and future medical expenses, pain and suffering, emotional and mental distress from physical injuries, humiliation and disfigurement. In response to written discovery, Plaintiff stated that he suffers from extreme discomfort and stomach pain daily. He further stated that as a result of the incident he is unable to use his right (dominant) hand. Plaintiff produced no documents in response to written discovery. He stated he does not have any documents that support his claims of financial loss, loss of earning, employment, mental health diagnosis or medical records.

By way of this motion, Defendants seek and an Order from the Court dismissing this case for Plaintiff's failure to participate in discovery and appear for his deposition, or in the alternative, for an Order compelling Defendant to appear for his

deposition. Relief is sought on an ex parte basis because Defendants are unable to adequately prepare for trial without Plaintiff's deposition testimony, and trial is currently set for July 14, 2025, less than 60-days away. Moreover, Court intervention is necessary because despite the Parties meet and confer efforts, Plaintiff continuously refuses to appear at all properly noticed depositions. Plaintiff Counsel's efforts to produce their client are insufficient to compel him to appear, warranting Court intervention.

## III. THE COURT SHOULD SET AN ORDER TO SHOW CAUSE AS TO WHY THIS MATTER SHOULD NOT BE DISMISSED PURSUANT TO FRCP, RULE 41

Federal Rules of Civil Procedure, Rule 41 states in relevant part:

> If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits. (FRCP Rule 41(b).)

District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal. (*Link v. Wabash Railroad Co.*, 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1961).) The Ninth Circuit has repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders. (*Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing to *Buss v. Western Airlines, Inc.*, 738 F.2d 1053 (9th Cir. 1984), cert. denied, 469 U.S. 1192, 83 L. Ed. 2d 972, 105 S. Ct. 968 (1985); *Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328 (9th Cir. 1981); *Transamerica Corporation v. Transamerica Bancgrowth Corp.*, 627 F.2d 963 (9th Cir. 1980).)

In *Thompson, supra*, the court identified five factors that must be considered before imposing the sanction of dismissal: (1) the public's interest in expeditious

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

5
4920-6750-5224.1 SBD-00026
DEFENDANTS' EX PARTE APPLICATION TO DISMISS, OR IN THE ALTERNATIVE, TO COMPEL PLAINTIFF'S DEPOSITION

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. (*Id.* at 831.) Dismissal is warranted where at least four factors support dismissal or where at least three factors "strongly" support dismissal. (*Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).)

Here, at least four of the enumerated factors favor dismissal. Dismissal would promote the public interest in expeditious litigation as well as the Court's need to manage its dockets. By refusing to participate in discovery and appear for his deposition, Plaintiff has not only failed to prosecute his own action but has shown a complete disregard for the Rules of Civil Procedure, the Local Rules of This Court, as well as the case management order. Moreover, Plaintiff's failure to appear for his deposition has unfairly shifted the problem faced by Plaintiff's Counsel and their client to Defendants. Defendants are being deprived of their due process right to defend itself in this action, including the right to adequately prepare for trial and address Plaintiff's numerous damages claims. Lastly, Plaintiff's failure to appear for properly noticed depositions (despite the likely urging of his counsel given their prior willingness to extend discovery deadlines) makes clear that issuing any order short of an order for dismissal will be ineffective. At a minimum, this Court should use its inherent power to dismiss for lack of prosecution and issue an order to show cause why this action should not be dismissed. (*See Grunewald v Missouri P. R. Co.*, 331 F2d 98 (8th Cir. 1964) (dismissal granted after request for continuance from pro se plaintiff was denied).)

### IV. IN THE ALTERNATIVE, THE COURT SHOULD ISSUE AN ORDER COMPELLING PLAINTIFF TO APPEAR FOR HIS DEPOSITION

In the alternative, Defendants request the Court issue an Order compelling Plaintiff to appear for his deposition. Plaintiff's failure to appear for his deposition is plainly an obstruction of discovery. This Court has ample authority to redress that

conduct under Fed. R. Civ. P. 26(b)(1): "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." That authority is expressly extended to discovery "reasonably calculated to lead to the discovery of admissible evidence." (*Id.*)

Here, except for the allegations contained in Plaintiff's complaint and his broad assertions in written discovery, Defendants have no information regarding Plaintiff's version of events. Likewise, Defendants have no testimonial evidence (and Plaintiff has produced no documentary evidence) of his alleged loss of income, past and future medical expenses, pain and suffering, emotional and mental distress from physical injuries, humiliation and disfigurement. Given this lack of evidence, Defendants will be severely prejudiced if they are unable to depose Plaintiff. Without Plaintiff's deposition testimony, Defendants cannot meaningfully prepare to cross-examine him and his trial testimony will constitute unfair surprise, affecting Defendants ability to meaningfully and adequately respond.

## V. GOOD CAUSE EXISTS FOR GRANTING EX PARTE RELIEF

"Good cause" for *ex parte* relief exists if (1) the moving party's cause will be prejudiced otherwise, and (2) the moving party is without fault in creating the situation requiring *ex parte* relief. *Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both grounds for relief exist here. As set forth above, Defendants will be severely prejudiced if they cannot depose Plaintiff prior to trial, which is less than 60-days away. Moreover, Defendants are without fault in creating this situation, as they have diligently worked to obtain Plaintiff's deposition, noticing it (and appearing) on at least six (6) occasions. Indeed, Plaintiff Counsel's efforts to produce their client are insufficient to compel him to appear, since he has refused to do so thus far in the litigation.

/ / /

/ / /

/ / /

## VI. CONCLUSION

For the reasons noted above, Defendants respectfully request the Court dismiss this case for Plaintiff's failure to participate in discovery and appear for his deposition, or in the alternative, for an Order compelling Defendant to appear for his deposition.

DATED: May 29, 2025        WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
KRISTEN R. RODRIGUEZ
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY