Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Kristen R. Rodriguez [Bar No. 289668]
  *krodriguez@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; CAMERON STANLEY and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00086-SSS-SP<br>*Assigned to*:<br>Hon. Sunshine S. Sykes<br><br>**DECLARATION OF KRISTEN R. RODRIGUEZ IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER DISMISSING THIS CASE FOR PLAINTIFF'S FAILURE TO PARTICIPATE IN DISCOVERY AND APPEAR FOR HIS DEPOSITION, OR IN THE ALTERNATIVE, FOR AN ORDER COMPELLING PLAINTIFF TO APPEAR FOR HIS DEPOSITION**<br><br>Trial Date: July 14, 2025 |

## DECLARATION OF KRISTEN R. RODRIGUEZ

I, Kristen R. Rodriguez, declare as follows:

1. I am an attorney licensed to practice before all court of the State of California and am a Partner at Wesierski & Zurek LLP, counsel of record for Defendants COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY ("Defendants"), Parties in the above-entitled action.

/ / /

2.   I have personal knowledge of the facts set forth herein, except as to those stated on information and belief, and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

3.   Pursuant to Local Rule 7-19, prior to filing this motion, I called Plaintiff Counsel's office at 12:17 p.m. to advise Counsel Renee Masongsong regarding the substance of this motion and our intention to file it today. I was told by reception that she was not available. I left a message that I was calling regarding Defendants intended ex parte application and left my number for her to call me back. I also attempted to reach Ms. Masongsong yesterday, May 28, 2025, at approximately 12:52 p.m., and was told she was unavailable. Ms. Masongsong did not return any of my calls.

4.   I also advised Plaintiff's Counsel today, via email, that Defendants would be filing this ex parte application.

5.   Defendants have worked diligently to take Plaintiff's deposition, however after six (6) attempts, they have been unable to do so. Defendants first noticed Plaintiff's deposition for August 1, 2024. The August 1, 2024 deposition was taken off-calendar because Plaintiff was medically unable to appear.

6.   On December 10, 2024, Defendants' noticed Plaintiff's deposition for December 17, 2024—the date was mutually amended to December 18, 2024. The December 18, 2024 deposition was taken off-calendar because Plaintiff was medically unable to appear.

7.   On January 9, 2025, Defendants' noticed Plaintiff's deposition for January 16, 2025. The January 16, 2025 deposition was taken off-calendar because Plaintiff was medically unable to appear.

8.   On February 18, 2025, Defendants served a deposition subpoena on Plaintiff and an amended notice of deposition on his counsel, setting his deposition for February 26, 2025. On February 26, 2025 Plaintiff appeared for his deposition,

but indicated he was in pain and unable to continue with his deposition. The deposition was discontinued after 10:21. No substantive questions were asked—defense counsel only completed the preliminary admonitions.

9. On February 26, 2025, Defendants served a deposition subpoena on Plaintiff and an amended notice of deposition on his counsel, setting his deposition for March 11, 2025. On March 11, 2025 Plaintiff failed to appear for his deposition—he would not leave he jail cell.

10. Following the March 11, 2025 deposition, the Parties further met and conferred, and Plaintiff's counsel agreed they would coordinate a new date, and would stipulate to modify the scheduling order, if necessary.

11. On March 12, 2025, the Parties filed a Joint Stipulation to Modify the Scheduling Order, extending the discovery cut-off of March 20, 2025 to April 20, 2025, to again attempt to take Plaintiff's deposition. (Dkt. 33.) The Court approved the Stipulation. (Dkt. 34.) Plaintiff's deposition was then rescheduled to April 3, 2025. On April 3, 2025, Plaintiff again refused to leave his jail cell.

12. To date, Defendants have been unable to complete Plaintiff's deposition.

13. Plaintiff's Complaint alleges an array of damages, including financial loss in the form of past and future loss of earnings, past and future medical expenses, pain and suffering, emotional and mental distress from physical injuries, humiliation and disfigurement. In response to written discovery, Plaintiff stated that he suffers from extreme discomfort and stomach pain daily. He further stated that as a result of the incident he is unable to use his right (dominant) hand. Plaintiff produced no documents in response to written discovery. He stated he does not have any documents that support his claims of financial loss, loss of earning, employment, mental health diagnosis or medical records.

///

///

///

4914-2636-8328.1 SBD-00026   DECLARATION OF KRISTEN R. RODRIGUEZ

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 29th day of May, 2025, at Lake Forest, California.

*[signature]*

KRISTEN R. RODRIGUEZ

4914-2636-8328.1 SBD-00026

DECLARATION OF KRISTEN R. RODRIGUEZ

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000