UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00086-SSS-SPx | Date | May 30, 2025 |
| Title | *Todderick Randall v. County of San Bernardino et al.* | | |

Present: The Honorable     SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER DENYING DEFENDANTS' EX PARTE APPLICATION [DKT. 50]**

Before the Court is an Ex Parte Application ("Application") filed by Defendants County of San Bernardino, Corrin Cassidy, and Cameron Stanley. [Dkt. 50 ("App.")]. In it, Defendants request the Court to dismiss this case for Plaintiff Todderick Randall's failure to appear for his deposition, or alternatively, for an order compelling Randall to appear. [*Id.* at 1]. For the following reasons, the Application is **DENIED**.

To justify *ex parte* relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, Defendants have not established they are without fault in creating the exigency. It does appear Defendants diligently worked to schedule a deposition with Randall and attempted to do so six times. [App. at 3–4]. However,

Defendants' last attempt to depose Randall was on April 3, 2025. [*Id*. at 4]. It is now almost two months later with trial fast approaching. Defendants offer no reason for waiting almost two months to file this request. [*See* App. at 7]. Additionally, if Defendants sought relief sooner, regularly noticed motion procedures would have been sufficient to address their concerns. Moreover, Defendants for the first time raise arguments about the insufficiency of Randall's evidence. [*Id*. at 4, 7]. But such arguments would have been most appropriately raised on Defendants' Motion for Summary Judgment, not in this Ex Parte Application. [*See* Dkt. 26].

    Accordingly, Defendants' Application is **DENIED WITHOUT PREJUDICE**. [Dkt. 50].

    **IT IS SO ORDERED.**