LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; and CAMERON STANLEY,<br><br>Defendants. | Case No. 5:24-cv-00086-SSS (SPx)<br><br>Assigned to:<br>*Hon. District Judge Sunshine S. Sykes*<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**Final Pre-trial Conference**<br>Date: June 27, 2025<br>Time: 1:00 pm<br>Courtroom: 2<br><br>**Trial**<br>Date: July 14, 2025<br>Time: 9:00 am<br>Courtroom: 2 |

Pursuant to Local Rule 16-4 and this Court's Civil Trial Order [Dkt. 25], Plaintiff hereby submits the following Memorandum of Contentions of Fact and Law.

## I.   INTRODUCTION

This civil rights and state tort lawsuit arises out of the shooting of Todderick Randall by County of San Bernardino Sheriff's Department Deputy Cameron Stanely and Tasing by Deputy Corrin Cassidy on August 19, 2022.  Plaintiff brings this action under 42 U.S.C. § 1983 and California state law against Defendants Cameron Stanely, Corrin Cassidy and the County of San Bernardino.

1

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

II. **PLAINTIFF'S CLAIMS (16-4.1)**

**(a) A Summary Statement of the Claims Plaintiff has Plead and Plans to Pursue**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**

    Plaintiff contends that Defendant Cameron Stanley used excessive force when he shot him at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person. Plaintiff Todderick Randall brings this claim individually against Defendant Cameron Stanley. Plaintiff seeks compensatory damages for the nature and extent of his injuries, past and future disability, impairment, disfigurement, loss of enjoyment of life, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation. Plaintiff also seeks damages for medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim.

- **Claim 2: Battery by a Peace Officer**

    Plaintiff contends that Defendant Cameron Stanley, while acting in the course and scope of his employment as a County of San Bernardino sheriff's deputy, used unreasonable deadly force when he shot him at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person. Plaintiff further contends that Defendant Corrin Cassidy, while acting in the course and scope of her employment as a County of San Bernardino sheriff's deputy, used unreasonable force against Plaintiff when she Tased him. Plaintiff Todderick Randall brings this claim individually against Defendant Cameron Stanley, Corrin Cassidy, and the County of San Bernardino. Plaintiff seeks compensatory damages for the nature and extent of his injuries, past and future disability, impairment, disfigurement, loss of enjoyment of life, physical and mental pain and suffering, inconvenience, grief, anxiety, and

humiliation. Plaintiff also seeks damages for medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a).

- **Claim 3: Negligent Use of Force by a Peace Officer**

  Plaintiff contends that Defendant Cameron Stanley, while acting in the course and scope of his employment as a County of San Bernardino sheriff's deputy, was negligent in using deadly force and in his pre-shooting tactics. Plaintiff further contends that Defendant Corrin Cassidy, while acting in the course and scope of her employment as a County of San Bernardino sheriff's deputy, was negligent when she Tased him and in her police tactics. Plaintiff Todderick Randall brings this claim individually against Defendant Cameron Stanley, Corrin Cassidy, and the County of San Bernardino. Plaintiff seeks compensatory damages for the nature and extent of his injuries, past and future disability, impairment, disfigurement, loss of enjoyment of life, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation. Plaintiff also seeks damages for medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a).

- **Claim 4: Violation of the Bane Act (Cal. Civ. Code § 52.1)**

  Plaintiff contends that Defendants Cameron Stanley and Corrin Cassidy deprived him of his constitutional rights when they used force against him. Plaintiff Todderick Randall brings this claim individually against Defendants Cameron Stanley, Corrin Cassidy, and the County of San Bernardino. Plaintiff seeks compensatory damages for the nature and extent of his injuries, past and future disability, impairment,

3

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

disfigurement, loss of enjoyment of life, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation. Plaintiff also seeks damages for medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a).)).

**(b) Elements Required to Establish Plaintiff's Claims**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**
    1. Defendant Cameron Stanley acted under color of law (stipulated);
    2. Defendant Cameron Stanley used excessive force against Plaintiff Todderick Randall;
    3. The excessive force was a cause of injury, damage, or harm to Plaintiff Todderick Randall.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25 (2017 Edition, Dec. 2023 update).

- **Claim 2: Battery by a Peace Officer (Deadly Force)**
    1. Defendant Cameron Stanley used deadly force against Plaintiff Todderick Randall;
    2. Defendant Cameron Stanley's use of deadly force was not necessary to defend human life;
    3. Defendant Cameron Stanley's use of deadly force was a cause of injury or harm to Plaintiff Todderick Randall.

*See* CACI 1305B (2024 edition).

- **Claim 2: Battery by a Peace Officer (Nondeadly Force)**
    4. Defendant Corrin Cassidy used force against Plaintiff Todderick Randall;
    5. The use of force by Corrin Cassidy was unreasonable;
    6. Defendant Corrin Cassidy's use of force was a cause of injury or harm

to Plaintiff Todderick Randall.

*See* CACI 1305A (2024 edition).

- **Claim 3: Negligent Use of Deadly Force by a Peace Officer**
    1. Defendant Cameron Stanley and/or Corrin Cassidy were negligent;
    2. The negligence of Defendant Cameron Stanley and/or Corrin Cassidy was a cause of injury or harm to Plaintiff Todderick Randall.

*See* CACI 401, 440, 441 (2024 edition).

- **Claim 4: Violation of Bane Act (Cal. Civ. Code § 52.1)**
    1. Defendant Cameron Stanley and/or Corrin Cassidy used unreasonable force against Plaintiff Todderick Randall;
    2. Defendant Cameron Stanley and/or Corrin Cassidy intended to violate Plaintiff Todderick Randall's rights, demonstrated by their reckless disregard for Plaintiff Todderick Randall's right to be free from unreasonable force;
    3. The use of unreasonable force was a cause of injury, damage, or harm to Plaintiff Todderick Randall.

*See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

**(c) Brief Description of the Key Evidence in Support of Each of the Claims**

Testimony of Defendants Cameron Stanley and Corrin Cassidy. Testimony of Plaintiff Todderick Randall. Testimony of Plaintiff's police practices expert, Roger Clark. Medical testimony from Victorville Fire Department and Air Mercy personnel who treated Plaintiff Randall on scene and/or on the way to the hospital. Medical testimony from American Medical Response personnel who treated Plaintiff Randall for his injuries. Medical testimony from

Arrowhead Regional Medical Center and Victor Valley Global Medical Center personnel who treated Plaintiff Randall for his injuries. Scene photographs. Surveillance videos of the shooting and still shots therefrom.

### III. **BIFURCATION OF ISSUES (16-4.3)**

The Parties are not requesting bifurcation.

### IV. **JURY TRIAL (16-4.4)**

All of Plaintiff's claims are triable to a jury as a matter of right, and a timely jury demand has been made by all parties. [*See* Dkt. 45, 48.]

### V. **ATTORNEYS' FEES (16-4.5)**

Plaintiff claims attorneys' fees for all eligible claims that will be tried in this case. Each of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 is eligible for attorneys' fees under 42 U.S.C. § 1988. Plaintiff's Bane Act claim is eligible for attorneys' fees under Cal. Civ. Code § 52.1(i).

### VI. **ABANDONMENT OF ISSUES (16-4.6)**

Plaintiff does not abandon any claims at this time.

DATED: May 30, 2025

LAW OFFICES OF DALE K. GALIPO

By  */s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff