1  Christopher P. Wesierski [Bar No. 086736]
        *cwesierski@wzllp.com*
2  Kristen R. Rodriguez [Bar No. 289668]
        *krodriguez@wzllp.com*
3  WESIERSKI & ZUREK LLP
   29 Orchard Road
4  Lake Forest, California 92630
   Telephone: (949) 975-1000
5  Facsimile: (949) 756-0517

6
7  Attorneys for Defendants, COUNTY OF
   SAN BERNARDINO, CORRIN
   CASSIDY, and CAMERON STANLEY
8

9                    UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  TODDERICK RANDALL,               Case No. 5:24-cv-00086-SSS-SP
    individually,                    *Assigned to*:
                                      Hon. Sunshine S. Sykes
13              Plaintiff,
                                      **DEFENDANTS MEMORANDUM
14       vs.                          OF CONTENTIONS OF FACT AND
                                      LAW**
15  COUNTY OF SAN BERNARDINO;
    CORRIN CASSIDY; CAMERON          FPTC Date:      June 27, 2025
16  STANLEY and DOES 1-10, inclusive, Trial Date:     July 14, 2025

17              Defendants.

18

19

20       **TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND**

21  **TO THEIR COUNSEL OF RECORD:**

22       Pursuant to Local Rule 16-4, Defendants, COUNTY OF SAN

23  BERNARDINO, CORRIN CASSIDY and CAMERON STANLEY (collectively,

24  "Defendants") submit their Memorandum of Contentions of Fact and Law.

25  / / /

26  / / /

27  / / /

28  / / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   FACTUAL CONTENTIONS ................................................................. 1

II.  CLAIMS AND DEFENSES (L.R. 16-4.1) ...................................... 1

    A.   Plaintiff's Claims (L.R. 16-4.1 (a)). ....................................... 1

    B.   Elements Required to Establish Plaintiff's Claims  (L.R. 16-4.1 (b))............................................................................ 2

    C.   Summary of Key Facts and Evidence in Opposition to Plaintiff's Claims (L.R. 16-4.1 (c).)................................. 4

    D.   Key Evidence in Opposition to All Plaintiff's Claims (L.R. 16-4.1(c).) ....................................................... 10

    E.   Defendants' Affirmative Defenses (L.R. 16-4.1 (d)) ........................... 12

    F.   Defendants' Elements to Establish Affirmative Defenses (L.R. 16-4.1 (e).)................................................. 13

    G.   Key Evidence and Facts Relied Upon In Support of Affirmative Defenses (L.R. 16-4.1 (f))..................... 14

    H.   Similar Statement for All Third Parties (L.R. 16-4.1 (g)) .................. 14

    I.   Identification of any anticipated evidentiary issues, together with the party's position on those issues (L.R. 16-4.1 (h)) . ..................... 15

    J.   Identification of any issues of law, which are germane to the case and party's position (L.R. 16-4.1 (i).................. 15

III. BIFURCATION OF ISSUES (L.R. 16-4.3) ................................ 15

    A.   Punitive Damages are Separately Tried as a Matter of Course in Section 1983 Cases Such as This............................... 16

IV.  JURY TRIAL (L.R. 16-4.4) ............................................................ 16

V.   ATTORNEYS' FEES (L.R. 16-4.5) ............................................. 16

VI.  <u>ABANDONMENT OF ISSUES (L.R. 16-4.6)</u>..........................167

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4939-0134-8420.1 SBD-00026

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Bates v. United Parcel Service*,
   204 F.R.D. 440 (N.D. Cal. 2001) ........................................................ 16

*Calmar, Inc. v. Emson Research, Inc.*,
   850 F.Supp. 861 (C.D. Cal. 1994) ...................................................... 16

*Forrett v. Richardson*,
   112 F.3d 416 (9th Cir. 1997) ................................................................ 6

*Gilbert v. State Farm Mut. Auto. Ins. Co.*,
   311 F.R.D. 685 (M.D. Fla. 2015) ...................................................... 16

*Graham v. Connor*,
   490 U.S. 386 (U.S. 1989) ...................................................................... 5

*Hart v. City of Redwood City*,
   99 F. 4th 543 (2024) .......................................................................... 13

*Medtronic Xomed, Inc. v. Gyrus ENT LLC*,
   440 F.Supp.2d 1333 (M.D. Fla. 2006) .............................................. 16

*Monroe v. Griffin*,
   2015 WL 5258115 (N.D. Cal. 2015) .................................................. 16

*Reynolds v. County of San Diego*
   84 F.3d 1162 (9th Cir. 1996) ................................................................ 6

*Saenz v. Reeves*,
   2013 WL 2481733 (E.D. Cal. 2013) .................................................. 16

*Tennessee v. Garner*,
   471 U. S. 1 (1985) ................................................................................ 5

*West v. Atkins*,
   487 U.S. 4242 (1988) ............................................................................ 4

/ / /

/ / /

4939-0134-8420.1 SBD-00026

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**STATE CASES**

*Brown v. Ransweiler*
    (2009) 171 Cal.App.4th 516 ..........................................................................8

*Edson v. City of Anaheim*,
    63 Cal.App.4th 1269 (2009) ...................................................................7, 8

*Hayes v. Cnty. of San Diego*
    (2013) 57 Cal. 4th 622 ...............................................................................8

*Martinez v. County of Los Angeles*
    (1996) 47 Cal. App. 4th 334 ....................................................................7, 8

*People v. Curtis*
    (1969) 70 Cal.2d 347 ..................................................................................8

*Yount v. City of Sacramento*
    (2008) 43 Cal.4th 885 .................................................................................8

**FEDERAL STATUTES**

42 U.S.C. § 1983 ..................................................................1, 2, 4, 16, 17

42 U.S.C. § 1988 ................................................................................17

**STATE STATUTES**

Bane Act (Cal. Civ. Code § 52.1) ......................................................1, 4, 10

California Penal Code § 834(a) .................................................................8

California Penal Code § 835a ..............................................................7, 8

California Penal Code § 836.5(b) ............................................................8

California Government Code § 815.2 .......................................................9

California Government Code § 815(a-b) ...........................................13, 14

California Government Code § 815.2(b) ...........................................13, 14

California Government Code § 818.8 ................................................13,1 4

California Government Code § 820.2 .................................................13, 14

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

California Government Code § 820.4.......................................................13, 14

California Government Code § 820.6.......................................................13, 14

California Government Code § 820.8.......................................................13, 14

California Government Code § 821.6.......................................................13, 14

California Government Code § 945.4.......................................................13, 14

**Rules**

Fed. R. Civ. P., Rule 38 ................................................................................. 16

L.R. 16-4.1 ....................................................................................................... 1

L.R. 16-4.1 (i) ................................................................................................ 15

L.R. 16-4.1 (a) ................................................................................................. 1

L.R. 16-4.1 (b) ................................................................................................. 2

L.R. 16-4.1 (c) ................................................................................................. 4

L.R. 16-4.1 (d) ............................................................................................... 12

L.R. 16-4.1 (e) .......................................................................................... 13, 17

L.R. 16-4.1 (f) ............................................................................................... 14

L.R. 16-4.1 (g) ............................................................................................... 14

L.R. 16-4.1 (h) ............................................................................................... 15

L.R. 16-4.3 ..................................................................................................... 15

L.R. 16-4.4 ..................................................................................................... 16

L.R. 16-4.5 ..................................................................................................... 16

L.R. 16-4.6 ..................................................................................................... 17

Rule 42(b) ...................................................................................................... 16

**CONSTITUTIONAL PROVISIONS**

Fourth Amendment .............................................................................. 1, 4, 5, 8

iv

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Fourteenth Amendment .................................................................................... 1

United States Constitution ............................................................................... 2

**OTHER AUTHORITIES**

CACI 405 ........................................................................................................ 13

CACI 440 .......................................................................................................... 3

CACI 441 .......................................................................................................... 4

CACI 1305B ...................................................................................................... 2

CACI No. 440 .................................................................................................... 3

CACI No. 1305A ............................................................................................... 3

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4939-0134-8420.1 SBD-00026

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## I.    FACTUAL CONTENTIONS

This matter concerns an officer involved shooting that took place on August 19, 2022. Defendant Deputies responded to a crowded WinCo grocery store to find Plaintiff intoxicated, drinking from an open bottle of alcohol and brandishing a knife. After failing to comply with at least nine (9) verbal commands, the Deputies used less lethal force in an attempt to secure the scene, protect themselves and protect the public. The less lethal force had no physical effect on Plaintiff, who then fled from the Deputies, unlawfully evading arrest. Ultimately, lethal force was administered when Deputy Stanley feared for his life and his Partner's life, as Plaintiff swung his knife in a stabbing/slashing motion toward Deputy Cassidy from a mere three feet away.

Plaintiff Todderick Randall ("Plaintiff") alleges Deputies Cameron Stanley and Corrin Cassidy used excessive force against him.  Defendants deny these allegations.

## II.    CLAIMS AND DEFENSES (L.R. 16-4.1)

Plaintiff's Complaint (Dkt. 8) is the operative pleading. Plaintiff has agreed to voluntarily dismiss his *Monell* Claims and Fourteenth Amendment claim for denial of medical care. Plaintiff asserts 4 claims against Defendants County of San Bernardino, Cameron Stanley and Corrin Cassidy.  Defendants answered the Complaint on April 4, 2024. (Dkt. 11).  Defendant Corrin Cassidy granted immunity as to Plaintiff's Fourth Amendment excessive force claim. (Dkt. 40.)

### A.    Plaintiff's Claims (L.R. 16-4.1 (a)).

(1)    Fourth Amendment Excessive Force (42 U.S.C. §1983)

(2)    Battery

(3)    Negligence

(4)    Violation of Bane Act (Cal. Civ. Code § 52.1)

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   **B.    Elements Required to Establish Plaintiff's Claims  (L.R. 16-4.1 (b))**

2      (1)    Elements Required to Establish Plaintiff's Claim for Excessive force (42

3   U.S.C. § 1983) Against Deputy Cameron Stanley

4      (i)    That Defendant Cameron Stanley acted under color of state law;

5      (ii)    That Defendant Cameron Stanley's use of force against the Decedent was

6   not objectively reasonable from the perspective of a reasonable officer; and

7      (iii)    The use of force against Plaintiff deprived the him of his particular rights

8   under the laws of the United States Constitution.

9      (See, Ninth Circuit Manual of Model Jury Instructions: Civil § 9.3 and §9.25

10   (2017) updated 2024.)

11      (2)    Elements Required to Establish Plaintiff's Claim for Battery Against

12   Defendant Cameron Stanley and the County

13      (i)    That Defendant Cameron Stanley intentionally touched Plaintiff or

14   caused the Plaintiff to be touched;

15      (ii)    That Defendant Cameron Stanley used deadly force on Plaintiff;

16      (iii)    That Defendant Cameron Stanley use of deadly force was not necessary

17   to defend human life;

18      (iv)    That Plaintiff was injured;

19      (v)    That Defendant Cameron Stanley use of deadly force was a substantial

20   factor in causing Plaintiff's injury.

21      (See, CACI 1305B. Battery by Peace Officer (Deadly Force) – Essential

22   Factual Elements)

23      (3)    Elements Required to Establish Plaintiff's Claim for Battery, Against

24   Corrin Cassidy and the County

25      (i)    That Deputy Cassidy intentionally touched Plaintiff;

26      (ii)    That Deputy Cassidy used unreasonable force on Plaintiff;

27      (iii)    That Plaintiff did not consent to the use of that force;

28      (iv)    That Plaintiff was harmed; and

2

4939-0134-8420.1 SBD-00026

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1    (v)    That Deputy Cassidy's use of unreasonable force was a substantial

2  motivating factor causing Plaintiff's harm.

3    (See, CACI No. 1305A. Battery by Law Enforcement Officer (Nondeadly

4  Force) – Essential Factual Elements (2024 Ed.).)

5    (4)    Elements Required to Establish Negligence Against Deputy Cassidy and

6  the County

7    (i)    That Defendant Cassidy used force to arrest/detain/or prevent escape, or

8  overcome resistance by Plaintiff;

9    (ii)    That the amount of force used by Deputy Cassidy was unreasonable;

10    (iii)    That Plaintiff was harmed; and

11    (iv)    That Deputy Cassidy's use of unreasonable force was a substantial factor

12  in causing Plaintiff's harm.

13    (See, CACI No. 440. Negligent Use of Nondeadly Force by Law Enforcement

14  Officer in Arrest or Other Seizure - Essential Factual Elements (2024 Ed.).).

15    (5)    Elements Required to Establish Negligence Against Deputy Cassidy and

16  the County

17    (i)    That Defendant Cassidy was a peace officer;

18    (ii)    That Defendant Cassidy used an amount of force that was unreasonable;

19    (iii)    That Plaintiff was harmed;

20    (iv)    That the Decedent was killed;

21    (v)    That Defendant Cassidy's use of force was a substantial factor in causing

22  the Plaintiff's harm;

23    (See, CACI 440. Negligent Use of Nondeadly Force by Law Enforcement

24  Officer in Arrest or Other Seizure Officer – Essential Factual Elements).

25    (6)    Elements Required to Establish Negligence Against Deputy Stanley and

26  the County

27    (i)    That Defendant Stanley was a peace officer;

28    (ii)    That Defendant Stanley used deadly force on Plaintiff;

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    (iii)    That Defendant Stanley's use of deadly force was not necessary to defend
2  human life;

3    (iv)    That the Plaintiff was harmed;

4    (v)    That Defendant Martinez's use of deadly force was a substantial factor
5  in causing Plaintiff's harm;

6    (See, CACI 441. Negligent Use of Deadly Force by Pease Officer – Essential
7  Factual Elements).

8    (7)    <u>Elements Required to Establish Plaintiff's Claim for Violation of Bane</u>
9  <u>Act (Cal. Civ. Code § 52.1)</u>

10    (i)    That Defendants Stanley and Cassidy acted violently against Plaintiff to
11  prevent him from exercising his Constitutional Rights;

12    (ii)    That Defendants Stanley and Cassidy intended to deprive Plaintiff of his
13  enjoyment of the interests protected by the Constitution;

14    (iii)    That Plaintiff was harmed; and

15    (iv)    That Defendants Stanley and Cassidy's conduct was a substantial factor
16  in causing Plaintiff's harm.

17    (See, CACI No. 3066. Bane Act - Essential Factual Elements (Civ. Code, §
18  52.1)(2024 Ed.).)

19    **C.**    **Summary of Key Facts and Evidence in Opposition to Plaintiff's**
20    **Claims (L.R. 16-4.1 (c).)**

21    <u>**Claim 1:  Fourth Amendment Excessive Force (42 U.S.C. §1983) Against**</u>
22  <u>**Deputy Stanley**</u>

23    To succeed on a Section 1983 claim, a plaintiff must prove that his
24  constitutional rights were violated, and that the violation was caused by a person
25  acting under color of law. (*West v. Atkins*, 487 U.S. 4242 (1988).) In this case,
26  Plaintiffs assert that the officers used excessive force during the encounter with the
27  Decedent and deprived him of his right to be free of unreasonable searches and
28  seizures under the Fourth Amendment. This claim fails because the Plaintiff cannot

4

1    establish a violation of a constitutional right held by the Decedent.

2         In *Graham v. Connor*, the United States Supreme Court held that "[o]ur Fourth

3    Amendment jurisprudence has long recognized that the right to make an arrest or

4    investigatory stop necessarily carries with it the right to use some degree of physical

5    coercion or threat thereof to effect it." (*Graham v. Connor*, 490 U.S. 386, 396 (U.S.

6    1989).) "[A]ll claims that law enforcement have used excessive force—deadly or

7    not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen

8    should be analyzed under the Fourth Amendment and its 'reasonableness' standard..."

9    (*Id*. at 395.)

10         "Because the test of reasonableness under the Fourth Amendment is not

11    capable of precise definition or mechanical application, however, its proper

12    application requires careful attention to the facts and circumstances of each particular

13    case, including the severity of the crime at issue, whether the suspect poses an

14    immediate threat to the safety of the officers or others, and whether he is actively

15    resisting arrest or attempting to evade arrest by flight." (*Id*. at 396 (citation omitted);

16    emphasis added.)

17         "The 'reasonableness' of a particular use of force must be judged from the

18    perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

19    hindsight." (*Id*. at 396.) "The calculus of reasonableness must embody allowance for

20    the fact that police officers are often forced to make split-second judgments—in

21    circumstances that are tense, uncertain, and rapidly evolving—about the amount of

22    force that is necessary in a particular situation." (*Id*. at 396-97.)

23         Under the fleeing felon doctrine set forth in *Tennessee v. Garner*, 471 U. S. 1,

24    (1985), the Supreme Court explained that if a law enforcement officer has probable

25    cause to believe that a suspect poses a threat of serious physical harm, either to the

26    officer or to others, it is not constitutionally unreasonable to prevent escape by using

27    deadly force. Thus, if the suspect threatens the officer with a weapon or there is

28    probable cause to believe that he has committed a crime involving the infliction or

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

5

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1   threatened infliction of serious physical harm, deadly force may be used if necessary

2   to prevent escape, and if, where feasible, some warning has been given." (*Garner,*

3   *supra,* 471 U.S. at 11-12; see also *Forrett v. Richardson*, 112 F.3d 416, 418-421 (9th

4   Cir. 1997) (affirming directed verdict for officers under Garner's "fleeing felon" rule

5   where armed burglar had fled through residential area after shooting victims, evaded

6   pursuit for one hour, and failed to comply with commands before officers fired to stop

7   him).)

8       In *Reynolds v. County of San Diego* 84 F.3d 1162 (9th Cir. 1996), a deputy was

9   advised that Reynolds was at a gas station armed with a knife and acting strangely.

10  The deputy saw Reynolds with a knife and ordered him to get on the ground and put

11  his hands in the air. Reynolds got down on the ground and put the knife down next to

12  his body. The deputy moved towards Reynolds while repeatedly telling him not to

13  move. Reynolds suddenly sat up and grabbed the knife. The deputy moved behind

14  Reynolds, put his knee in his back and ordered him to drop the knife. Reynolds twisted

15  and swung the knife towards the deputy, and the deputy fired his weapon, killing

16  Reynolds. The court found the deputy's use of force was objectively reasonable.

17      Here, based on the totality of the circumstances, Deputy Stanley acted in an

18  objectively reasonable manner. Based upon the information from dispatch and upon

19  entering the store, the Deputies encountered Plaintiff brandishing a knife and holding

20  an open bottle of alcohol in a crowded store, with at least 75 people in close proximity.

21  Plaintiff appeared to be under the influence of alcohol and the store manager was

22  frightened and wanted Plaintiff to leave the premises. Plaintiff ignored at least nine

23  verbal commands to drop the knife, and in response, took a bladed aggressive stance:

24  flexing his muscles, clenching his fists and glaring at the Deputies. Based upon

25  Plaintiff's failure to comply with countless verbal commands and his aggressive

26  stance, the Deputies did not believe Plaintiff was going to comply with my their

27  requests to drop the knife. They further believed, based upon Plaintiff's failure to

28  comply with numerous verbal commands and his aggressive stance, Plaintiff could

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1  charge at the Deputies, flee the scene, or severely injure one of the many customers

2  in the store. At this point, Deputy Cassidy deployed less lethal force in an attempt to

3  keep herself safe, keep her Partner safe, keep customers safe and to lawfully take

4  Plaintiff into custody, given that there was ample probable cause a suspected crime

5  had been committed.

6       Alarmingly, the less lethal force had no physical effect on Plaintiff, who ripped

7  the taser prongs from his body, yelled profanities at the Deputies, and continued to

8  evade arrest by running away from them (and toward customers) in a crowded grocery

9  store, while continuing to grip the knife in an aggressive manner. The Deputies

10  pursued Plaintiff on foot, until Plaintiff suddenly stopped running, turned toward

11  Deputy Cassidy and swung the knife at her in a stabbing/slashing motion, a mere three

12  feet from her body.

13       Believing that Plaintiff was going to kill or seriously injure his Partner (Deputy

14  Cassidy), himself, another nearby customer, Deputy Stanley deployed lethal force to

15  stop the threat of death. Based on these circumstances, Deputy Stanley acted in an

16  objectively reasonable manner in his use of force against Plaintiff,

17       **Claims 2 and 3: Battery and Negligence Against All Defendants**

18       Plaintiff's state law claims for battery and negligence fail as a matter of law

19  because the deadly force used by the Deputy Defendants was reasonable under the

20  circumstances. For the same reasons that no constitutional violations were committed,

21  no state torts were committed, so the negligence and battery claims fail as a matter of

22  law. (See *Martinez v. County of Los Angeles* (1996) 47 Cal. App. 4th 334, 349-50.)

23  California law holds that a peace officer who has reasonable cause to believe that the

24  person to be arrested has committed a public offense may use reasonable force to

25  effect the arrest, to prevent escape, or to overcome resistance. (See Cal. Penal Code §

26  835a; *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (2009))

27       Although the scope of the circumstances that may be considered under a

28  negligence claim arising from a peace officer's use of force is broader than some

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

7

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  federal courts use when evaluating Fourth Amendment excessive force claims -
2  regardless of whether the California law claim is for battery, assault, negligence, or
3  wrongful death - to evaluate the reasonableness of the officer's conduct, courts must
4  apply the Graham reasonableness standard. (See *Hayes v. Cnty. of San Diego* (2013)
5  57 Cal. 4th 622, 632 (citing Graham in the pre-shooting negligence claim context, "as
6  the nation's high court has observed, "[t]he 'reasonableness' of a particular use of force
7  must be judged from the perspective of a reasonable officer on the scene, rather than
8  with the 20/20 vision of hindsight."); *Yount v. City of Sacramento* (2008) 43 Cal.4th
9  885, 902 (holding that the same reasonableness standards for Fourth Amendment
10 claims apply to battery); accord *Martinez*, 47 Cal.App.4th at 349-350 (applying
11 Graham to police battery and/or wrongful death claims); *Edson v. City of Anaheim*
12 (2009) 63 Cal.App.4th 1269, 1272-1273 (same); *Brown v. Ransweiler* (2009) 171
13 Cal.App.4th 516, 525 (same).

14     To the extent Plaintiffs bases the negligence claim on pre-shooting tactics,
15 liability can only arise if the tactical conduct and decisions leading up to the use of
16 deadly force show, as part of the totality of the circumstances, that the use of deadly
17 force was unreasonable. (*Hayes*, *supra*, 57 Cal. 4th at 626.) Additionally, California
18 law holds that a peace officer who has reasonable cause to believe that the person to
19 be arrested has committed a public offense may use reasonable force to effect the
20 arrest, to prevent escape, or to overcome resistance. (See Cal. Penal Code § 835a;
21 *Edson*, *supra*, 63 Cal.App.4th at 1272-1273.) Furthermore, in California, a person
22 who should know that they are being seized by a police officer is duty bound to refrain
23 from resisting such seizure, even if the seizure itself is unlawful. (See Cal. Penal Code
24 § 834(a); Cal. Penal Code § 836.5(b); *People v. Curtis* (1969) 70 Cal.2d 347, 357.)

25     Here, as provided above, Deputy Stanley and Deputy Cassidy acted in an
26 objectively reasonable manner in using non-deadly force and deadly force against
27 Plaintiff. Based upon the information from dispatch and upon entering the store, the
28 Deputies encountered Plaintiff brandishing a knife and holding an open bottle of

8

alcohol in a crowded store, with at least 75 people in close proximity. Plaintiff was under the influence of alcohol and the store manager was frightened and wanted Plaintiff to leave the premises. Plaintiff ignored at least nine verbal commands to drop the knife, and in response, took a bladed aggressive stance: flexing his muscles, clenching his fists and glaring at the Deputies. Based upon Plaintiff's failure to comply with countless verbal commands and his aggressive stance, the Deputies did not believe Plaintiff was going to comply with my their requests to drop the knife. They further believed, based upon Plaintiff's failure to comply with numerous verbal commands and his aggressive stance, Plaintiff could charge at the Deputies, flee the scene, or severely injure one of the many customers in the store. At this point, Deputy Cassidy reasonably deployed less lethal force in an attempt to keep herself safe, keep her Partner safe, keep customers safe and to lawfully take Plaintiff into custody, given that there was ample probable cause a suspected crime had been committed.

Alarmingly, the less lethal force had no physical effect on Plaintiff, who ripped the taser prongs from his body, yelled profanities at the Deputies, and continued to evade arrest by running away from them (and toward customers) in a crowded grocery store, while continuing to grip the knife in an aggressive manner. The Deputies pursued Plaintiff on foot, until Plaintiff suddenly stopped running, turned toward Deputy Cassidy and swung the knife at her in a stabbing/slashing motion, a mere three feet from her body.

Believing that Plaintiff was going to kill or seriously injure her, her Partner, or another nearby customer, Deputy Cassidy deployed another round of less lethal force to stop the threat of death. At the same moment, and believing that Plaintiff was going to kill or seriously injure his Partner, himself, another nearby customer, Deputy Stanley deployed lethal force to stop the threat of death. Because the Deputy Defendants' conduct was objectively reasonable, they cannot be liable on the state claims for negligence and battery. Accordingly, there also can be no basis for respondent superior liability against the County (*Gov. Code* § 815.2.) for these claims.

9

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**Claim 4: Violation of Bane Act (Cal. Civ. Code §52.1) Against All
Defendants**

There is no Constitutional right to not cooperate with law enforcement's lawful arrest. The officers on scene had probable cause to arrest Plaintiff given that he was brandishing a knife in a crowded grocery store, under the influence of alcohol in public and trespassing. The officers tried to use less-lethal force in an attempt to apprehend Plaintiff unharmed, but Plaintiff would not comply, ripped the taser prongs from his body and fled arrest on foot. Plaintiff also refused at least 9 verbal commands to drop the knife, and swung the knife in a stabbing/slashing manner toward Deputy Cassidy from very close proximity. Deputy Stanley only used deadly force when Plaintiff posed a threat severe bodily injury and death to his Partner, himself and the public patron in the grocery store.

**D.      Key Evidence in Opposition to All Plaintiff's Claims (L.R. 16-4.1(c).)**
**Witnesses:**

*Parties:*

Plaintiff, Todderick Randall

Defendant, Camron Stanley

Defendant, Corrin Cassidy

*Experts:*

Ed Flosi, Police Practices Expert

*Percipient Witnesses:*

Sgt. Jon Woods

Det. Justin Carty

Det. Jon Cavender

Det. Eric Ogaz

CSS Mike Russ

CSS Catherine Oliver

Sgt. Gerad Laing

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

10

1    Sgt. Jeremy Vasquez

2    Det. Malcom Page

3    Det. Jonathan Ramstad

4    Dep. Jared Sims

5    Dep. Dylan Gosswiller

6    R. Syphax

7    Jared Falkowski

8    Justyn Combado

9    Kenneth Sexton

10    David Mears

11    Denise Bedolla

12    James Lammon

13    Aren Anderson

14    David Groat

15    Joshua Mendoza

16    Grant DeRose

17    Patricia Ross

18    Elanore Cheri Filippi

19    Ruby Star Espinoza

20    Josefina Delacruz-Ruiz

21    Shawn Maureen Vela

22    Andrew Adrian Northup

23    Edelmira Marron

24    Bronwen Savini

25    Chad Allen Throndson

26    Irene Meza-Gonzalez

27    Myra Edwards

28    Jennyfer Barrios

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

11

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1    Gina Leslie Gilbert

2    Frank Calderon

3    George Lopez Berumen

4    Francisco Gonzalez

5    David Sanchez

6    Javier Franco

7    Ashley Nicole Trammel

8    Marylou Sharon Alvarez Witness

9    James Grantham

10    Juan Verdin

11    **Evidence:**

12    Crime Report

13    Plaintiff's Medical Records

14    Investigative photos

15    Dispatch Audio Files

16    Domon Audio Files

17    Carty Audio Files

18    Gosswiler Audio Files

19    Ogaz Audio Files

20    Ramstad Audio Files

21    Sims Audio Files

22    Cassidy Audio Files

23    Stanley Audio Files

24    Scene Photos

25    Interviews, including Witness Interviews

26    **E.    Defendants' Affirmative Defenses (L.R. 16-4.1 (d))**

27    1.    Affirmative Defense 1 – Failure to State a Claim

28    2.    Affirmative Defense 3 – Failure to Mitigate Damages

12

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3.    Affirmative Defense No. 5 – Comparative Fault

4.    Affirmative Defense No. 9 – Federal Civil Rights Act – Qualified Immunity, as to Deputy Cameron Stanley

5.    Affirmative Defense 13 – Public Employee Acting in Good Faith California Government Code section 820.6

6.    Affirmative Defense 16 – Immunity California Government Code sections 815(a-b), 815.2(b), 818.8, 820.2, 820.4, 820.8, 821.6, and 945.4

**F.    Defendants' Elements to Establish Affirmative Defenses (L.R. 16-4.1 (e).)**

**Affirmative Defense 1**: Failure to State a Claim

The elements and evidence are those set forth above necessary for Plaintiff to establish his claims for relief, which cannot be established.

**Affirmative Defense 3**: Failure to Mitigate Damages

(i)    The Plaintiff failed to use reasonable efforts to mitigate damages; and

(ii)    The amount by which damages would have been mitigated.

(See, Ninth Circuit Manual of Model Jury Instructions: Civil § 5.3 (2024).)

**Affirmative Defense 5**: Comparative Fault

(i)    That Plaintiff was negligent;

(ii)    That Plaintiff's negligence was a substantial factor in causing his harm.

(See, CACI 405)

**Affirmative Defense 9**:  Federal Civil Rights Act – Qualified Immunity

"Qualified immunity protects government officials from suit unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.' *District of Columbia v.* Wesby, 583 U.S. 48, 62–63, 138 S.Ct. 577, 199 L.Ed.2d 453 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012))." (*Hart v. City of Redwood City 99 F. 4th 543, 548* (2024).

/ / /

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

13

1     **Affirmative Defense 13**: Public Employee Acting in Good Faith California
2 Government Code section 820.6

3     If a public employee acts in good faith, without malice, and under the apparent
4 authority of an enactment that is unconstitutional, invalid or inapplicable, he is not
5 liable for an injury caused thereby except to the extent that he would have been liable
6 had the enactment been constitutional, valid and applicable. (Gov't Code §820.6).

7     **Affirmative Defense 16**: Immunity California Government Code sections
8 815(a-b), 815.2(b), 818.8, 820.2, 820.4, 820.8, 821.6, and 945.4

9     (i)    Except as otherwise provided by statute, a public employee is not liable
10 for an injury resulting from his act or omission where the act or omission was the
11 result of the exercise of the discretion vested in him, whether or not such discretion
12 be abused. (Gov't Code §820.2); or

13     (ii)    A public employee is not liable for his act or omission, exercising due
14 care, in the execution or enforcement of any law. Nothing in this section exonerates a
15 public employee from liability for false arrest or false imprisonment. (Gov't Code
16 §820.4); or

17     (iii)    Except as otherwise provided by statute, a public employee is not liable
18 for an injury caused by the act or omission of another person. Nothing in this section
19 exonerates a public employee from liability for injury proximately caused by his own
20 negligent or wrongful act or omission. (Gov't Code §820.8)

21     **G.**    **Key Evidence and Facts Relied Upon In Support of Affirmative**
22         **Defenses (L.R. 16-4.1 (f))**

23     Defendants will rely upon the same testimony of witnesses on the Joint
24 Proposed Witness list, and as identified and detailed above in section (c) Key
25 Evidence in Opposition to All Plaintiff's Claims for their affirmative defenses.

26     **H.**    **Similar Statement for All Third Parties (L.R. 16-4.1 (g))**
27     Not applicable.
28 / / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

14

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

**I.      Identification of any anticipated evidentiary issues, together with the party's position on those issues (L.R. 16-4.1 (h)) .**

Defendants have filed two Motions in Limine to exclude:

1.      Plaintiff from testifying at trial.

2.      Statement by Trial Counsel Dale Galipo Regarding his relationship with law enforcement officers and regarding Defendants alleged failure to take responsibility.

2.      Any opinions by Plaintiff's expert Roger Clark regarding the mental health of Plaintiff based on the claim that Plaintiff was mentally ill or experiencing a mental health crisis on the grounds that there is no evidence that Plaintiff was mentally ill or experiencing a mental health crisis and on the grounds that Mr. Clark is not qualified to diagnose or give opinions about Plaintiff's mental health, and that his opinions regarding the how deputies should have responded to a suspect with mental illness and/or experiencing a mental health crisis are irrelevant and such evidence would only serve to unduly prejudice Defendants, waste time, confuse the issues, and mislead the jury.

Plaintiff has filed one Motions in Limine to exclude any findings by any agency that the Defendant's conduct was reasonable, justified and/or within County policy. Defendants do not oppose the motion, to the extent Plaintiff will not argue: (1) the Defendants failed to conduct an investigation of the incident, (2) that the investigation was inadequate or (3) that the Defendants were entitled to counsel during the investigation.

**J.      Identification of any issues of law, which are germane to the case and party's position (L.R. 16-4.1 (i).**

Defendants do not currently anticipate any issues of law.

**III.      <u>BIFURCATION OF ISSUES (L.R. 16-4.3)</u>**

Defendants request the Court for bifurcation of trial into two phases as follows: Phase 1 - liability phase as to the Defendants; and Phase 2 - compensatory and

15

4939-0134-8420.1 SBD-00026

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  punitive damages, if necessary.

2      "Rule 42(b) does not set a high standard for the court[.]" *Gilbert v. State Farm*

3  *Mut. Auto. Ins. Co*., 311 F.R.D. 685, 686 (M.D. Fla. 2015). The predominant

4  consideration is whether separate trial of any issue will better promote a fair and

5  impartial trial "through a balance of benefits and prejudice." *Medtronic Xomed, Inc.*

6  *v. Gyrus ENT LLC,* 440 F.Supp.2d 1333, 1334 (M.D. Fla. 2006). Factors to be

7  considered in deciding whether to order separate trials include: avoiding prejudice,

8  the ease with which issues may be tried separately, convenience, judicial economy,

9  and risk of confusion. *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal.

10  2001). Other factors to be considered include: complexity of the issues, factual proof,

11  and the possibility that the first trial may be dispositive of the case. *Calmar, Inc. v.*

12  *Emson Research, Inc*., 850 F.Supp. 861, 866 (C.D. Cal. 1994).

13      In this case, all of those factors weigh heavily in favor of a two-phase trial, as

14  discussed below.

15      **A.    Punitive Damages are Separately Tried as a Matter of Course in**

16          **Section 1983 Cases Such as This.**

17      "[C]ourts trying Section 1983 cases in this circuit often bifurcate the punitive

18  damages issue." *Monroe v. Griffin,* 2015 WL 5258115, at *5 (N.D. Cal. 2015). Indeed,

19  in managing the proceedings before them, courts often order separate trial of punitive

20  damages sua sponte. *Saenz v. Reeves*, 2013 WL 2481733, at *1 (E.D. Cal. 2013).

21  Defendants therefore request that the trial phase as to the award of punitive damages

22  and introduction of evidence relating to Defendants' financial condition, be delayed

23  until after the issues of liability and compensatory damages have been tried.

24  **IV.    JURY TRIAL (L.R. 16-4.4)**

25      Both the Plaintiff and Defendants have made timely demands for a jury trial on

26  all issues, as required by the Fed. R. Civ. P., Rule 38

27  **V.    ATTORNEYS' FEES (L.R. 16-4.5)**

28      Defendant contends that these fees are not recoverable as Plaintiffs cannot

4939-0134-8420.1 SBD-0026

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1   maintain any of their causes of action against Defendants. The award of attorneys'

2   fees for Plaintiffs' causes of action are a matter of discretion for the Court. The Civil

3   Rights Attorney's Fee Award Act of 1976, 42 USC Sec. 1988, allows a court, in its

4   discretion, to award reasonable attorneys' fees as part of costs to a prevailing party in

5   federal civil rights lawsuits, including cases brought under 42 USC 1983.

6   **VI.    <u>ABANDONMENT OF ISSUES (L.R. 16-4.6)</u>**

7        Defendants have abandoned its affirmative defenses not identified in section

8   L.R. 16-4.1 (e) above.

9

10   DATED:  May 30, 2025              WESIERSKI & ZUREK LLP

11

12

13   By: _____

14        CHRISTOPHER P. WESIERSKI
          KRISTEN R. RODRIGUEZ
15        Attorneys for Defendants, COUNTY OF
          SAN BERNARDINO, CORRIN
16        CASSIDY, and CAMERON STANLEY

17

18

19

20

21

22

23

24

25

26

27

28

4939-0134-8420.1 SBD-00026

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000