Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Kristen R. Rodriguez [Bar No. 289668]
  *krodriguez@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TODDERICK RANDALL, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; CAMERON STANLEY and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00086-SSS-SP<br>*Assigned to*:<br>Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO 1**<br><br>Trial Date:   July 14, 2025 |

Defendants COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY ("Defendants") hereby submit their Opposition to Plaintiffs TODDERICK RANDALL ("Plaintiff") Motion in Limine No. 1 to Exclude Information Unknown to Deputies at the Time of the Incident.

/ / /

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Motion in Limine No. 1 seeks to exclude: (1) evidence regarding drug use by Plaintiff, including any hearsay statements in medical records regarding prior drug use and any toxicology report indicating whether he was under the influence of drugs at the time of the incident; (2) evidence regarding Plaintiff's criminal history and prior contacts with law enforcement, including that prior to this incident, as well as charges arising from this incident and his current incarceration status; (3) hearsay statements by grocery store employees or customers prior to the incident. Plaintiff contends that such evidence is irrelevant, unduly prejudicial, impermissible character evidence, and hearsay.

Courts in virtually all jurisdictions, the Ninth Circuit included, have concluded that a plaintiff asserting Section 1983 claims puts such evidence at issue, because it is relevant to: (1) a plaintiff's claimed damages, particularly as relates to allegations of mental and emotional distress; (2) a party's biases against law enforcement, and motivation in bringing suit; and (3) the credibility of the plaintiff and any character witnesses he presents. Defendants therefore respectfully request Plaintiff's Motion in Limine No. 1 be denied in its entirety.

## II. LEGAL ARGUMENT

### A. To The Extent Plaintiff Seeks To Recover Emotional Distress Damages, Plaintiff's Prior Encounters With Law Enforcement Are Relevant And Admissible On The Issue Of Damages

Courts have repeatedly addressed the issue of the admissibility of prior encounters with law enforcement on the part of a Section 1983 plaintiff seeking to recover damages for alleged emotional distress. Uniformly, they hold that such evidence is relevant and permissible on the issue of damages. "The case law is clear that once a plaintiff makes claims of emotional distress, the defendant is allowed to explore any alternative or contributing causes to that emotional distress." *Kakeh v. United Planning*

*Org.*, 2008 U.S. Dist. LEXIS 94261, 3-4 (D.D.C. 2008).

Other arrests and criminal charges have thus been recurrently recognized as a potential alternative source for claimed "emotional distress" that may be presented at trial. *Udemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir. 2001) (affirming trial court finding that plaintiff's arrest was admissible, because "the [arrest] evidence was especially relevant to a contested issue in the case, namely, the extent of damages attributable to emotional distress"); *Lewis v. District of Columbia*, 793 F.2d 361, 363 (D.C. Cir. 1986) (evidence of plaintiff's prior arrest admitted on finding that "the jury . . . would be aided by this evidence in measuring fairly the extent of damages.").

Plaintiff's prior encounters with law enforcement are relevant and admissible for the same reasons. The Ninth Circuit has held that when a plaintiff claims injury to his "head, body and psyche" as a result of an arrest, encounters with law enforcement are probative and admissible on the issue of damages:

> The trial judge also did not abuse his discretion by admitting the City's evidence which showed Peraza had subsequent encounters with the police and difficulties in school. The trial judge had a sufficient basis to conclude this evidence went to the issue of damages and he correctly instructed the jury to limit its consideration of this evidence to that issue.

*Peraza v. Delameter,* 722 F.2d 1455, 1457 (9th Cir. 1984) (holding the district court did not abuse its discretion when it admitted evidence of plaintiff's later run-ins with police and school authorities.)

The evidence also goes to the nature and extent of Plaintiff's alleged "emotional and mental distress and humilation" as a result of the August 19, 2022 encounter. As explained by the court in *Bryan v. Jones*, 519 F.2d 44, 45-6 (5th Cir. 1975), a federal civil rights action in which the plaintiff sought monetary damages for claimed false imprisonment:

> **The parties should have been given an opportunity to develop all factual elements which related to damages.** One such element is the suffering caused by the very fact of incarceration, absent any issue concerning the condition of or reason for such incarceration. Even a minimal sort of penal confinement may be debilitating to many. **Under comparable conditions of confinement, however, this mental anguish may be much less for the recidivist than for one incarcerated for the first time**. . . [Citation.] **Therefore, the fact of prior imprisonment is a consideration to the extent of mental suffering occasioned by the wrongful confinement**. Accordingly, this cause must be remanded so that the damage issue may be tried anew.

*Id.* at 46 (emphasis added). Plaintiff's prior criminal history goes to his familiarity with law enforcement, arrests, use of weapons/knifes, and incarceration. Courts recognize that one who has experienced similar events in the past or present is much less likely to be adversely affected by them as compared to an inexperienced person. *Ford v. Wells*, 347 F.Supp. 1026, 1030 (E.D. TN 1972) (plaintiff "appears to have been arrested for public drunkenness and related crimes some 21 times before this episode; he was not as damaged by being unlawfully arrested and imprisoned as another person with an unblemished record might have been.")

*Mata v. City of Farmington*, 798 F.Supp.2d 1215, 1237 (D.N.M. 2011), is also illustrative. In that case, the plaintiff brought a § 1983 claim against police officers for excessive force and sought emotional distress damages. *Id*. 1237. The court allowed the defendant officers to inquire about the plaintiff's past "interactions with the [defendant police department], other arrests, and violent encounters in which he has been involved." *Id*. The court reasoned that the defendants were not offering the evidence for purposes of showing the plaintiff's propensity to act violently, but rather "to contest [the plaintiff]'s asserted emotional distress damages." *Id*. at 1237.

Here, Plaintiff has an extensive background of criminal activity, arrests, convictions and incarcerations which are clearly relevant to the amount of emotional distress he suffered as a result of the incident at issue. Under rule 404(b), "admission of evidence of other bad acts to assist the jury in measuring the extent of damages is a legitimate, non-character-based use of such evidence." *Udemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir. 2001). Defendants intend to offer such evidence for that very purpose and accordingly Plaintiff's motion in limine should be denied

### B. The Ninth Circuit Follows The Majority Rule In Holding That A Plaintiff's Prior Arrests And Incarcerations Are Also Admissible To Show Bias

Not only are Plaintiff's other arrests, convictions and incarcerations relevant to the issue of emotional distress, such evidence is also probative on the issue of bias. Under a long line of decisions from the Ninth Circuit and courts nationwide, Plaintiff's prior and subsequent encounters with law enforcement are relevant to Plaintiff's motives for filing this suit, and his attitude towards the San Bernardino County Sheriff's Department and its law enforcement officers. In fact, the very same arguments made by Plaintiff in the instant case, i.e., that such evidence is inadmissible character evidence and should be excluded under FRE 403, were specifically addressed and rejected by the Ninth Circuit in *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987).

In *Heath*, as in the instant case, the plaintiff brought a federal civil rights action against law enforcement under 42 U.S.C. § 1983. The trial court admitted evidence of a prior arrest of plaintiff by the same police agency. In addition, the trial court not only admitted evidence of the plaintiff's arrest history, but also admitted evidence of the plaintiff's brother's prior misdemeanor convictions resulting from arrests made by the same police agency. Rejecting the plaintiff's argument that the trial court erred in admitting this evidence, the Ninth Circuit held:

> Evidence of [the plaintiff's] prior arrest, and of his brother's prior misdemeanor convictions, were probative of their bias against the Newport Beach police and of [the plaintiff's] motive in bringing this action. The jurors, as sole triers of fact and credibility, were entitled to hear the evidence and decide the extent of that bias.

*Heath, supra*, 813 F.2d at 259. The court similarly rejected the plaintiff's argument that the evidence should also have been excluded pursuant to FRE 403. *Id.*

Since its ruling in *Heath*, the Ninth Circuit has only reaffirmed its holding, emphasizing that, "Rule 404(b) is a 'rule of inclusion ... [u]nless the evidence of other crimes tends only to prove propensity, it is admissible.'" *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). See, for example, the Court's rulings in *Barkley v. City of Klamath Falls*, 302 Fed.Appx. 705, 706 (9th Cir. 2008) (finding no abuse of discretion in admission of evidence of plaintiff's prior arrest for assaulting a police officer to show her bias against the defendants, who worked for the same police department); *United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992) (FRE 404 "does not proscribe the use of other act evidence as an impeachment tool during cross-examination. We thus agree with the Fourth Circuit that 404(b) evidence may be used for impeachment purposes.")

Here, Plaintiff was has been arrested and incarcerated numerous times. Plaintiff's attitude towards law enforcement and his failure to comply with clear and unambiguous directives from the Deputies all bear on his attitude towards law enforcement and the penal system as a whole. "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case." *Mendoza-Salgado*, 964 F.2d 993, 1007 (10th Cir. 1992). Because the danger of "unfair prejudice" to Plaintiff does not "substantially outweigh" the probative value of Plaintiff's criminal history under FRE 403, Plaintiff's motion in limine should be denied.

/ / /

/ / /

### C. The Evidence Is Admissible Under FRE 404(B) And Should Not Be Excluded

As a general rule, evidence of a prior crime or other bad acts, such as drug use, "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." (Fed. R. Evid. 404(b)(1).) However, such evidence may be admissible "for another purpose, such as proving motive." (Fed. R. Evid. 404(b)(2).) As one court explained, "[t]he 'laundry list' of admissible purposes for evidence of prior bad acts is not exhaustive. It is sufficient only that there be *some* non-propensity purpose for its admission." (*United States v. Lynn*, 856 F.2d 430, 435 n.11 (1st Cir. 1988) [citation omitted].)

Defendants are not seeking to introduce such evidence to prove character, which is not allowed under FRE 404. However, FRE 404(b) allows the use of character evidence for purposes other than acting in conformity therewith. Such evidence can be used to show motive, opportunity, intent, preparation, plan, knowledge, trustworthiness or other permissible purposes. In addition, FRE 608 permits cross-examination on a witness's character for truthfulness.

If Plaintiff misrepresents his character or his prior criminal history or his history of drug use, then Defendants should be allowed to impeach him as to those topics. (*See also United States v. Cook*, 608 F.2d 1175, 1187 (9th Cir. 1979).) If Plaintiff takes the stand and Defendants are not permitted to offer truthful and complete facts and/or impeach him, the jury would likely be left with a false impression about Plaintiff's trustworthiness. While Defendants are not seeking to introduce every one of Decedent's prior convictions, his overall criminal history bears upon their claimed damages.

A similar situation was addressed in *United States v. Cook*, 608 F.2d 1175, 1187 (9th Cir. 1979), wherein the court upheld a district court's ruling allowing into evidence the defendant's prior robbery convictions because the district court had reason to believe that the defendant would take the stand and misrepresent his

character to the jury. In those circumstances, the court held that the defendant's prior criminal record would "give the jury a more comprehensive view of the trustworthiness of the defendant as a witness." (*Id.* at 1187. See also *United States v. Bagley*, 772 F.2d 482 (9th Cir. 1985), *United States v. Mehrmanesh*, 682 F.2d 1303, 1309 (9th Cir. 1982) [in prosecution for drug offense court upheld ruling allowing introduction of prior narcotics conviction because defendant intended to take the stand and deny any involvement in narcotics trafficking].)

Here, Plaintiff is attempting to hide Plaintiff's prior arrests, convictions, and incarcerations, despite the clear relevance of those matters. The information Plaintiff now seek to exclude, including Plaintiff's criminal history of attempted murder with a knife, is directly relevant to the contributory negligence of Plaintiff which goes to the heart of their claims. Defendants should be allowed to use Plaintiff's prior drug use, arrests and convictions to impeach Plaintiff.

**D.     Pursuant To FRE 405, Evidence Of Plaintiff's Prior Felony Conviction And Arrests Are Admissible To Impeach His Credibility And The Credibility Of His Character Witnesses**

Defendants have every right to challenge the veracity of Plaintiff's testimony before the jury. Evidence which aids a trier of fact in determining a party's credibility is always relevant. *Brocklesby v. United States,* 767 F.2d 1288, 1292-93, n.2 (9th Cir. 1985) (admitting evidence as relevant to attack the credibility of witnesses); see also *Lewis v. Baker*, 526 F.2d 470, 475 (2nd Cir. 1975) ("The relevancy of testimony which aids in the jury's determination of a party's credibility and veracity has been repeatedly affirmed.") To the extent Plaintiff denies his prior bad acts, Defendants have every right to show the jury that he is being untruthful. FRE 609 (convictions for offenses with punishment over one year "must be admitted, subject to Rule 403, in a civil case.")

Plaintiff may offer testimony of friends and family members regarding their opinions of Plaintiff and Plaintiff's reputation as a peaceful, law abiding individual. In

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

the event Plaintiff opens the door in this fashion, then Defendants should be permitted to inquire into specific instances of Plaintiff's prior criminal history on cross-examination, pursuant to FRE 405. *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) ("[w]hen a party opens the door to a topic, the admission of rebuttal evidence on that topic becomes permissible"). Under FRE 405, once a witness has testified as to a party's good character, "'it is permissible during cross-examination to attempt to undermine his credibility by asking him whether he has heard of prior misconduct of the [party] which is inconsistent with the witness' direct testimony.'" *United States v. West*, 58 F.3d 133,141 (5th Cir. 1995) (quoting *United States v. Wells*, 525 F.2d 974 (5th Cir. 1976).)

By questioning a character witness about specific instances of the defendant's misconduct, a questioner can test the witness's knowledge of the individual about whom he is testifying, and his standards for a favorable opinion. "If the witness has not heard of the allegations, the depth of his or her knowledge might be called into question. If the witness has heard of the allegations but nevertheless favorably appraises the party's character, the witness's objectivity might be called into question." *S.E.C. v. Peters*, 978 F.2d 1162, 1170 (10th Cir. 1992) (footnote omitted). Under this broad rule, the defense may question a character witness about an arrest, even if there was no conviction or the conviction was later overturned on appeal. *United States v. Evans*, 542 F.2d 805, 817 (10th Cir. 1976) (permitting question regarding prior arrests and noting that the disposition of those arrests was irrelevant to the examination of a character witness); *United States v. Dawson*, 556 F. Supp. 418, 425 (E.D. Pa. 1982) (permitting question regarding a murder conviction that had been reversed on appeal), aff'd. sub nom. 727 F.2d 1099 (3rd Cir. 1984).

Similarly, the defense may question a character witness about the Plaintiff's misconduct, even if that misconduct did not result in an arrest or conviction. *United States v. Birney*, 686 F.2d 102, 108 (2nd Cir. 1982) (permitting questioning regarding defendant's loan applications in which she failed to disclose certain liabilities); *United*

9

*States v. Bynum*, 566 F.2d 914, 919 (5th Cir.) (permitting questions regarding defendant's alleged theft of an airplane and his alleged planned theft of a trailer load of hams.)

In this case, in which Plaintiff's prior and subsequent bad acts are relevant, recent and material to his claims, it should be admitted so that the trier of fact can make informed and reasoned determinations about the evidence, the witnesses, and Plaintiff's allegations.

## III.   CONCLUSION

Based on the foregoing, Plaintiff's Motion in Limine No. 1 should be denied.

DATED: May 30, 2025          WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
KRISTEN R. RODRIGUEZ
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CORRIN CASSIDY, and CAMERON STANLEY