LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (Bar No. 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

LAW OFFICE OF SHARON J. BRUNNER
Sharon J. Brunner, Esq. (Bar No. 229931)
sharonjbrunner@yahoo.com
14393 Park Ave., Suite 100
Victorville, CA 92392
Tel: (760) 243-9997 / Fax: (760) 843-8155

LAW OFFICE OF JAMES TERRELL
James S. Terrell, Esq. (Bar No. 170409)
jim@talktoterrell.com
15411 Anacapa Rd.
Victorville, CA 92392
Tel: (760) 951-5850 / Fax: (760) 952-1085

Attorneys for Plaintiff, Todderick Randall

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODDERICK RANDALL, individually, | Case No. 5:24-cv-00086-SSS (SPx) |
| Plaintiff, | *Assigned to*: Hon. District Judge Sunshine S. Sykes Hon. Magistrate Judge Sheri Pym |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION IN LIMINE NO. 2 TO EXCLUDE STATEMENTS BY TRIAL COUNSEL DALE GALIPO RE: HIS RELATIONSHIP WITH LAW ENFORCEMENT OFFICERS AND RE: DEFENDANTS ALLEGED FAILURE TO TAKE RESPONSIBILITY (DKT. 42)** |
| COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; CAMERON STANLEY and DOES 1-10, inclusive, | |
| Defendants. | Hearing:    June 20, 2025 Time:       2:00 p.m. Dept:       2 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

By way of their Motion *in Limine* No. 2, Defendants seek to exclude Plaintiff's lead trial counsel, Dale Galipo, from making any statements regarding his relationship with law enforcement and regarding Defendants' alleged failure to take responsibility for their actions at issue in this litigation. Plaintiff hereby opposes Defendants' Motion *in Limine* No. 2 for the reasons set forth herein and the reasons to be articulated at the June 20, 2025, hearing on the Parties' motions *in limine*.

### II.    LEGAL STANDARD

To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec.Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004); *Kiswani v. Phoenix Sec. Agency, Inc., 247 F.R.D. 554* (N.D.Ill.2008); *Wilkins v. K-Mart Corp.*, 487 F.Supp.2d 1216, 1218-19 (D.Kan.2007); *Allen v. City of N.Y.*, 466 F.Supp.2d 545, 548 (S.D.N.Y.2006). Although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins*, 487 F.Supp.2d at 1219; *see also Hays v. Clark County Nev.*, 2008 WL 2372295 at *7 (D. Nev. June 6, 2008).

Because Defendants cannot show that the evidence they seek to exclude is inadmissible on "all potential grounds," this Court should deny Defendants' Motion in Limine No. 2.

### III.    DISCUSSION

#### a.    Mr. Galipo Should Not be Precluded From Stating that Some of His Best Friends are Police Officers

Defendants cite no authority to support their assertion that Mr. Galipo should be precluded from telling the jury pool, "some of my best friends are police officers."  Defendants' Motion ignores the context within which Mr. Galipo may

make such a statement and fails to acknowledge the manner in which such a statement is helpful to eliminating jurors who may have a bias that would prevent them from being impartial.  Plaintiff does not contend that any statement such as "some of my best friends are police officers" is relevant to any factual issue the jury must decide.  Rather, Mr. Galipo intends to make such a statement (1) during voir dire to encourage potential jurors to open up and discuss their own relationships with law enforcement; and (2) during his opening statement and/or closing argument to remind the jurors to focus on the facts of this particular case rather than conduct by law enforcement generally.

First, it is common for attorneys to talk about themselves during voir dire to encourage potential jurors to reveal their biases.  This is particularly important in cases involving law enforcement defendants, where potential jurors may have strong feelings about law enforcement.  Mr. Galipo revealing to jurors that he has friends who are law enforcement officers will encourage potential jurors to share whether they have close relationships with law enforcement officers.  This statement will also help potential jurors evaluate whether they can still be fair and listen to both sides even if they also have friends who are police officers, or even if they have had negative experiences with law enforcement.

Additionally, stating that he has friends who are police officers will remind the jury that this case is not about whether people should or should not support police officers in general.  Such a statement would serve to remind jurors that the police in general are not on trial, and this case is not about general police misconduct. Referencing personal relationships with law enforcement would create a neutral playing field where jurors might otherwise form the misimpression that Mr. Galipo is generally against the police.

Contrary to Defendants' Motion, such a statement is completely innocuous and is not prejudicial to Defendants.  The jury will be instructed that an "opening

statement is not evidence." (Ninth Cir. Manual of Model Civil Jury Instructions, 1.21).  The jury will also be instructed that "[a]rguments and statements by lawyers are not evidence." (Ninth Cir. Manual of Model Civil Jury Instructions, 1.10). The presumption is that the jurors will follow these jury instructions and will not consider any statement by Mr. Galipo regarding his relationship with police officers as evidence. *United States v. Ovsepian*, 113 F.4th 1193, 1201 (9th Cir. 2024).

### b. Mr. Galipo Should Not be Precluded from Stating that Defendants Failed to Take Responsibility and Forced Plaintiff to Try the Case

Mr. Galipo's anticipated statement that defendants failed to take responsibility and forced Plaintiff to try the case does not run afoul of Federal Rules of Evidence, Rule 408.  Defendants are indeed denying all liability in this case, as reflected in their Motion for Summary Judgment.  It is also anticipated that Defendants' proposed Statement of the Case and proposed jury instruction "Claims and Defenses" will clearly state that Defendants are disputing Plaintiff's claims and denying all liability in this case.  Regardless of Mr. Galipo's statements, the jury will understand that the case proceeded to trial because Defendants did not accept liability in this case.

Plaintiff's counsel does not intend to make any statements that would violate Rule 408, including not stating the amount of any settlement offer or revealing any discussions that took place during the mediation.  Defendants' request to preclude language that Defendants failed to take responsibility is overly broad.

Any statement by Plaintiff's counsel that Defendants forced the case to trial and refused to accept liability, or words to that effect, is not prejudicial to Defendants.  Defendants' concern that this statement will imply that Defendants did something improper is illogical, as Plaintiff and his counsel will obviously be presenting evidence and argument to the jury that the uses of force by the Defendant Deputies was inappropriate under the circumstances facing the Defendant Deputies

at the time of their uses of force. Reminding the jury that Defendants had an opportunity to take responsibility but instead chose to deny any and all liability for their uses of force against Plaintiff is simply an accurate statement that explains to the jury that Defendants chose to stand by their actions and assert that their uses of force against Plaintiff were reasonable under the circumstances.

## IV. CONCLUSION

Accordingly, for the reasons set forth herein and the reasons to be articulated at the June 20, 2025, hearing on the Parties' motions *in limine*, this Court should deny Defendants' Motion *in Limine* No. 2.


DATED: May 30, 2025                    LAW OFFICES OF DALE K. GALIPO


                                       By:   *s/ Renee V. Masongsong*
                                             Dale K. Galipo
                                             Renee V. Masongsong
                                             *Attorneys for Plaintiff*